ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**STATE OF SOUTH CAROLINA**

**COUNTY OF LAURENS**

LAURENS COUNTY WATER AND SEWER DIVISION,

*Plaintiff,*

v.

CONE MILLS RECEIVER, LLC; CRYOVAC, INC.; CRYOVAC, LLC; FIRSTSOURCE WORLDWIDE, LLC; FITESA SIMPSONVILLE, INC.; MILLIKEN & COMPANY; OPPERMAN WEBBING, INC.; T&S BRASS AND BRONZE WORKS, INC.; UNICHEM SPECIALTY CHEMICALS, LLC,

*Defendants.*

**IN THE COURT OF COMMON PLEAS**

**EIGHTH JUDICIAL CIRCUIT**

C.A. No. 2024-CP-24-00734

**FITESA SIMPSONVILLE, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Fitesa Simpsonville, Inc. ("Fitesa") hereby submits its Answer to plaintiff's Amended Complaint ("Complaint").

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted, entitling defendant to dismissal of the Complaint pursuant to Rule 12.

## SECOND DEFENSE

Each and every allegation of plaintiff's Complaint that is not hereinafter expressly admitted, modified, qualified, or explained including, without limitation, in the introductory paragraph of the complaint and in the prayer for relief, is denied and strict proof thereof is demanded. Fitesa also notes that, to the extent allegations are made as to other defendants, Fitesa lacks sufficient knowledge to respond, and therefore denies all such allegations.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**STATEMENT OF THE CASE**

1.      Fitesa denies all allegations in Paragraph 1 of the Complaint that relate to Fitesa or purport to allege liability against Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

2.      Fitesa denies all allegations in Paragraph 2 of the Complaint that relate to Fitesa or purport to allege liability against Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

3.      Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

4.      Fitesa admits that it owns and operates a production plant that discharges water to a wastewater treatment plant ("WWTP").  Fitesa denies that it discharges wastewater directly to the WWTPs identified in Paragraph 4.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those

2

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

allegations are denied. Except as expressly admitted, the remaining allegations of Paragraph 4 of the Complaint are denied.

5.     Fitesa denies the allegations in Paragraph 5 of the Complaint as they relate to Fitesa's discharge of wastewater and wastewater treatment.  The remaining allegations of Paragraph 5 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa denies that it discharges wastewater directly to the WWTPs identified in Paragraph 4.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Except as expressly admitted, the allegations of Paragraph 5 of the Complaint are denied.

6.     Fitesa denies the allegations in Paragraph 6 of the Complaint as they relate to PFAS. Fitesa denies that it discharges wastewater directly to the WWTPs identified in Paragraph 4.  The allegations of Paragraph 6 of the Complaint contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, and therefore the allegations are denied.

7.     The allegations of Paragraph 7 of the Complaint are conclusions of law to which no response is required and, to the extent a response is require, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**DISCLAIMER**

8.      The allegations of Paragraph 8 do not pertain to Fitesa, therefore no response from Fitesa is required.  To the extent a response is deemed to be required, Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore the allegations are denied.  The remaining allegations of Paragraph 5 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

9.      The allegations of Paragraph 9 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 9 of the Complaint are denied.

**JURISDICTION AND VENUE**

10.      The allegations of Paragraph 10 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 10 of the Complaint are denied.

11.      The allegations of Paragraph 11 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 11 of the Complaint are denied.

12.      The allegations of Paragraph 12 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 12 of the Complaint are denied.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**PARTIES**

13.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

14.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

15.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore the allegations are denied.

16.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

17.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

18.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

19.     Fitesa admits it is a Delaware corporation authorized to do business in South Carolina.  Fitesa further admits it maintains a production plant located at 840 S.E. Main Street, Simpsonville, South Carolina 29681.  Except as expressly admitted, the remaining allegations of Paragraph 19 of the Complaint are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

20.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

21.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

22. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

23. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

## FACTUAL ALLEGATIONS

24. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore the allegations are denied.

25. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore the allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

26. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

27. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore the allegations are denied.

28. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore the allegations are denied.

29. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore the allegations are denied.

30. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore the allegations are denied.

31. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore the allegations are denied.

32. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore the allegations are denied.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

33.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

34.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

35.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

36.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

37.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to

PPAB 11796569v2

the extent a response is required, those allegations are denied. Any remaining allegations are denied.

38.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

39.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

40.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

41.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

42.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

43.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

44.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

45.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore the allegations are denied.

46.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore the allegations are denied.

47.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore the allegations are

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

48. Fitesa admits it owns and operates a production plant, but denies its plant is located near Laurens County. Fitesa further admits its plant generates wastewater that it discharges to a WWTP. Fitesa denies it discharges wastewater directly to the WWTPs listed in Paragraph 48. Fitesa further denies it utilizes products that contain or degrade to PFOS, PFOA, PFHxS, PFNA, PFBS, and/or PFAS chemicals. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

49. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

50. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore the allegations are

12

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

51.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

52.     Fitesa denies the allegations in Paragraph 52 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

53.     Fitesa denies the allegations in Paragraph 53 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

54.     Fitesa denies the allegations in Paragraph 54 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

55.     Fitesa denies the allegations of Paragraph 55 of the Complaint as they relate to Fitesa.  The allegations of Paragraph 55 of the Complaint contain conclusions of law to which no response is required and, to the extent a response is required, the allegations are denied.

56.     Fitesa denies the allegations in Paragraph 56 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

## FIRST CAUSE OF ACTION
### Private Nuisance

57.     Fitesa incorporates its responses to Paragraphs 1- 56 of the Complaint by reference as if fully set forth herein.

58.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and therefore the allegations are denied.

59.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to

14

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, those allegations are denied. Any remaining allegations are denied.

60.     The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

61.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

62.     Fitesa denies the allegations in Paragraph 62 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

63.     Fitesa denies the allegations in Paragraph 63 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

15

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

64. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

65. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

66. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

67. Fitesa denies the allegations in Paragraph 67 of the Complaint, including subparagraphs 67(a) and (b), as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

68. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## SECOND CAUSE OF ACTION
**Public Nuisance**

69.     Fitesa incorporates its responses to Paragraphs 1-68 of the Complaint by reference as if fully set forth herein.

70.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

71.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint, and therefore the allegations are denied.

72.     Fitesa denies the allegations in Paragraph 72 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

73.     Fitesa denies the allegations in Paragraph 73 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

74.     The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge

17

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

75. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

76. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

77. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

78. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

79. Fitesa denies the allegations in Paragraph 79 of the Complaint as they relate to Fitesa. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the Complaint, including subparts (a) and (b), and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

80.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

### THIRD CAUSE OF ACTION
#### Trespass

81.    Fitesa incorporates its responses to Paragraphs 1-80 of the Complaint by reference as if fully set forth herein.

82.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

83.    Fitesa denies the allegations in Paragraph 83 of the Complaint as they relate to Fitesa. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the Complaint, including subparts (a)-(d), and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to

19

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

84.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

85.     Fitesa denies the allegations in Paragraph 85 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

86.     Fitesa denies the allegations in Paragraph 86 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

87.     The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

88.     The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge

20

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

89. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

## FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

90. Fitesa incorporates its responses to Paragraphs 1-89 of the Complaint by reference as if fully set forth herein.

91. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

92. Fitesa denies the allegations in Paragraph 92 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

93. Fitesa denies the allegations in Paragraph 93 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

94.     The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

95.     The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Responding to the unnumbered paragraph beginning with WHEREFORE, Fitesa denies Plaintiff is entitled to the relief sought therein, including subparts (a)-(h).  Fitesa also denies any allegations therein.

## AFFIRMATIVE DEFENSES

### For a Second Defense
### (License)

Fitesa's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Fitesa has been compliant.  Accordingly, Fitesa pleads license as an affirmative defense to Plaintiff's claims.

### For a Third Defense
### (Failure to State a Cause of Action)

Plaintiff has failed to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Fourth Defense**
**(Ripeness)**

Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute. Plaintiff alleges that it will be required to incur costs at some future date if the United States Environmental Protection Agency requires plaintiff to upgrade its systems to treat PFAS. Until these costs are incurred, Plaintiff cannot recover.

Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency has set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

**For a Fifth Defense**
**(Lack of Standing)**

Plaintiff also lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine because: (1) the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine; and (2) does not have exclusive jurisdiction over the resources at issue, or only has partial jurisdiction over such resources and has failed to join other necessary trustees in this action.

Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Sixth Defense**
**(No Cognizable Injury)**

Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

**For a Seventh Defense**
**(Speculative Damages)**

Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

**For an Eighth Defense**
**(Statute of Limitations/Repose)**

Plaintiff's claims are barred, in whole or in part, by the applicable statues of limitations or repose.

**For a Ninth Defense**
**(Failure to Name an Indispensable Party)**

Plaintiff has failed to name all necessary and indispensable parties in its action.

**For a Tenth Defense**
**(No Duty)**

Plaintiff's claims are barred, in whole or in part, because Fitesa does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

**For an Eleventh Defense**
**(Exercise of Due Care)**

Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Fitesa exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Twelfth Defense**
**(No Proximate Cause)**

Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Fitesa proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

**For a Thirteenth Defense**
**(Intervening Acts)**

Upon information and belief, Plaintiff's injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of others, including Plaintiff, over which Fitesa had no control, thereby precluding any recovery against Fitesa.

**For a Fourteenth Defense**
**(Comparative Fault)**

Even assuming Fitesa was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed to the cause of Plaintiff's alleged damages.  For that reason, Fitesa is not liable to Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

**For a Fifteenth Defense**
**(Punitive Damages)**

Plaintiff's claims for punitive damages are violative of both the United States Constitution and the South Carolina Constitution, and Defendants plead that sections 15-32-530 et seq., of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

Plaintiff also fails to state any basis upon which punitive damages are recoverable against Defendants and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

stricken from the claims pursuant to Rule 12(b)(6) and/or Rule 12(f) of the South Carolina Rules of Civil Procedure.

Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

### For a Sixteenth Defense
### (Plaintiff's Own Conduct)

Any damages suffered by Plaintiff, which such damages are expressly denied, are the direct and proximate result of Plaintiff's own conduct, and recovery should be barred or, alternatively, reduced in proportion to the same degree as to Plaintiff's comparative fault.

### For a Seventeenth Defense
### (Failure to Mitigate)

Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Fitesa.

### For an Eighteenth Defense
### (Set-Off)

Fitesa is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

### For a Nineteenth Defense
### (Lack of Control)

Plaintiff's claims are barred, in whole or in part, because Fitesa did not own, operate, or otherwise control the facilities or activities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Twentieth Defense**
**(Lack of Traceability)**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Fitesa.

**For a Twenty-First Defense**
**(Lack of Scientific Evidence)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish exposure to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

**For a Twenty-Second Defense**
**(Lack of Foreseeability)**

Any damages Plaintiff may have suffered (which are expressly denied) were not reasonably foreseeable by Fitesa at the time of the conduct alleged.

**For a Twenty-Third Defense**
**(Unjust Enrichment)**

Plaintiff's claims against Fitesa are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. 300f to 300j.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### For a Twenty-Fourth Defense
### (Preemption or Preclusion by State or Federal Law)

Plaintiff's claims are pre-empted or otherwise precluded by State and Federal law to the extent Plaintiffs seek recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. 300f to 300j and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 et seq.

### For a Twenty-Fifth Defense
### (State of the Art)

Plaintiff's claims are barred, in whole or in part, because Fitesa neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Fitesa at all times relevant to the claims or causes of action asserted by Plaintiff.

Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Fitesa, throughout the relevant and material time period, conformed to the then existing custom and practice, and Fitesa exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

### For a Twenty-Sixth Defense
### (Separation of Power)

Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907).

PPAB 11796569v2

The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

## For a Twenty-Seventh Defense
### (Open and Obvious Conditions)

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

## For a Twenty-Eighth Defense
### (Voluntary Exposure)

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure.

## For a Twenty-Ninth Defense
### (Coming to the Alleged Nuisance)

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the alleged nuisance.

## For a Thirtieth Defense
### (Assumption of the Risk)

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of assumption of risk.

## For a Thirty-First Defense
### (Election of Remedies)

Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

## For a Thirty-Second Defense
### (Public Necessity)

Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

29

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Thirty-Third Defense**
**(Compliance with Law)**

Fitesa is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

**For a Thirty-Fourth Defense**
**(Equitable Defenses)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands.

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

**For a Thirty-Fifth Defense**
**(CERCLA)**

Plaintiff's alleged claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. 44-56-10 et seq. to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

**For a Thirty-Sixth Defense**
**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims are barred because it failed to exhaust administrative remedies.

30

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Thirty-Seventh Defense**
**(Proportionate Share)**

Plaintiff is not entitled to recover from Fitesa more than Fitesa's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Fitesa more than the amount of such relief, if any, for which Fitesa is liable.

**For a Thirty-Eighth Defense**
**(Retroactive Application of Law/Ex Post Facto Doctrine)**

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.

Fitesa may not be held liable under retroactive theories not requiring proof of fault or causation.

**For a Thirty-Ninth Defense**
**(Adequate Remedy at Law)**

All claims for injunctive relief in Plaintiff's Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

**For a Fortieth Defense**
**(Necessary Expenses)**

Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

**For a Forty-First Defense**
**(Double Recovery)**

The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Forty-Second Defense**
**(40 C.F.R. § 403.5(a)(2))**

Plaintiff's claims are barred, in whole or in part, because Fitesa did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

**For a Forty-Third Defense**
**(Municipal Cost Recovery Rule)**

Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule or the free public services doctrine. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

**For a Forty-Fourth Defense**
**(Sophisticated User)**

Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

**For a Forty-Fifth Defense**
**(Contribution)**

Although Fitesa denies any liability, should Fitesa, or any other party, be found liable for the damages alleged in the Amended Complaint, then the liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq*.

**For a Forty-Sixth Defense**
**(Mitigation and/or Avoidance of Damages)**

Plaintiff's claims against Fitesa are barred, in whole or in part, because Plaintiff failed to exercise reasonable diligence in mitigating and/or avoiding any alleged damages.

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Forty-Seventh Defense**
**(No Interference)**

Plaintiff's nuisance claims are barred, in whole or in part, because Fitesa did not cause an unreasonable and substantial interference with Plaintiff's enjoyment of its property or with a right common to the general public.

**For a Forty-Eighth Defense**
**(Incorporation)**

Fitesa asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

**For a Forty-Ninth Defense**
**(Reservation)**

Fitesa has not completed its investigation of Plaintiff's allegations. Fitesa intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding the allegations contained in Plaintiff's Complaint. Thus, Fitesa hereby gives notice of its intent to assert any further affirmative defenses that Fitesa may learn to be supported by facts and law, including but not limited to, that this action is barred in whole or in any part by any applicable statute, contract, release, covenant, or by the doctrine of laches. Fitesa reserve the right to amend this Answer to assert any such defenses.

**WHEREFORE**, having fully answered the Amended Complaint, Fitesa prays that the Court award it the following relief in favor of Fitesa:

1. Dismiss the Amended Complaint with prejudice;

2. Declare that Plaintiff is entitled to no damages, recovery and/or any other relief as to Fitesa;

3. That Fitesa be awarded its attorneys' fees, costs, and expenses associated with defending this action;

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

4. For such other and further relief in favor of Fitesa as the Court may deem just and proper; and

5. For a trial by jury on all issues so triable.

This 30th day of April, 2025.

/s/ *Steven D. Weber*
Steven D. Weber
S.C. State Bar No. 16917
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon St., Ste. 800
Charlotte, North Carolina 28202
Tel.: (704) 372-9000
Email: steveweber@parkerpoe.com

Kevin A. Dunlap
SC State Bar No. 13081
Parker Poe Adams & Bernstein LLP
110 East Court Street, Suite 200
Greenville, SC 29601
Telephone: (864) 577-6370
Email: kevindunlap@parkerpoe.com

Robert H. Jordan
SC State Bar No. 13612
PARKER POE ADAMS & BERNSTEIN LLP
850 Morrison Drive, Suite 400
Charleston, South Carolina 29403
Phone: 843-727-2650
E-mail: robertjordan@parkerpoe.com

*Attorneys for Defendants*

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 Apr 30 4:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served counsel for the opposing party with a copy of the foregoing **Defendant Fitesa Simpsonville, Inc.'s Answer to Plaintiff's Amended Complaint** via e-mail to all attorneys of record identified as service contacts therein and by placing a copy of the same in the U.S. Mail with sufficient postage affixed thereto addressed to the following:

John B. White, Jr.
Marghretta H. Shisko
Christopher R. Jones
Griffin L. Lynch
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302

*Attorneys for Plaintiff*

This 30th day of April, 2025.

/s/ *Steven D. Weber*
Steven D. Weber
S.C. State Bar No. 16917
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon St., Ste. 800
Charlotte, North Carolina 28202
Tel.: (704) 372-9000
Email: steveweber@parkerpoe.com

PPAB 11796569v2

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734



| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF LAURENS | ) | EIGHTH JUDICIAL CIRCUIT |
| | ) | |
| LAURENS COUNTY WATER AND SEWER COMMISSION, | ) | C.A. No.:  2024-CP-30-00734 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONE MILLS RECEIVER, LLC; CRYOVAC, INC.; CRYOVAC, LLC; FIRSTSOURCE WORLDWIDE, LLC; FITESA SIMPSONVILLE, INC.; MILLIKEN & COMPANY; OPPERMANN WEBBING, INC.; T&S BRASS AND BRONZE WORKS, INC.; UNICHEM SPECIALTY CHEMICALS, LLC, | ) | **DEFENDANT FIRST SOURCE WORLDWIDE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Defendant First Source Worldwide, LLC ("First Source" or the "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Amended Complaint (the "Complaint") filed by the Plaintiff, Laurens County Water and Sewer Commission ("Laurens County" or the "Plaintiff"), respectfully stating as follows:

## STATEMENT OF THE CASE

1.    First Source denies each and every allegation contained in Paragraph 1.

2.    First Source denies each and every allegation contained in Paragraph 2.

3.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 3.

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

4.      In response to Paragraph 4 of the Complaint, First Source admits that it owns and operates a facility in Greenville, South Carolina where it manufactures a variety of chemicals, colorants, and other products, and that it utilizes the Lower Reedy Wastewater Treatment Plant to treat wastewater effluent.  First Source denies the remaining allegations in Paragraph 4 of the Complaint.  Except as expressly admitted herein, the allegations of Paragraph 4 are denied.

5.      First Source denies each and every allegation contained in Paragraph 5.

6.      First Source denies each and every allegation contained in Paragraph 6.

7.      In response to Paragraph 7, First Source admits that Plaintiff seeks to recover the alleged damages and other relief stated, but denies that First Source has committed any wrongful act or violated any law, denies that Plaintiff is entitled to any legal, equitable, or other relief in regard to any conduct on the part of First Source, including injunctive or other relief, compensatory or punitive damages, or any other damages or other relief, and asks the Court to dismiss the Plaintiff's Complaint in its entirety.

**DISCLAIMER**

8.      First Source states that Paragraph 8 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 8.

9.      First Source states that Paragraph 9 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 9.

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## JURISDICTION AND VENUE

10.     First Source states that Paragraph 10 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 10.

11.     First Source states that Paragraph 11 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 11.

12.     First Source states that Paragraph 12 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 12.

## PARTIES

**I.     Plaintiff**

13.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 13.  To the extent that a response is required, First Source denies the allegations.

14.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14.  To the extent that a response is required, First Source denies the allegations.

15.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 15.  To the extent that a response is required, First Source denies the allegations.

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP300734

## II.     Defendants

16.     First Source states that the allegations contained in Paragraph 16 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 16, and therefore denies the allegations.

17.     First Source states that the allegations contained in Paragraph 17 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 17, and therefore denies the allegations.

18.     In response to Paragraph 18 of the Complaint, First Source admits that it is a Wisconsin Limited Liability Company that owns and operates a facility in Greenville, South Carolina where it manufactures a variety of chemicals, colorants, and other products, and that it utilizes the Lower Reedy Wastewater Treatment Plant to treat wastewater effluent.  Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 18.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 18.

19.     First Source states that the allegations contained in Paragraph 19 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 19, and therefore denies the allegations.

20.     First Source states that the allegations contained in Paragraph 20 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

4

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 20, and therefore denies the allegations.

21. First Source states that the allegations contained in Paragraph 21 are not directed at First Source, and therefore do not require a response from First Source. To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 21, and therefore denies the allegations.

22. First Source states that the allegations contained in Paragraph 22 are not directed at First Source, and therefore do not require a response from First Source. To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 22, and therefore denies the allegations.

23. First Source states that the allegations contained in Paragraph 23 are not directed at First Source, and therefore do not require a response from First Source. To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 23, and therefore denies the allegations.

## FACTUAL ALLEGATIONS

**I.    Background and Hazards of PFAS**

24. First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 24. To the extent that a response is required, First Source denies the allegations.

25. First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 25. To the extent that a response is required, First Source denies the allegations.

5

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

26.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 26.  To the extent that a response is required, First Source denies the allegations.

27.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 27.  To the extent that a response is required, First Source denies the allegations.

28.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 28.  To the extent that a response is required, First Source denies the allegations.

29.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 29.  To the extent that a response is required, First Source denies the allegations.

30.     First Source states that the materials referenced in Paragraph 30 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 30.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 30.

31.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 31.  To the extent that a response is required, First Source denies the allegations.

6

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP300734

32.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 32.  To the extent that a response is required, First Source denies the allegations.

33.    First Source states that the advisories referenced in Paragraph 33 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 33.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 33.

34.    First Source states that the advisories referenced in Paragraph 34 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 34.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 34.

35.    First Source states that the materials referenced in Paragraph 35 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 35.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 35.

36.    First Source states that the advisories referenced in Paragraph 36 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 36. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 36.

37. First Source states that the advisories referenced in Paragraph 37 speak for themselves and denies any mischaracterizations of the same. Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 37. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 37.

38. First Source states that the materials referenced in Paragraph 38 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 38 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 38. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 38.

39. First Source states that the materials referenced in Paragraph 39 speak for themselves and denies any mischaracterizations of the same. Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 39. To the extent that a response is required, First Source denies the

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 39.

40.     First Source states that the materials referenced in Paragraph 40 speak for themselves and denies any mischaracterizations of the same.  First Source states that the allegations contained in Paragraph 40 are also legal conclusions, to which no response is required.  To the extent that a response is required, First Source denies the allegations.  Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 40.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 40.

41.     First Source states that the materials referenced in Paragraph 41 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 41.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 41.

42.     First Source states that the materials referenced in Paragraph 42 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 42.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 42.

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

43.     First Source states that the materials referenced in Paragraph 43 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 43 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 43. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 43.

44.     First Source states that the materials referenced in Paragraph 44 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 44 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 44. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 44.

## II.     Contamination of Lake Greenwood and Plaintiff's Water Supply with PFAS

45.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 45. To the extent that a response is required, First Source denies the allegations.

46.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 46. To the extent that a response is required, First Source denies the allegations.

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

47. First Source denies the allegations contained in the last sentence of Paragraph 47. First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 47. To the extent that a response is required, First Source denies the allegations.

48. In response to Paragraph 48 of the Complaint, First Source admits that it owns and operates a facility in Greenville, South Carolina where it manufactures a variety of chemicals, colorants, and other products, and that it utilizes the Lower Reedy Wastewater Treatment Plant to treat wastewater effluent. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 48. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 48.

49. First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 49. To the extent that a response is required, First Source denies the allegations.

50. First Source denies the allegations contained in the last sentence of Paragraph 50 as it pertains to First Source. First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 50. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations in Paragraph 50.

51. First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 51. To the extent that a response is required, First Source denies the allegations.

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

52.    First Source denies the allegations contained in Paragraph 52 as it pertains to First Source.  First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 52.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations in Paragraph 52.

### III.    Defendants have harmed Plaintiff and Plaintiff's community.

53.    First Source denies each and every allegation contained in Paragraph 53.

54.    First Source denies each and every allegation contained in Paragraph 54.

55.    First Source denies each and every allegation contained in Paragraph 55.

56.    First Source denies each and every allegation contained in Paragraph 56.

### FIRST CAUSE OF ACTION

### Private Nuisance

57.    First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

58.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 58.  To the extent that a response is required, First Source denies the allegations.

59.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 59.  To the extent that a response is required, First Source denies the allegations.  Responding further, First Source states that the allegations contained in Paragraph 59 are also legal conclusions, to which no response is required.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 59.

60.    First Source denies each and every allegation contained in Paragraph 60.

12

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

61.    First Source denies each and every allegation contained in Paragraph 61.

62.    First Source denies each and every allegation contained in Paragraph 62.

63.    First Source denies each and every allegation contained in Paragraph 63.

64.    First Source denies each and every allegation contained in Paragraph 64.

65.    First Source denies each and every allegation contained in Paragraph 65.

66.    First Source denies each and every allegation contained in Paragraph 66.

67.    First Source denies each and every allegation contained in Paragraph 67, including the subparts contained therein.

68.    First Source denies each and every allegation contained in Paragraph 68.

## SECOND CAUSE OF ACTION

### Public Nuisance

69.    First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

70.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 70. To the extent that a response is required, First Source denies the allegations.

71.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 71. To the extent that a response is required, First Source denies the allegations.

72.    First Source denies the allegations contained in the second part of the first sentence of Paragraph 72 and the second sentence of Paragraph 72 as it pertains to First Source. First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 72. Responding further, First Source states that the remaining allegations

13

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

contained in Paragraph 72 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 72.

73.     First Source denies each and every allegation contained in Paragraph 73.

74.     First Source denies each and every allegation contained in Paragraph 74.

75.     First Source denies each and every allegation contained in Paragraph 75.

76.     First Source denies each and every allegation contained in Paragraph 76.

77.     First Source denies each and every allegation contained in Paragraph 77.

78.     First Source denies each and every allegation contained in Paragraph 78.

79.     First Source denies each and every allegation contained in Paragraph 79, including the subparts contained therein.

80.     First Source denies each and every allegation contained in Paragraph 80.

### THIRD CAUSE OF ACTION

**Trespass**

81.     First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

82.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 82. Responding further, First Source states that the allegations contained in Paragraph 82 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations.

83.     First Source denies each and every allegation contained in Paragraph 83, including the subparts contained therein.

14

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

84.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 84.  Responding further, First Source states that the allegations contained in Paragraph 84 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 84.

85.     First Source denies each and every allegation contained in Paragraph 85.

86.     First Source denies each and every allegation contained in Paragraph 86.

87.     First Source denies each and every allegation contained in Paragraph 87.

88.     First Source denies each and every allegation contained in Paragraph 88.

89.     First Source denies each and every allegation contained in Paragraph 89.

## FOURTH CAUSE OF ACTION

### Negligence, Gross Negligence, and/or Recklessness

90.     First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

91.     In response to Paragraph 91, First Source admits to only those duties imposed under the law and states that it complied with all such duties as they may have applied to the Plaintiff. First Source denies each and every remaining allegations contained in Paragraph 91.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 91.

92.     First Source denies each and every allegation contained in Paragraph 92.

93.     First Source denies each and every allegation contained in Paragraph 93.

94.     First Source denies each and every allegation contained in Paragraph 94.

95.     First Source denies each and every allegation contained in Paragraph 95.

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## PRAYER FOR RELIEF

In response to the unnumbered Paragraph appearing under the heading "PRAYER FOR RELIEF" below Paragraph 95 of the Complaint, and the subparts contained therein, First Source denies that it has committed any wrongful act or violated any law, denies that Plaintiff is entitled to any judgment or decree in its favor, denies that Plaintiff is entitled to any legal, equitable, or other relief in regard to any conduct on the part of First Source, including injunctive, declaratory, or other relief, compensatory or punitive damages, attorneys' fees, costs, or other litigation expenses, or any other damages or other relief, and asks the Court to dismiss the Plaintiff's Complaint in its entirety.

## AFFIRMATIVE DEFENSES

For its affirmative and other defenses, First Source states as follows.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and First Source is not liable for the matters alleged therein.

## SECOND DEFENSE

Plaintiff lacks standing to initiate this action.

## THIRD DEFENSE

Plaintiff lacks authority and/or standing to bring any claim predicated upon alleged injury to the public at large.

## FOURTH DEFENSE

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, statutes of repose, or rules of repose, or violate the doctrine of laches, they are time barred.

16

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### FIFTH DEFENSE

The claims asserted by Plaintiff against First Source may be barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands, and release. Moreover, as a result of such prior proceedings, Plaintiff may not be the real party in interest to bring the present claims and therefore lacks standing to pursue the claims.

### SIXTH DEFENSE

Plaintiff's claims against First Source are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, speculative or abstract dispute. Plaintiff alleges that it may be required to incur costs at some future date if the United States Environmental Protection Agency requires Plaintiff to upgrade its treatment systems to treat PFAS. However, until such costs are actually incurred, Plaintiff lacks any cognizable damages and cannot recover. Plaintiff's claims therefore are premature to the extent that neither the State nor the Environmental Protection Agency has set final and presently enforceable water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate in determining whether natural resources have been injured.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including *res judicata*, collateral estoppel, and judicial estoppel), preclusion, release, consent, ratification, acquiescence, novation, accord and satisfaction, and/or unclean hands.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the principles of equity.

17

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## NINTH DEFENSE

Plaintiff's claims fail to the extent that they are preempted, either in whole or in part, by federal law.

## TENTH DEFENSE

First Source pleads privilege, justification, and/or immunity, and further avers that First Source at all times acted in accordance with any and all applicable permits and/or licenses.

## ELEVENTH DEFENSE

First Source avers that this action should be dismissed to the extent that Plaintiff has failed to join necessary and/or indispensable parties.

## TWELFTH DEFENSE

Plaintiff is a governmental and/or special purpose entity, and therefore is barred from recovery in tort for any expenditures made in the performance of governmental functions such as the provision of potable water to county residents.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent barred by the municipal cost recovery rule and/or the free public services doctrine.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims are not amenable to judicial resolution to the extent barred by the primary jurisdiction doctrine.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent barred based on Plaintiff's failure to exhaust administrative remedies.

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### SIXTEENTH DEFENSE

First Source pleads the defense of lack of causation, as there is an insufficient causal relation between its conduct and Plaintiff's alleged damages, if any, to establish liability against First Source with respect to any of Plaintiff's claims.

### SEVENTEENTH DEFENSE

Plaintiff's injuries, if any, were the result of an independent, intervening, or superseding cause, or the acts or omissions of other parties or third parties over which First Source had no responsibility or control, and/or who were acting beyond the scope or supervision of First Source, and for whom First Source is not responsible nor may be held liable.

### EIGHTEENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which First Source denies, was due to the affirmative actions and/or omissions of Plaintiff and/or third parties for whom First Source is not responsible and thus does not give rise to any liability of First Source.

### NINETEENTH DEFENSE

Plaintiff's alleged damages, if any, were caused by Plaintiff's actions when Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in the Complaint and, therefore, Plaintiff is not entitled to recover any damages or other relief from First Source. Plaintiff's claims are barred, in whole or in part, because of, among other things, the doctrines of assumption of risk, coming to the alleged nuisance, and/or the prior nuisance doctrine.

### TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged damages and injuries, if any, were caused, in whole or in part, by Plaintiff's own negligence, carelessness, recklessness,

19

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP300734

willfulness, and/or wantonness.  First Source therefore pleads the affirmative defense of contributory and/or comparative negligence.

## TWENTY-FIRST DEFENSE

First Source denies any and all liability with respect to Plaintiff's claims.  However, should First Source, or any other party, be found liable for any damages alleged in the Complaint, then any such liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq.*

## TWENTY-SECOND DEFENSE

First Source's actions have not been willful or wanton, let alone to the extent that they violate South Carolina or federal law.  Rather, First Source has at all times acted in good faith, without knowledge of any of the possible dangers alleged by Plaintiff, which First Source denies, and without malice or intent to injure Plaintiff.

## TWENTY-THIRD DEFENSE

First Source has acted in conformity and full compliance with all applicable state and federal laws, regulations, rules, permits, orders, government and industry standards, statutes, and statutory interpretations.  Plaintiff's claims are barred, in whole or in part, because First Source's conduct was in accord with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and because its activities in accordance with such standards were reasonable as a matter of law.  First Source at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff failed to mitigate Plaintiff's damages, if any, and/or failed to act with reasonable diligence.

20

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### TWENTY-FIFTH DEFENSE

Plaintiff's claimed damages are speculative, conjectural, remote, and not reasonably foreseeable.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent barred, in whole or in part, by the doctrines of recoupment and/or set-off.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff has failed to satisfy the prerequisites for injunctive relief, and/or to the extent that Plaintiff has an adequate remedy at law.

### TWENTY-EIGHTH DEFENSE

Plaintiff has suffered no injury or damages from the alleged conduct and/or violations of law by First Source, which First Source denies, and therefore to the extent requested, Plaintiff is not entitled to any award of damages, attorneys' fees, costs, equitable relief, and/or any other expenses or relief of any kind against First Source.

### TWENTY-NINTH DEFENSE

First Source avers that none of Plaintiff's claims against it could justify an award of punitive damages in this case, and that an award of punitive damages would serve no purpose for which punitive damages may be awarded in South Carolina.

### THIRTIETH DEFENSE

Plaintiff's claims for punitive damages against First Source cannot be upheld to the extent that they are a violation of any law passed by the United States Congress or the South Carolina

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Legislature limiting awards of punitive damages or the amount of such damages, including, but not limited to, S.C. Code Ann. § 15-32-530.

### THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages against First Source cannot be upheld because an award of punitive damages under South Carolina law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by South Carolina law would violate First Source's due process rights guaranteed by the United States Constitution and by the due process provisions of the South Carolina Constitution.

### THIRTY-SECOND DEFENSE

Plaintiff's claims for punitive damages against First Source cannot be upheld because any award of punitive damages under South Carolina law without bifurcating the trial of all punitive damages would violate First Source's due process rights guaranteed by the United States Constitution, the South Carolina Constitution, and S.C. Code Ann. § 15-32-520.

### THIRTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent that an award of any such punitive damages would violate or contravene the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), as well as any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

### THIRTY-FOURTH DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff's claims

22

ELECTRONICALLY FILED - 2025 May 12 3:26 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

for punitive damages are further barred, in whole or in part, to the extent that an award of any such punitive damages would be violative of the United States Constitution and/or the South Carolina Constitution.

### THIRTY-FIFTH DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff is not entitled to recover punitive damages pursuant to South Carolina law.

### RESERVATION OF DEFENSES

First Source reserves the right to assert additional defenses as discovery progresses.  To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

*s/ Paul D. Harrill*
Paul Harrill (S.C. Bar No. 15268)
BURR & FORMAN LLP
1221 Main Street, Suite 1800 (29201)
P.O. Box 11390
Columbia, South Carolina 29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278
E-mail:  PHarrill@burr.com

Rik S. Tozzi (Admitted PHV)
Ryan J. Hebson (Admitted PHV)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
E-mail:  rtozzi@burr.com
E-mail:  rhebson@burr.com

Counsel for Defendant
FIRST SOURCE WORLDWIDE, LLC

May 12, 2025
Columbia, South Carolina

23

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF LAURENS** | ) | **EIGHTH JUDICIAL CIRCUIT** |
| | ) | |
| | ) | |
| LAURENS COUNTY WATER AND | ) | C.A. No. 2024-CP-30-00734 |
| SEWER COMMISSION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONE MILLS RECEIVER, LLC; | ) | |
| CRYOVAC, INC.; CRYOVAC, LLC; | ) | |
| FIRSTSOURCE WORLDWIDE, LLC; | ) | |
| FITESA SIMPSONVILLE, INC.; | ) | |
| MILLIKEN & COMPANY; | ) | |
| OPPERMANN WEBBING, INC.; T&S | ) | |
| BRASS AND BRONZE WORKS, INC.; | ) | |
| UNICHEM SPECIALTY CHEMICALS, | ) | |
| LLC, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MILLIKEN & COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant MILLIKEN & COMPANY ("Milliken") answers Plaintiff's First Amended Complaint as follows:

Milliken denies each and every allegation of Plaintiff's First Amended Complaint which is not specifically admitted hereafter.

## STATEMENT OF THE CASE

1. Milliken admits Plaintiff asserts claims in this action, but Milliken denies any claims asserted against it have merit. Milliken denies all remaining allegations in this paragraph as to it.

2. Milliken admits Plaintiff seeks certain relief in this action, but denies Plaintiff is entitled to any relief. Milliken denies all remaining allegations in this paragraph as to it.

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

3.    Milliken is without sufficient information to answer the allegations in this paragraph and therefore denies the same.

4.    Milliken admits it owns and operates industrial facilities in South Carolina, and those facilities discharge wastewater to some wastewater treatment plants pursuant to valid discharge permits. Milliken denies it currently uses the products described in this paragraph at any location upstream of Plaintiff's water intake. Milliken is without sufficient information to answer the remaining allegations in this paragraph and therefore denies the same as to it.

5.    Milliken denies all allegations in this paragraph as to it.

6.    Milliken denies all allegations in this paragraph as to it.

7.    Milliken admits Plaintiff seeks punitive damages in this action, but denies Plaintiff is entitled to any such damages. Milliken denies all remaining allegations in this paragraph as to it.

## **DISCLAIMER**

8.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

9.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## JURISDICTION AND VENUE

10.    Milliken admits this Court has subject matter jurisdiction over the asserted claims, but Milliken denies any claims asserted against it have merit.

11.    Milliken admits this Court may exercise personal jurisdiction over it, but denies that jurisdiction rests on South Carolina's long-arm statute. Milliken is not required to answer allegations as to any other defendant.

12.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

## PARTIES

### I.    Plaintiff

13.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

14.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

15.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

### II.    Defendants

16.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

17.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without

3

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP300734

knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

18.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

19.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

20.     Milliken admits it is a Delaware corporation with its principal place of business in South Carolina. Milliken admits it owned and operated the Judson mill in Greenville, South Carolina, but denies Plaintiff has accurately set forth the dates Milliken operated the mill. Milliken denies the remaining allegations in this paragraph.

21.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

22.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

4

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

23.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

## FACTUAL ALLEGATIONS

### I.     Background and Hazards of PFAS

24.     Milliken admits PFAS are man-made chemicals with strong carbon-fluorine bonds that have a number of characteristics and applications. Milliken denies the remaining allegations in this paragraph.

25.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

26.     Milliken admits there are different types of PFAS. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

27.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

28.     Milliken admits that polymer PFAS can degrade to terminal PFAS and precursor PFAS. Milliken is without knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies the same.

29.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

30.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP300734

31.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

32.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

33.     Milliken admits EPA published provisional drinking water health advisories related to PFOA and PFOS in 2009. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

34.     Milliken admits EPA published lifetime health advisory levels related to PFOA and PFOS in 2016. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

35.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

36.     Milliken admits EPA published health advisory levels related to PFOA and PFOS in 2022. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

37.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

38.     Milliken admits EPA published MCLs and MCLGs for certain PFAS in 2023. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

39.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

40.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

41.     The paragraph consists of what purports to be a statement from a third party, and no admission or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

42.     Milliken admits EPA issued regulations regarding PFAS in 2024. The remainder of the paragraph consists of what purports to be a statement from a third party, and no admission or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

43.     Milliken admits EPA issued regulations regarding PFAS in 2024. The remainder of the paragraph consists of what purports to be a statement from a third party, and no admission or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

44.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

## II.     Contamination of Lake Greenwood and Plaintiff's Water Supply with PFAS

45.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

46.     This paragraph consists of statements regarding Lake Greenwood and a map purporting to show the locations of various facilities related to Lake Greenwood, and no admission or denial from Milliken is required. To the extent a response is required, Milliken is

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

without knowledge and information sufficient to admit or deny the accuracy of the information in this paragraph.

47.    Milliken denies the allegations in this paragraph as to it.

48.    Milliken admits it owned and operated the Judson mill in Greenville, South Carolina Milliken denies the remaining allegations in this paragraph as to it.

49.    Milliken denies the allegations in this paragraph as to it.

50.    Milliken denies the allegations in this paragraph as to it.

51.    Milliken denies the allegations in this paragraph as to it.

52.    Milliken denies the allegations in this paragraph as to it.

**III.    Defendants have harmed Plaintiff and Plaintiff's community.**

53.    Milliken denies the allegations in this paragraph as to it.

54.    Milliken denies the allegations in this paragraph as to it.

55.    Milliken denies the allegations in this paragraph as to it.

56.    Milliken denies the allegations in this paragraph as to it.

<u>**FIRST CAUSE OF ACTION**</u>
Private Nuisance

57.    Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

58.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

59.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

60.    Milliken denies the allegations in this paragraph as to it.

61.    Milliken denies the allegations in this paragraph as to it.

8

62.     Milliken denies the allegations in this paragraph as to it.

63.     Milliken denies the allegations in this paragraph as to it.

64.     Milliken denies the allegations in this paragraph as to it.

65.     Milliken denies the allegations in this paragraph as to it.

66.     Milliken denies the allegations in this paragraph as to it.

67.     Milliken denies the allegations in this paragraph, including subparts (a) and (b), as to it.

68.     Milliken denies the allegations in this paragraph as to it.

**SECOND CAUSE OF ACTION**
Public Nuisance

69.     Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

70.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

71.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

72.     Milliken denies the allegations in this paragraph as to it.

73.     Milliken denies the allegations in this paragraph as to it.

74.     Milliken denies the allegations in this paragraph as to it.

75.     Milliken denies the allegations in this paragraph as to it.

76.     Milliken denies the allegations in this paragraph as to it.

77.     Milliken denies the allegations in this paragraph as to it.

78.     Milliken denies the allegations in this paragraph as to it.

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

79.     Milliken denies the allegations in this paragraph, including subparts (a) and (b), as to it.

80.     Milliken denies the allegations in this paragraph as to it.

## THIRD CAUSE OF ACTION
### Trespass

81.     Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

82.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

83.     Milliken denies the allegations in this paragraph, including subparts (a)-(d), as to it.

84.     Milliken denies the allegations in this paragraph as to it.

85.     Milliken denies the allegations in this paragraph as to it.

86.     Milliken denies the allegations in this paragraph as to it.

87.     Milliken denies the allegations in this paragraph as to it.

88.     Milliken denies the allegations in this paragraph as to it.

89.     Milliken denies the allegations in this paragraph as to it.

## FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

90.     Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

91.     Milliken denies the allegations in this paragraph.

92.     Milliken denies the allegations in this paragraph as to it.

93.     Milliken denies the allegations in this paragraph as to it.

10

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

94.    Milliken denies the allegations in this paragraph as to it.

95.    Milliken denies the allegations in this paragraph as to it.

## PRAYER FOR RELIEF

Answering the WHEREFORE paragraph following Paragraph 95, including

subparagraphs (a)-(h) Milliken denies that Plaintiff is entitled to any of the relief requested, and

prays:

a.  For judgment in Milliken's favor on each and every Count contained in Plaintiff's First Amended Complaint;

b.  That all costs of the action, including reasonable attorneys' fees, be taxed upon Plaintiff;

c.  That a trial by jury be had on all triable issues in this case; and

d.  That this Court grant Milliken such other and further relief as the Court deems just, equitable, and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon with relief may be

granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrines of waiver,

release, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Milliken reserves any actions for contribution or indemnity against such third parties and

reserves its right to remedies.

11

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's failure to mitigate damages bars or reduces Plaintiff's recovery.

### FIFTH AFFIRMATIVE DEFENSE

Should this Court find Plaintiff has sustained damages for which Milliken is responsible, which is expressly denied, Milliken is entitled to a set-off for payments paid or payable to Plaintiff for such damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

This Court is the improper venue for the claims asserted against Milliken, or in the alternative, venue would be more appropriate in another forum.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of repose.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by assumption of risk.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Milliken owed no legal duty to Plaintiff as alleged in the First Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on a lack of causation. Milliken did not cause the alleged injury described by Plaintiff in the First Amended Complaint.

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that there is no proximate cause between any alleged act or omission on the part of Milliken and any injury or damage allegedly suffered by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they are caused by the acts or omissions of Plaintiff or a third party. Additionally, to the extent Milliken was negligent, which negligence is denied and referenced only for purpose of this defense, Plaintiff was contributorily and/or comparatively negligent, such that Plaintiff's negligence exceeds any negligence of Milliken and Plaintiff should be barred from recovery and/or or any recovery should by Plaintiff be off-set by the percentage of Plaintiff's negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to join one or more indispensable parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff availed and/or failed to avail itself of funds from unnamed third parties, including without limitation unnamed potentially responsible parties, Milliken is entitled to a set off including interest.

## SIXTEENTH AFFIRMATIVE DEFENSE

The doctrine of unclean hands bars Plaintiff's claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not justiciable for multiple reasons, including but not limited to because Plaintiff's claims are not ripe and/or have been mooted, and Plaintiff lacks standing

13

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

and/or capacity to sue for its claims under federal and/or state constitutional, statutory, and common law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by state and/or federal statutes, rules, and regulations, including but not limited to, the Clean Water Act, 33 U.S.C. § 1365 *et seq.*

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all relevant actions by Milliken were permitted, privileged, and/or otherwise authorized under applicable federal, state, and/or local law, including but not limited to because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times, and Milliken used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of primary jurisdiction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

An independent, intervening, and superseding cause, event, or negligence prevents any recovery by Plaintiff against Milliken.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The damages sought by Plaintiff are too speculative or remote.

14

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the municipal cost recovery rule.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Although Milliken denies Plaintiff is entitled to punitive damages, Milliken affirmatively pleads that any award of punitive damages would violate the South Carolina and United States Constitutions.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

Milliken may not be found liable for punitive damages where the conditions that form the basis of Plaintiff's claims are, and have been, the subject of state and/or federal regulatory oversight or action, and where there has been substantial compliance with the findings, orders, and directives of the responsible state and/or federal regulatory agency.

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

The recovery of punitive damages by Plaintiff based on the claims contained in the complaint would violate the constitutional safeguards provided to Milliken by the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

Milliken affirmatively pleads that any claim for punitive damages must comply with the South Carolina Noneconomic Damages Awards Act of 2005, S.C. Code Ann. § 15-32-200, *et seq.*, including, but not limited to, the punitive damages recovery limits imposed by S.C. Code Ann. § 15-32-530.

ELECTRONICALLY FILED - 2025 May 12 2:52 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for attorneys' fees and costs of litigation should be barred because Milliken has at no time been stubbornly litigious, acted in bad faith, or caused Plaintiff undue trouble or expense.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for special damages are not stated with sufficient specificity and therefore should be dismissed.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited by the economic loss rule.

**RESERVATION OF RIGHTS**

Milliken does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. The preceding defenses are pled in the alternative and do not constitute an admission Milliken is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Milliken reserves its rights to rely on (i) any and all defenses and presumptions set forth in or arising from rule of law or statute of any state whose substantive law might control the relevant action, (ii) any other defenses set forth in any Answer or disclosure of affirmative

16

defenses of any defendant in this action, (iii) any other defenses that may become apparent

during fact or expert discovery in this matter, and (iv) to amend this document to assert any such

defenses.

Respectfully submitted, this 12th day of May, 2025.

WYCHE, P.A.


/s/Rachael L. Anna
Rachael L. Anna (SC Bar No. 100486)
Rita Bolt Barker (SC Bar No. 77600)
200 East Broad Street, Suite 400
Greenville, SC 29601-2892
Tel: (864) 242-8200
Fax: (864) 235-8900
ranna@wyche.com
rbarker@wyche.com

-and-

Jameson B. Carroll (*pro hac vice* admission to be sought)
Michael Weiss (*pro hac vice* admission to be sought)
CARROLL & WEISS LLP
2870 Peachtree Rd NW, Suite 193
Atlanta, GA 30305-2918
(404) 514-5061 (telephone)
jcarroll@carrollweiss.com
mweiss@carrollweiss.com

*ATTORNEYS FOR DEFENDANT
MILLIKEN & COMPANY*

17

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734



| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF LAURENS | ) | EIGHTH JUDICIAL CIRCUIT |
| | ) | |
| | ) | |
| LAURENS COUNTY WATER AND SEWER COMMISSION, | ) | C.A. No.:  2024-CP-30-00734 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONE MILLS RECEIVER, LLC; CRYOVAC, INC.; CRYOVAC, LLC; FIRSTSOURCE WORLDWIDE, LLC; FITESA SIMPSONVILLE, INC.; MILLIKEN & COMPANY; OPPERMANN WEBBING, INC.; T&S BRASS AND BRONZE WORKS, INC.; UNICHEM SPECIALTY CHEMICALS, LLC, | ) ) ) ) ) ) ) ) ) ) | DEFENDANT OPPERMANN WEBBING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Oppermann Webbing, Inc. ("Oppermann" or the "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Amended Complaint (the "Complaint") filed by the Plaintiff, Laurens County Water and Sewer Commission ("Laurens County" or the "Plaintiff"), respectfully stating as follows:

## STATEMENT OF THE CASE

1. Oppermann denies each and every allegation contained in Paragraph 1.

2. Oppermann denies each and every allegation contained in Paragraph 2.

3. Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 3.

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

4.      In response to Paragraph 4 of the Complaint, Oppermann admits that it owns and operates a webbing facility in Piedmont, South Carolina where it manufactures a variety of webbing and other products, and that it utilizes the Piedmont Regional Wastewater Treatment Plant to treat wastewater effluent.  Oppermann denies the remaining allegations in Paragraph 4 of the Complaint.  Except as expressly admitted herein, the allegations of Paragraph 4 are denied.

5.      Oppermann denies each and every allegation contained in Paragraph 5.

6.      Oppermann denies each and every allegation contained in Paragraph 6.

7.      In response to Paragraph 7, Oppermann admits that Plaintiff seeks to recover the alleged damages and other relief stated, but denies that Oppermann has committed any wrongful act or violated any law, denies that Plaintiff is entitled to any legal, equitable, or other relief in regard to any conduct on the part of Oppermann, including injunctive or other relief, compensatory or punitive damages, or any other damages or other relief, and asks the Court to dismiss the Plaintiff's Complaint in its entirety.

### **DISCLAIMER**

8.      Oppermann states that Paragraph 8 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 8.

9.      Oppermann states that Paragraph 9 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 9.

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## JURISDICTION AND VENUE

10.     Oppermann states that Paragraph 10 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 10.

11.     Oppermann states that Paragraph 11 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 11.

12.     Oppermann states that Paragraph 12 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 12.

## PARTIES

**I.      Plaintiff**

13.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 13.  To the extent that a response is required, Oppermann denies the allegations.

14.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14.  To the extent that a response is required, Oppermann denies the allegations.

15.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 15.  To the extent that a response is required, Oppermann denies the allegations.

3

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP300734

## II.     Defendants

16.     Oppermann states that the allegations contained in Paragraph 16 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 16, and therefore denies the allegations.

17.     Oppermann states that the allegations contained in Paragraph 17 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 17, and therefore denies the allegations.

18.     Oppermann states that the allegations contained in Paragraph 18 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 18, and therefore denies the allegations.

19.     Oppermann states that the allegations contained in Paragraph 19 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 19, and therefore denies the allegations.

20.     Oppermann states that the allegations contained in Paragraph 20 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 20, and therefore denies the allegations.

21.     In response to Paragraph 21 of the Complaint, Oppermann admits that it is a South Carolina Corporation that owns and operates a webbing facility in Piedmont, South Carolina where it manufactures a variety of webbing and other products, and that it utilizes the Piedmont Regional

4

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Wastewater Treatment Plant to treat wastewater effluent. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 21. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 21.

22. Oppermann states that the allegations contained in Paragraph 22 are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 22, and therefore denies the allegations.

23. Oppermann states that the allegations contained in Paragraph 23 are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 23, and therefore denies the allegations.

<u>**FACTUAL ALLEGATIONS**</u>

**I.     Background and Hazards of PFAS**

24. Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 24. To the extent that a response is required, Oppermann denies the allegations.

25. Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 25. To the extent that a response is required, Oppermann denies the allegations.

26. Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 26. To the extent that a response is required, Oppermann denies the allegations.

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP300734

27.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 27. To the extent that a response is required, Oppermann denies the allegations.

28.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 28. To the extent that a response is required, Oppermann denies the allegations.

29.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 29. To the extent that a response is required, Oppermann denies the allegations.

30.     Oppermann states that the materials referenced in Paragraph 30 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 30. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 30.

31.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 31. To the extent that a response is required, Oppermann denies the allegations.

32.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 32. To the extent that a response is required, Oppermann denies the allegations.

33.     Oppermann states that the advisories referenced in Paragraph 33 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann

6

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 33. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 33.

34.     Oppermann states that the advisories referenced in Paragraph 34 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 34. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 34.

35.     Oppermann states that the materials referenced in Paragraph 35 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 35. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 35.

36.     Oppermann states that the advisories referenced in Paragraph 36 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 36. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 36.

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

37.     Oppermann states that the advisories referenced in Paragraph 37 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 37. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 37.

38.     Oppermann states that the materials referenced in Paragraph 38 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 38 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 38. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 38.

39.     Oppermann states that the materials referenced in Paragraph 39 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 39. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 39.

40.     Oppermann states that the materials referenced in Paragraph 40 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 40 are also legal conclusions, to which no response is required. To the

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 40. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 40.

41.     Oppermann states that the materials referenced in Paragraph 41 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 41. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 41.

42.     Oppermann states that the materials referenced in Paragraph 42 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 42. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 42.

43.     Oppermann states that the materials referenced in Paragraph 43 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 43 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 43. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 43.

9

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

44.     Oppermann states that the materials referenced in Paragraph 44 speak for themselves and denies any mischaracterizations of the same.  Oppermann states that the allegations contained in Paragraph 44 are also legal conclusions, to which no response is required.  To the extent that a response is required, Oppermann denies the allegations.  Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 44.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 44.

## II.     Contamination of Lake Greenwood and Plaintiff's Water Supply with PFAS

45.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 45.  To the extent that a response is required, Oppermann denies the allegations.

46.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 46.  To the extent that a response is required, Oppermann denies the allegations.

47.     Oppermann denies the allegations contained in the last sentence of Paragraph 47. Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 47.  To the extent that a response is required, Oppermann denies the allegations.

48.     In response to Paragraph 48 of the Complaint, Oppermann admits that it owns and operates a webbing facility in Piedmont, South Carolina where it manufactures a variety of webbing and other products, and that it utilizes the Piedmont Regional Wastewater Treatment Plant to treat wastewater effluent.  Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in

10

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP300734

Paragraph 48. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 48.

49.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 49. To the extent that a response is required, Oppermann denies the allegations.

50.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 50. To the extent that a response is required, Oppermann denies the allegations.

51.     Oppermann denies the allegations contained in the last sentence of Paragraph 51 as it pertains to Oppermann. Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 51. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations in Paragraph 51.

52.     Oppermann denies the allegations contained in Paragraph 52 as it pertains to Oppermann. Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 52. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations in Paragraph 52.

**III.     Defendants have harmed Plaintiff and Plaintiff's community.**

53.     Oppermann denies each and every allegation contained in Paragraph 53.

54.     Oppermann denies each and every allegation contained in Paragraph 54.

55.     Oppermann denies each and every allegation contained in Paragraph 55.

56.     Oppermann denies each and every allegation contained in Paragraph 56.

11

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## FIRST CAUSE OF ACTION

### Private Nuisance

57. Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

58. Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 58. To the extent that a response is required, Oppermann denies the allegations.

59. Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 59. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that the allegations contained in Paragraph 59 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 59.

60. Oppermann denies each and every allegation contained in Paragraph 60.

61. Oppermann denies each and every allegation contained in Paragraph 61.

62. Oppermann denies each and every allegation contained in Paragraph 62.

63. Oppermann denies each and every allegation contained in Paragraph 63.

64. Oppermann denies each and every allegation contained in Paragraph 64.

65. Oppermann denies each and every allegation contained in Paragraph 65.

66. Oppermann denies each and every allegation contained in Paragraph 66.

67. Oppermann denies each and every allegation contained in Paragraph 67, including the subparts contained therein.

68. Oppermann denies each and every allegation contained in Paragraph 68.

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## SECOND CAUSE OF ACTION

### Public Nuisance

69.    Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

70.    Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 70.  To the extent that a response is required, Oppermann denies the allegations.

71.    Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 71.  To the extent that a response is required, Oppermann denies the allegations.

72.    Oppermann denies the allegations contained in the second part of the first sentence of Paragraph 72 and the second sentence of Paragraph 72 as it pertains to Oppermann.  Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 72.  Responding further, Oppermann states that the remaining allegations contained in Paragraph 72 are also legal conclusions, to which no response is required.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 72.

73.    Oppermann denies each and every allegation contained in Paragraph 73.

74.    Oppermann denies each and every allegation contained in Paragraph 74.

75.    Oppermann denies each and every allegation contained in Paragraph 75.

76.    Oppermann denies each and every allegation contained in Paragraph 76.

77.    Oppermann denies each and every allegation contained in Paragraph 77.

78.    Oppermann denies each and every allegation contained in Paragraph 78.

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

79.     Oppermann denies each and every allegation contained in Paragraph 79, including the subparts contained therein.

80.     Oppermann denies each and every allegation contained in Paragraph 80.

## THIRD CAUSE OF ACTION

### Trespass

81.     Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

82.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 82.  Responding further, Oppermann states that the allegations contained in Paragraph 82 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations.

83.     Oppermann denies each and every allegation contained in Paragraph 83, including the subparts contained therein.

84.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 84.  Responding further, Oppermann states that the allegations contained in Paragraph 84 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 84.

85.     Oppermann denies each and every allegation contained in Paragraph 85.

86.     Oppermann denies each and every allegation contained in Paragraph 86.

87.     Oppermann denies each and every allegation contained in Paragraph 87.

88.     Oppermann denies each and every allegation contained in Paragraph 88.

89.     Oppermann denies each and every allegation contained in Paragraph 89.

14

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## FOURTH CAUSE OF ACTION

### Negligence, Gross Negligence, and/or Recklessness

90.    Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

91.    In response to Paragraph 91, Oppermann admits to only those duties imposed under the law and states that it complied with all such duties as they may have applied to the Plaintiff. Oppermann denies each and every remaining allegations contained in Paragraph 91.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 91.

92.    Oppermann denies each and every allegation contained in Paragraph 92.

93.    Oppermann denies each and every allegation contained in Paragraph 93.

94.    Oppermann denies each and every allegation contained in Paragraph 94.

95.    Oppermann denies each and every allegation contained in Paragraph 95.

### PRAYER FOR RELIEF

In response to the unnumbered Paragraph appearing under the heading "PRAYER FOR RELIEF" below Paragraph 95 of the Complaint, and the subparts contained therein, Oppermann denies that it has committed any wrongful act or violated any law, denies that Plaintiff is entitled to any judgment or decree in its favor, denies that Plaintiff is entitled to any legal, equitable, or other relief in regard to any conduct on the part of Oppermann, including injunctive, declaratory, or other relief, compensatory or punitive damages, attorneys' fees, costs, or other litigation expenses, or any other damages or other relief, and asks the Court to dismiss the Plaintiff's Complaint in its entirety.

15

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### AFFIRMATIVE DEFENSES

For its affirmative and other defenses, Oppermann states as follows.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Oppermann is not liable for the matters alleged therein.

### SECOND DEFENSE

Plaintiff lacks standing to initiate this action.

### THIRD DEFENSE

Plaintiff lacks authority and/or standing to bring any claim predicated upon alleged injury to the public at large.

### FOURTH DEFENSE

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, statutes of repose, or rules of repose, or violate the doctrine of laches, they are time barred.

### FIFTH DEFENSE

The claims asserted by Plaintiff against Oppermann may be barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands, and release. Moreover, as a result of such prior proceedings, Plaintiff may not be the real party in interest to bring the present claims and therefore lacks standing to pursue the claims.

### SIXTH DEFENSE

Plaintiff's claims against Oppermann are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, speculative or abstract dispute. Plaintiff alleges that it

16

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

may be required to incur costs at some future date if the United States Environmental Protection Agency requires Plaintiff to upgrade its treatment systems to treat PFAS. However, until such costs are actually incurred, Plaintiff lacks any cognizable damages and cannot recover. Plaintiff's claims therefore are premature to the extent that neither the State nor the Environmental Protection Agency has set final and presently enforceable water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate in determining whether natural resources have been injured.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including *res judicata*, collateral estoppel, and judicial estoppel), preclusion, release, consent, ratification, acquiescence, novation, accord and satisfaction, and/or unclean hands.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the principles of equity.

### NINTH DEFENSE

Plaintiff's claims fail to the extent that they are preempted, either in whole or in part, by federal law.

### TENTH DEFENSE

Oppermann pleads privilege, justification, and/or immunity, and further avers that Oppermann at all times acted in accordance with any and all applicable permits and/or licenses.

### ELEVENTH DEFENSE

Oppermann avers that this action should be dismissed to the extent that Plaintiff has failed to join necessary and/or indispensable parties.

17

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### TWELFTH DEFENSE

Plaintiff is a governmental and/or special purpose entity, and therefore is barred from recovery in tort for any expenditures made in the performance of governmental functions such as the provision of potable water to county residents.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent barred by the municipal cost recovery rule and/or the free public services doctrine.

### FOURTEENTH DEFENSE

Some or all of Plaintiff's claims are not amenable to judicial resolution to the extent barred by the primary jurisdiction doctrine.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent barred based on Plaintiff's failure to exhaust administrative remedies.

### SIXTEENTH DEFENSE

Oppermann pleads the defense of lack of causation, as there is an insufficient causal relation between its conduct and Plaintiff's alleged damages, if any, to establish liability against Oppermann with respect to any of Plaintiff's claims.

### SEVENTEENTH DEFENSE

Plaintiff's injuries, if any, were the result of an independent, intervening, or superseding cause, or the acts or omissions of other parties or third parties over which Oppermann had no responsibility or control, and/or who were acting beyond the scope or supervision of Oppermann, and for whom Oppermann is not responsible nor may be held liable.

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP300734

**EIGHTEENTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which Oppermann denies, was due to the affirmative actions and/or omissions of Plaintiff and/or third parties for whom Oppermann is not responsible and thus does not give rise to any liability of Oppermann.

**NINETEENTH DEFENSE**

Plaintiff's alleged damages, if any, were caused by Plaintiff's actions when Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in the Complaint and, therefore, Plaintiff is not entitled to recover any damages or other relief from Oppermann. Plaintiff's claims are barred, in whole or in part, because of, among other things, the doctrines of assumption of risk, coming to the alleged nuisance, and/or the prior nuisance doctrine.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages and injuries, if any, were caused, in whole or in part, by Plaintiff's own negligence, carelessness, recklessness, willfulness, and/or wantonness. Oppermann therefore pleads the affirmative defense of contributory and/or comparative negligence.

**TWENTY-FIRST DEFENSE**

Oppermann denies any and all liability with respect to Plaintiff's claims. However, should Oppermann, or any other party, be found liable for any damages alleged in the Complaint, then any such liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq.*

**TWENTY-SECOND DEFENSE**

Oppermann's actions have not been willful or wanton, let alone to the extent that they violate South Carolina or federal law. Rather, Oppermann has at all times acted in good faith,

19

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

without knowledge of any of the possible dangers alleged by Plaintiff, which Oppermann denies, and without malice or intent to injure Plaintiff.

### TWENTY-THIRD DEFENSE

Oppermann has acted in conformity and full compliance with all applicable state and federal laws, regulations, rules, permits, orders, government and industry standards, statutes, and statutory interpretations. Plaintiff's claims are barred, in whole or in part, because Oppermann's conduct was in accord with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and because its activities in accordance with such standards were reasonable as a matter of law. Oppermann at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff failed to mitigate Plaintiff's damages, if any, and/or failed to act with reasonable diligence.

### TWENTY-FIFTH DEFENSE

Plaintiff's claimed damages are speculative, conjectural, remote, and not reasonably foreseeable.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent barred, in whole or in part, by the doctrines of recoupment and/or set-off.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff has failed to satisfy the prerequisites for injunctive relief, and/or to the extent that Plaintiff has an adequate remedy at law.

20

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## TWENTY-EIGHTH DEFENSE

Plaintiff has suffered no injury or damages from the alleged conduct and/or violations of law by Oppermann, which Oppermann denies, and therefore to the extent requested, Plaintiff is not entitled to any award of damages, attorneys' fees, costs, equitable relief, and/or any other expenses or relief of any kind against Oppermann.

## TWENTY-NINTH DEFENSE

Oppermann avers that none of Plaintiff's claims against it could justify an award of punitive damages in this case, and that an award of punitive damages would serve no purpose for which punitive damages may be awarded in South Carolina.

## THIRTIETH DEFENSE

Plaintiff's claims for punitive damages against Oppermann cannot be upheld to the extent that they are a violation of any law passed by the United States Congress or the South Carolina Legislature limiting awards of punitive damages or the amount of such damages, including, but not limited to, S.C. Code Ann. § 15-32-530.

## THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages against Oppermann cannot be upheld because an award of punitive damages under South Carolina law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by South Carolina law would violate Oppermann's due process rights guaranteed by the United States Constitution and by the due process provisions of the South Carolina Constitution.

## THIRTY-SECOND DEFENSE

Plaintiff's claims for punitive damages against Oppermann cannot be upheld because any award of punitive damages under South Carolina law without bifurcating the trial of all punitive

21

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

damages would violate Oppermann's due process rights guaranteed by the United States Constitution, the South Carolina Constitution, and S.C. Code Ann. § 15-32-520.

## THIRTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent that an award of any such punitive damages would violate or contravene the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), as well as any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## THIRTY-FOURTH DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff's claims for punitive damages are further barred, in whole or in part, to the extent that an award of any such punitive damages would be violative of the United States Constitution and/or the South Carolina Constitution.

## THIRTY-FIFTH DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff is not entitled to recover punitive damages pursuant to South Carolina law.

## RESERVATION OF DEFENSES

Oppermann reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

ELECTRONICALLY FILED - 2025 May 12 2:28 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Respectfully submitted,


*s/ Paul D. Harrill*
Paul Harrill (S.C. Bar No. 15268)
BURR & FORMAN LLP
1221 Main Street, Suite 1800 (29201)
P.O. Box 11390
Columbia, South Carolina 29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278
E-mail:   PHarrill@burr.com

Rik S. Tozzi (Admitted PHV)
Ryan J. Hebson (Admitted PHV)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
E-mail:   rtozzi@burr.com
E-mail:   rhebson@burr.com

Counsel for Defendant
OPPERMANN WEBBING, INC.

May 12, 2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **IN RE: PFAS LITIGATION** | ) | **JUDGE KNIE** |
| **COORDINATED DOCKET** | ) | |
| | ) | |
| | ) | |
| COUNTY OF LAURENS | ) | EIGHTH JUDICIAL CIRCUIT |
| | ) | |
| | ) | |
| LAURENS COUNTY WATER AND | ) | C.A. No. 2024-CP-30-000734 |
| SEWER DIVISION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONE MILLS RECEIVER, LLC; | ) | |
| CRYOVAC, INC.; CRYOVAC, LLC; | ) | |
| FIRSTSOURCE WORLDWIDE LLC; | ) | |
| FITESA SIMPSONVILLE, INC.; | ) | |
| MILLIKEN & COMPANY; OPPERMAN | ) | |
| WEBBING, INC.; T&S BRASS AND | ) | |
| BRONZE WORKS, INC.; UNICHEM | ) | |
| SPECIALTY CHEMICALS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CRYOVAC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Cryovac, Inc. and Cyovac, LLC (together, "Cryovac"), hereby answer Plaintiff Laurens County Water and Sewer Commissions' ("Plaintiff") Amended Complaint (the "Complaint"). Each and every allegation contained in the Complaint that is not specifically admitted herein is denied, and strict proof thereof is demanded.

## FIRST DEFENSE

## AS TO STATEMENT OF THE CASE

1. Responding to Paragraph 1 of the Complaint, Cryovac denies all allegations as they relate to Cryovac or purport to allege liability against Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is

1

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

required, those allegations are denied. Cryovac denies all remaining allegations in Paragraph 1 of the Complaint.

2.     Responding to Paragraph 2 of the Complaint, Cryovac denies all allegations as they relate to Cryovac or purport to allege liability against Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Cryovac denies all remaining allegations in Paragraph 2 of the Complaint.

3.     Cryovac lacks knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies same.

4.     Responding to Paragraph 4, Cryovac admits only that it owns and operates a manufacturing facility in South Carolina that discharges wastewater via permit to the Lower Reedy WWTP. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Cryovac denies all remaining allegations in Paragraph 4 of the Complaint.

5.     Cryovac denies the allegations in Paragraph 5 of the Complaint as those allegations relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

6.     Cryovac denies the allegations in Paragraph 6 of the Complaint as those allegations relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

7.     Cryovac denies the allegations in Paragraph 7 of the Complaint as those allegations relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

2

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## AS TO DISCLAIMER

8.      Paragraph 8 of the Complaint does not contain allegations of fact to which a response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies same.

9.      Paragraph 9 of the Complaint contains conclusions of law to which no response is required and, to the extent a response is required, Cryovac denies those allegations.

## AS TO JURISDICTION AND VENUE

10.      The allegations in Paragraph 10 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, Cryovac is not contesting that this Court has subject matter jurisdiction over this action.

11.      The allegations in Paragraph 11 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, Cryovac is not contesting that this Court has personal jurisdiction over Cryovac.

12.      The allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, Cryovac is not contesting that venue is proper in this Court.

## AS TO PARTIES

13.      Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies same.

14.      Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies same.

3

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

15. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies same.

16. Paragraph 16 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies same.

17. Responding to Paragraph 17, Cryovac admits that "Cryovac, Inc." is a Delaware corporation authorized to do business in South Carolina. Cryovac also admits that "Cryovac, LLC" is a Delaware limited liability company authorized to do business in South Carolina. Cryovac further admits that it maintains a facility located at 803 N. Maple Street, Simpsonville, South Carolina 29681. Cryovac denies all remaining allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies same.

19. Paragraph 19 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies same.

20. Paragraph 20 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies same.

4

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

21.    Paragraph 21 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies same.

22.    Paragraph 22 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies same.

23.    Paragraph 23 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies same.

## AS TO FACTUAL ALLEGATIONS

24.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies same.

25.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies same.

26.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies same.

27.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies same.

28.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies same.

29. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies same.

30. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies same.

31. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies same.

32. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies same.

33. Cryovac craves reference to the Environment Protection Agency ("EPA") provisional health advisories cited in Paragraph 33 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 33 of the Complaint.

34. Cryovac craves reference to the EPA health advisories cited in Paragraph 34 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 34 of the Complaint.

35. Cryovac craves reference to the EPA health advisories and other peer-reviewed studies cited in Paragraph 35 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 35 of the Complaint.

36. Cryovac craves reference to the EPA health advisories cited in Paragraph 36 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 36 of the Complaint.

37. Cryovac craves reference to the EPA health advisories cited in Paragraph 37 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 37 of the Complaint.

6

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

38.     Cryovac craves reference to the EPA proposed maximum contaminant level ("MCL") and maximum contaminant level goal ("MCLG") in the federal register as cited in Paragraph 38 of the Complaint and denies any allegations inconsistent therewith. denies all remaining allegations in Paragraph 38 of the Complaint.

39.     Cryovac craves reference to the EPA announcements and proposed MCLs and MCLGs cited in Paragraph 39 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 39 of the Complaint.

40.     Cryovac craves reference to the EPA announcements and proposed MCLs and MCLGs cited in Paragraph 40 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 40 of the Complaint.

41.     Cryovac craves reference to the EPA news release cited in Paragraph 41 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 41 of the Complaint.

42.     Cryovac craves reference to the EPA MCLs and MCLGs in the federal register and accompanying publications as cited in Paragraph 42 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 42 of the Complaint.

43.     Cryovac craves reference to the EPA regulations and publications as cited in Paragraph 43 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 43 of the Complaint.

44.     Cryovac craves reference to the EPA regulations as cited in Paragraph 44 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 44 of the Complaint.

45.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

of the allegations in Paragraph 45 of the Complaint and therefore denies same.

46.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies same.

47.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 47 and therefore denies the same.  Cryovac denies the allegations in the last sentence of Paragraph 47 as alleged against Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

48.    Responding to Paragraph 48, Cryovac admits that it owns a manufacturing facility and denies all remaining allegations in Paragraph 48 to the extent they relate to Cryovac or purport to allege liability against Cryovac.  Further responding to Paragraph 48, Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

49.    Cryovac denies the allegations in Paragraph 49 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. As to the remaining allegations in Paragraph 49 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

50.    Cryovac denies the allegations in Paragraph 50 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. As to the remaining allegations in Paragraph 50 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

51.    Cryovac denies the allegations in Paragraph 51 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property.

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

As to the remaining allegations in Paragraph 51 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

52.    Cryovac denies the allegations in Paragraph 52 of the Complaint as they relate to Cryovac. Further responding to Paragraph 52, Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

53.    Cryovac denies the allegations in the first sentence of Paragraph 53 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations in the first sentence of Paragraph 53 of the Complaint concerning the other defendants and, to the extent a response is required, those allegations are denied.  With respect to the second sentence of Paragraph 53, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

54.    Cryovac denies the allegations and legal conclusions in Paragraph 54 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

55.    Cryovac denies the allegations and legal conclusions in Paragraph 55 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

56.    Cryovac denies the allegations of Paragraph 56 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## AS TO FIRST CAUSE OF ACTION
### Private Nuisance

57.     Cryovac incorporates its responses to Paragraphs 1 through 56 of the Complaint by reference as if set forth fully herein.

58.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore denies same.

59.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies same.

60.     Cryovac denies the allegations and legal conclusions in Paragraph 60 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

61.     Cryovac denies the allegations in Paragraph 61 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

62.     Cryovac denies the allegations and legal conclusions in Paragraph 62 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

63.     Cryovac denies the allegations and legal conclusions in Paragraph 63 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

64.     Cryovac denies the allegations and legal conclusions in Paragraph 64 of the

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

65.     Cryovac denies the allegations and legal conclusions in Paragraph 65 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

66.     The first sentence of Paragraph 66 of the Complaint contains conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Responding to the second sentence of Paragraph 66 of the Complaint, Cryovac denies that Plaintiff is entitled to the relief sought as against Cryovac.  Cryovac lacks sufficient knowledge to respond to the second sentence of Paragraph 66 with respect to any allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

67.     Cryovac denies the allegations in Paragraph 67 of the Complaint, including subparagraphs 67(a) and (b), as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

68.     Cryovac denies the allegations and legal conclusions in Paragraph 68 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

11

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## AS TO SECOND CAUSE OF ACTION
### Public Nuisance

69.     Cryovac incorporates its responses to Paragraphs 1 through 68 of the Complaint by reference as if fully set forth fully herein.

70.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and therefore denies same.

71.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and therefore denies same.

72.     Cryovac denies the allegations and legal conclusions in Paragraph 72 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Cryovac denies all remaining allegations in Paragraph 72 of the Complaint.

73.     Cryovac denies the allegations and legal conclusions in Paragraph 73 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

74.     Cryovac denies the allegations and legal conclusions in Paragraph 74 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

75.     Cryovac denies the allegations in Paragraph 75 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

76.     Cryovac denies the allegations and legal conclusions in Paragraph 76 of the

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

77.     Cryovac denies the allegations and legal conclusions in Paragraph 77 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

78.     Cryovac denies the allegations and legal conclusions in the first sentence of Paragraph 78 of the Complaint as they relate to Cryovac. Responding to the second sentence of Paragraph 78 of the Complaint, Cryovac denies that Plaintiff is entitled to the relief sought as against Cryovac. Cryovac lacks sufficient knowledge to respond to Paragraph 78 with respect to any allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

79.     Cryovac denies the allegations in Paragraph 79, including subparagraphs 79(a) and 79(b), of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

80.     Cryovac denies the allegations and legal conclusions in Paragraph 80 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**THIRD CAUSE OF ACTION**
**Trespass**

81.    Cryovac incorporates its responses to Paragraphs 1 through 80 of the Complaint by reference as if fully set forth fully herein.

82.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and therefore denies same.

83.    Cryovac denies the allegations in Paragraph 83, including subparts 83(a), 83(b), 83(c) and 83(d), of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

84.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore denies same.

85.    Cryovac denies the allegations and legal conclusions in Paragraph 85 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

86.    Cryovac denies the allegations and legal conclusions in Paragraph 86 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

87.    Cryovac denies the allegations and legal conclusions in Paragraph 87 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

88.     Cryovac denies the allegations and legal conclusions in Paragraph 88 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

89.     Cryovac denies the allegations and legal conclusions in Paragraph 89 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

## FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

90.     Cryovac incorporates its responses to Paragraphs 1 through 89 of the Complaint by reference as if set forth fully herein.

91.     The allegations in Paragraph 91 of the Complaint contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

92.     Cryovac denies the allegations in Paragraph 92 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

93.     Cryovac denies the allegations and legal conclusions in Paragraph 93 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

94.     Cryovac denies the allegations and legal conclusions in Paragraph 94 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those

15

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

allegations are denied.

95.     Cryovac denies the allegations and legal conclusions in Paragraph 95 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or statute(s) of repose.

### THIRD DEFENSE

Cryovac's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Cryovac has been compliant. Accordingly, Cryovac pleads license as an affirmative defense to Plaintiff's claims.

### FOURTH DEFENSE

Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute.

### FIFTH DEFENSE

Plaintiff's claims are premature to the extent that neither the State nor the EPA has set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## SIXTH DEFENSE

Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

## SEVENTH DEFENSE

Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

## EIGHTH DEFENSE

Plaintiff has failed to name all necessary and indispensable parties in its action.

## NINETH DEFENSE

Plaintiff lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint. Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because: (1) the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine; and (2) Plaintiff does not have exclusive jurisdiction over the resources at issue, or only has partial jurisdiction over such resources and has failed to join other necessary trustees in this action. Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

## TENTH DEFENSE

Plaintiff's injuries and damages, if any, alleged in the Complaint are barred because there is no causal relationship between any acts or omissions by Cryovac and the damages, if any,

17

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

suffered by Plaintiff and/or are the result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct or product sold by Cryovac.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because no action of Cryovac was the proximate, substantial, or actual cause of Plaintiffs' alleged injuries.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS have been reliably established, through scientific means, to be capable of causing Plaintiffs' alleged injuries.

## THIRTEENTH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Cryovac does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Cryovac exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

## SIXTEENTH DEFENSE

Even assuming Cryovac was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness

18

contributed to the cause of Plaintiff's alleged damages. For that reason, Cryovac is not liable to Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

**SEVENTEENTH DEFENSE**

Plaintiff's claims for punitive damages are violative of both the United States Constitution and the South Carolina Constitution, and Cryovac pleads that sections 15-32-530 *et seq.*, of the South Carolina Code provide a cap to punitive damages potentially available in this matter. Plaintiff also fails to state any basis upon which punitive damages are recoverable against Cryovac and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or Rule 12(f) of the South Carolina Rules of Civil Procedure. Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

**EIGHTEENTH DEFENSE**

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure/assumption of the risk.

**NINETEENTH DEFENSE**

Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Cryovac.

**TWENTIETH DEFENSE**

Plaintiff's claims against Cryovac are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its customers, State, Local, and

19

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. 300f to 300j.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiff seeks recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. 300f to 300j and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq.*

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Cryovac neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Cryovac at all times relevant to the claims or causes of action asserted by Plaintiff.

Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Cryovac, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Cryovac exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

### TWENTY-THIRD DEFENSE

Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S.

20

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

426 (1907).  The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

## TWENTY-FOURTH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the alleged nuisance.

## TWENTY-FIFTH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of assumption of risk.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands.  Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

## TWENTY-NINTH DEFENSE

Plaintiff's alleged claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. and the South

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Carolina Hazardous Waste Management Action, S.C. Code Ann. 44-56-10 *et seq.* to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

## THIRTIETH DEFENSE

Plaintiff's claims are barred because it failed to exhaust administrative remedies.

## THIRTY-FIRST DEFENSE

Plaintiff is not entitled to recover from Cryovac more than Cryovac's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Cryovac more than the amount of such relief, if any, for which Cryovac is liable.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability. Cryovac may not be held liable under retroactive theories not requiring proof of fault or causation.

## THIRTY-THIRD DEFENSE

All claims for injunctive relief in Plaintiff's Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

22

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

## THIRTY-FIFTH DEFENSE

The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Cryovac did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule or the free public services doctrine. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

23

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### THIRTY-NINTH DEFENSE

Although Cryovac denies any liability, should Cryovac, or any other party, be found liable for the damages alleged in the Amended Complaint, then the liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq.*

### FORTIETH DEFENSE

Cryovac is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies.

### FORTY-FIRTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Cryovac did not own, operate, or otherwise control the facilities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

### FORTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Cryovac.

### FORTY-THIRD DEFENSE

Cryovac is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

### FORTY-FOURTH DEFENSE

Cryovac asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

ELECTRONICALLY FILED - 2025 May 19 10:38 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## <u>RESERVATION AND NON-WAIVER</u>

Cryovac reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by information acquired during discovery or otherwise. Cryovac thus reserves the right to amend this answer to assert any such defense.

WHEREFORE, having fully answered the Complaint, Cryovac requests judgment in its favor and respectfully requests the Court to:

(1) Dismiss Plaintiff's Complaint in its entirety, with prejudice;

(2) Award Cryovac all of its legally recoverable costs, fees and expenses incurred in defending this case; and

(3) Grant Cryovac such further relief that the Court deems appropriate.

Respectfully submitted,

**K&L GATES, LLP**

*/s/ Jennifer H. Thiem*
Jennifer H. Thiem (SC Bar #73739)
134 Meeting Street, Suite 500
Charleston, SC 29401
Telephone: 843.579.5600
Facsimile: 843.579.5601
jennifer.thiem@klgates.com

Loly G. Tor (admitted *Pro Hac Vice*)
K&L GATES, LLP
One Newark Center, 10th Floor
Newark, NJ 07102
Telephone: 973.848.4026
Fax: 973.848.4001
loly.tor@klgates.com

*Attorneys for Cryovac, Inc.
and Cryovac, LLC*

Dated: May 19, 2025

25

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LAURENS | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT |

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

| | |
|---|---|
| Laurens County Water and Sewer Commission,<br><br>*Plaintiff*,<br>v.<br><br>Cone Mills Receiver, LLC; Cryovac, Inc.; Cryovac, LLC; Firstsource Worldwide, LLC; Fitesa Simpsonville, Inc.; Milliken & Company; Opperman Webbing, Inc.; T&S Brass and Bronze Works, Inc.; and Unichem Specialty Chemicals, LLC,<br><br>*Defendants*. | C.A. No. 2024-CP-30-00734 |

## **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

Please take notice that Plaintiff, Laurens County Water and Sewer Commission ("Plaintiff"), moves for leave of Court, pursuant to Rule 15(a) of the South Carolina Rules of Civil Procedure, to amend Plaintiff's pleading in the above-captioned action. Simultaneously with the filing of this Motion, Plaintiff is filing Plaintiff's proposed Second Amended Summons and Complaint. Plaintiff seeks leave of Court to amend the summons and complaint in this matter to:

1. Add certain PFAS manufacturers/suppliers and dischargers as defendants in this action; and

2. Make minor edits to the factual allegations asserted in the amended complaint, filed August 23, 2024.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Before filing this motion, Plaintiff sought the currently named defendants' written consent to amend pursuant to Rule 15(a), SCRCP, and provided them with a copy of Plaintiff's proposed Second Amended Complaint. As of the date of this motion, Defendant Milliken & Company responded that it takes no position, and Defendants Cryovac, Inc. and Cryovac, LLC responded that they could not respond by June 3, 2025, as requested by Plaintiff. The remaining defendants—Cone Mills Receiver, LLC; Firstsource Worldwide, LLC; Fitesa Simpsonville, Inc.; Opperman Webbing, Inc.; T&S Brass and Bronze Works, Inc.; and Unichem Specialty Chemicals, LLC—have neither consented nor expressed any objection.

Where, as here, a party seeks leave of court to amend a pleading, the South Carolina Rules of Civil Procedure state that "leave shall be freely given when justice so requires and does not prejudice any other party." Rule 15(a), SCRCP. "This rule strongly favors amendments and the court is encouraged to freely grant leave to amend." *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005). South Carolina's Rule 15(a) "is substantially the same as the Federal Rule, . . . and the Supreme Court of the United States has referred to the Rule's 'freely given' provision as a 'mandate' that 'is to be heeded.'" *Patton v. Miller*, 420 S.C. 471, 490, 804 S.E.2d 252, 262 (2017) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing a motion for leave to amend has the burden to establish prejudice—i.e., "a lack of notice that the new issue is to be tried and a lack of opportunity to refute it." *Stanley v. Kirkpatrick*, 357 S.C. 169, 175, 592 S.E.2d 296, 2986 (2004); *see also Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 632, 743 S.E.2d 808, 812 (2013) ("A motion to amend is within the sound discretion of the trial judge and the opposing party has the burden of establishing prejudice.").

2

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Granting Plaintiff leave to amend to add claims against new parties and to update the complaint's factual allegations is consistent with the goal of having cases be decided on their merits. *See Patton*, 420 S.C. at 492–93, 804 S.E.2d at 263; *cf. Yelsen Land Co. v. State*, 397 S.C. 15, 20, 723 S.E.2d 592, 595 (2012) (noting that the plaintiff was allowed to amend the complaint to add a defendant). Additionally, no party has articulated any objection to Plaintiff's proposed amendment or any reason for denying Plaintiff's proposed amendment (much less established prejudice), and there is no "bad faith, undue delay, or prejudice" that would warrant denying Plaintiff leave to amend. *Doe v. Oconee Mem. Hosp.*, 437 S.C. 574, 583, 878 S.E.2d 920, 925 (Ct. App. 2022) (noting the denial of leave to amend is an abuse of discretion in "the absence of a proper reason" (quoting *Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 507, 369 S.E.2d 156, 158 (Ct. App. 1988))). Plaintiff, therefore, respectfully submits that the Court should grant leave to amend pursuant to Rule 15(a), SCRCP, and consistent with South Carolina law. *See, e.g.*, *Maybank 2754, LLC v. Zurlo*, 444 S.C. 47, 83, 906 S.E.2d 94, 114 (Ct. App. 2024) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting *Patton*, 420 S.C. at 490, 804 S.E.2d at 262)).

Further, Plaintiff respectfully submits that the Court should exercise its discretion to expedite a decision on Plaintiff's Motion to Amend and enter an order granting Plaintiff leave to amend as soon as possible because none of the defendants have expressed any opposition to amendment. *See generally Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 182, 826 S.E.2d 585, 588 (2019) ("A trial court has discretion to deny a motion to amend if the party opposing the amendment can show a valid reason for denying the motion."); Rule 1, SCRCP ("These rules . . . shall be construed to secure the just, speedy, and inexpensive determination of every action."); *RE: Local PFAS Litig.*, Order (S.C. Sup. Ct. filed Oct. 7, 2024) (encouraging "the

effective and expeditious disposition of this litigation"). An expedited order granting leave to amend will ensure that the new defendants are served, receive notice of the claims against them, and have the opportunity to participate in the litigation and defend the merits without delay. *See Doe*, 437 S.C. at 583, 878 S.E.2d at 925.

Respectfully moved,

*/s/ John B. White. Jr.*
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 5, 2025

4

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA
COUNTY OF LAURENS

IN THE COURT OF COMMON PLEAS
EIGHTH JUDICIAL CIRCUIT

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

Laurens County Water and Sewer Commission,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc.; Anderson Regional Landfill, LLC; Archroma U.S., Inc.; Arkema, Inc. Atotech USA, LLC; Clariant Corporation; Cone Mills Receiver, LLC; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; Firstsource Worldwide, LLC; Fitesa Simpsonville, Inc.; Henkel US Operations Corporation; Huntsman International, LLC; Milliken & Company; Opperman Webbing, Inc.; Palmetto Plating Company, Inc.; Roll Technology Corporation; Solvay Specialty Polymers USA, LLC; The Chemours Company; T&S Brass and Bronze Works, Inc.; and Unichem Specialty Chemicals, LLC,

*Defendants*.

C.A. No. 2024-CP-30-00734

**SECOND AMENDED SUMMONS**
(JURY TRIAL DEMANDED)

**TO THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to answer the Second Amended Complaint in this action, a copy of which is hereby served on you, and to serve a copy of your Answer to the Second Amended Complaint on the subscriber at 291 S. Pine Street, Spartanburg, SC 29302, within 30 days after service hereof, exclusive of the day of such service, and if you fail to answer the Second Amended Complaint, judgment by default will be rendered against you for the relief demanded in the Second Amended Complaint.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Respectfully submitted,

*/s/ John B. White. Jr.*
John B. White, Jr. (SC Bar No. 5996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 5, 2025

2

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LAURENS | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT |

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

| | |
|---|---|
| Laurens County Water and Sewer Commission,<br><br>*Plaintiff*,<br>v.<br><br>AGC Chemicals Americas, Inc.; Anderson Regional Landfill, LLC; Archroma U.S., Inc.; Arkema, Inc. Atotech USA, LLC; Clariant Corporation; Cone Mills Receiver, LLC; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; Firstsource Worldwide, LLC; Fitesa Simpsonville, Inc.; Henkel US Operations Corporation; Huntsman International, LLC; Milliken & Company; Opperman Webbing, Inc.; Palmetto Plating Company, Inc.; Roll Technology Corporation; Solvay Specialty Polymers USA, LLC; The Chemours Company; T&S Brass and Bronze Works, Inc.; and Unichem Specialty Chemicals, LLC,<br><br>*Defendants*. | C.A. No. 2024-CP-30-00734<br><br>**SECOND AMENDED COMPLAINT**<br>(JURY TRIAL DEMANDED) |

Plaintiff, LAURENS COUNTY WATER AND SEWER COMMISSION, by and through the undersigned counsel, brings this action against the above-named Defendants for compensatory and punitive damages, injunctive relief, and abatement of a nuisance, and alleges as follows:

**STATEMENT OF THE CASE**

1. Plaintiff, Laurens County Water and Sewer Commission, brings this action to address Defendants' ongoing contamination of the Reedy River, Saluda River, Lake Greenwood, and Plaintiff's properties with certain toxic per- and polyfluoroalkyl substances ("PFAS"): perfluorooctanoic acid ("PFOA"); perfluorooctanesulfonic acid ("PFOS"); perfluorononanoic acid

1

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

("PFNA"); perfluorobutane sulfonate ("PFBS"); perfluorohexane sulfonate ("PFHxS"); and hexafluoropropylene oxide dimer acid ("HFPO-DA" or "GenX Chemicals").

2.      Defendants have discharged and continue to discharge products that contain or degrade to these PFAS to the Reedy River, Saluda River, and Lake Greenwood, which travel downstream to Plaintiff's water intake on Lake Greenwood and contaminate both Plaintiff's property and the domestic water supply for approximately 40,000 people in Laurens County. Plaintiff seeks a declaratory judgment, injunctive relief, abatement, damages, and an award of costs, including attorneys' fees, for Defendants' repeated and ongoing PFAS contamination.

3.      Plaintiff is a special purpose district that provides potable water to residents of Laurens County, South Carolina. It owns and occupies property located in Laurens County near Lake Greenwood, where it operates the Lake Greenwood Water Treatment Facility (a surface water treatment plant, or "SWTP") and related buildings, improvements, property, and equipment that make up its water treatment and distribution system. Plaintiff occupies riparian property abutting Lake Greenwood, where Plaintiff's water intake and pump house withdraw raw water for treatment at the Lake Greenwood SWTP before distribution to customers.

4.      Defendants own and/or operate industrial facilities upstream of Plaintiff's water intake and have in the past and/or currently use products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in their industrial processes ("Discharger Defendants") or otherwise supply these products to Discharger Defendants' manufacturing facilities ("Supplier Defendants"). Discharger Defendants discharge these products to surface waters via certain wastewater treatment plants ("WWTPs") located upstream of Plaintiff's water intake. These WWTPs include the Mauldin Road WWTP in Greenville, South Carolina; the Lower Reedy WWTP in Simpsonville, South Carolina; the Piedmont Regional WWTP in Piedmont,

2

South Carolina; the Breazeale WWTP, Marshall WWTP, and Ducworth WWTP in Belton, South Carolina; the Williamston WWTP in Williamston, South Carolina; the Georges Creek WWTP in Greenville, South Carolina; and the Middle Branch WWTP in Easley, South Carolina.

5.      Industrial wastewater from Discharger Defendants' facilities contains high levels of PFAS, which cannot be adequately removed by conventional wastewater treatment processes at WWTPs; are discharged to the Reedy and Saluda Rivers; and flow downstream to Plaintiff's water intake on Lake Greenwood. As a direct and proximate result of Defendants' actions, Plaintiff has suffered losses to the use and enjoyment of its property rights, and Plaintiff's properties have been, and will continuously be, trespassed and damaged by water contaminated with dangerous concentrations of PFAS.

6.      Defendants' PFAS contaminate Plaintiff's water source at concentrations well exceeding what the U.S. Environmental Protection Agency ("EPA") deems unsafe for consumption, and Plaintiff's existing water treatment processes cannot remove them. Instead, Plaintiff requires new water treatment technologies to remove, and provide water free from, Defendants' PFAS.

7.      As a result of Defendants' intentional, willful, wanton, reckless, and/or negligent acts and omissions and the nuisance thereby created, maintained, and continued, Plaintiff has suffered injury to its property rights and resulting damages, including compensatory and consequential damages. Plaintiff is also seeking equitable and injunctive relief requiring Defendants to fund the evaluation, testing, acquisition, installation, operation, and maintenance of water treatment technologies at Plaintiff's SWTP that will remove Defendants' PFAS from drinking water. In addition, based on Defendants' intentional, willful, wanton, reckless, malicious, and oppressive misconduct, Plaintiff is seeking the recovery of punitive damages.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**DISCLAIMER**

8.    Plaintiff makes no assertion of fact concerning, and brings no cause of action based on, the manufacture, sale, distribution, use, or disposal of PFAS associated with aqueous film forming foam ("AFFF"), whether commercial, Mil-Spec, or other variety. Plaintiff expressly disclaims any causes of action, injury, or damages resulting from the manufacture, sale, distribution, use, or disposal of any AFFF by any Defendant or third-party.

9.    All Plaintiff's causes of action arise under South Carolina law, and Plaintiff brings no cause of action and seeks no relief under federal law or statute.

**JURISDICTION AND VENUE**

10.    This Court has subject matter jurisdiction over this action pursuant to Article V of the Constitution of the State of South Carolina and section 14-1-80 of the South Carolina Code.

11.    This Court has personal jurisdiction over all Defendants, consistent with due process and South Carolina's long-arm statute, section 36-2-803 of the South Carolina Code.

12.    Venue is properly in this Court pursuant to sections 15-7-10 and -30 of the South Carolina Code because the subject of the action is for injuries sustained to Plaintiff's property located in Laurens County, and the most substantial part of Defendants' alleged acts or omissions occurred in Laurens County. *See id.* at § 15-7-30(B) ("If there is more than one defendant, the action may be tried in any county where the action properly may be maintained against one of the defendants pursuant to this section.").

**PARTIES**

**I.    Plaintiff**

13.    Plaintiff Laurens County Water and Sewer Commission is a special purpose district authorized to provide potable water to residents of Laurens County. *See* S.C. Code Ann. § 6-11-1610.

4

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

14.     Plaintiff owns land in Laurens County located at 15865 U.S. Highway 221 S., Waterloo, South Carolina 29384, on which it operates its Lake Greenwood SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system. Plaintiff also has an easement over property riparian to Lake Greenwood, located at 510 Baptist Assembly Road, Waterloo, SC 29384, on which it operates a raw water intake and water pump station for drawing and transporting water drawn from Lake Greenwood to Plaintiff's SWTP for treatment and distribution.

15.     Plaintiff serves approximately 40,000 people in Laurens County, South Carolina.

## II.     Discharger Defendants

16.     Defendant **Anderson Regional Landfill, LLC ("Anderson")** is a Delaware limited liability company authorized to do business in South Carolina. Anderson owns and operates a municipal solid waste landfill located at 203 Landfill Road, Belton, South Carolina 29365. Anderson discharges wastewater leachate from the landfill, which contains high amounts of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to two WWTPs operated by the City of Belton, South Carolina: the Breazeale WWTP and the Marshall WWTP. The Breazeale and Marshall WWTPs both internally discharge to Belton's Ducworth WWTP, which discharges to the Saluda River. The WWTPs cannot remove Anderson's PFAS from the leachate before it is ultimately discharged to the Saluda River upstream of Lake Greenwood and Plaintiff's water intakes. In addition, Anderson discharges or otherwise releases leachate contaminated with high amounts of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals directly into Big Creek, which is adjacent to the landfill and flows into the Saluda River. Anderson's PFAS resist environmental degradation, flow downstream the Saluda River, and thereby contaminate Plaintiff's property and its water source.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

17.    Defendant **Cone Mills Receiver, LLC ("Cone Mills")** is a South Carolina limited liability company and is the receiver for American Fast Print, which purchased and operated the Cone Mills industrial facility in and around 3335 Old Buncombe Road in Greenville, South Carolina. At this facility, Cone Mills used products that contained or degraded to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of products related to the textile industry. As part of its processes, Cone Mills directly or indirectly discharged industrial wastewater contaminated with products that contained or degraded to these PFAS into the Reedy River upstream of Plaintiff's water intake on Lake Greenwood. The Cone Mills facility also utilized industrial wastewater lagoons contaminated with high levels of these PFAS and/or their precursors alongside the Reedy River. These lagoons currently and continually release contaminated wastewater into the Reedy River upstream of Lake Greenwood. PFAS and/or their precursors from both Cone Mills's legacy discharges and continuing lagoon discharges resist environmental degradation, flow downstream the Reedy River, and thereby contaminate Plaintiff's properties and its water source.

18.    Defendant **Cryovac, Inc.** is a Delaware corporation authorized to do business in South Carolina. Defendant **Cryovac, LLC (collectively "Cryovac")** is a Delaware limited liability company authorized to do business in South Carolina. Cryovac maintains an industrial facility located at 803 N. Maple Street, Simpsonville, South Carolina 29681. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of food packaging products. As part of its processes, Cryovac's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lower Reedy WWTP. The Lower Reedy WWTP cannot remove Cryovac's PFAS, which it discharges into the Reedy River upstream of Lake Greenwood and Plaintiff's water

6

intakes. Cryovac's PFAS resist environmental degradation, flow downstream the Reedy River, and thereby contaminate Plaintiff's property and its water source.

19.     Defendant **First Source Worldwide, LLC ("First Source")** is a Wisconsin limited liability company that does business in South Carolina. First Source maintains an industrial facility located at 175 Echelon Road, Greenville, South Carolina 29605. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of coatings, textile chemical products, and/or other products. As part of its processes, First Source's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lower Reedy WWTP. The Lower Reedy WWTP cannot remove First Source's PFAS, which it discharges into the Reedy River upstream of Lake Greenwood and Plaintiff's water intakes. First Source's PFAS resist environmental degradation, flow downstream the Reedy River, and thereby contaminate Plaintiff's property and its water source.

20.     Defendant **Fitesa Simpsonville, Inc. ("Fitesa")** is a Delaware corporation authorized to do business in South Carolina. Fitesa maintains an industrial facility located at 840 S.E. Main Street, Simpsonville, South Carolina 29681. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of fabrics. As part of its processes, Fitesa's plant discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lower Reedy WWTP. The Lower Reedy WWTP cannot remove Fitesa's PFAS, which it discharges into the Reedy River upstream of Lake Greenwood and Plaintiff's water intakes. Fitesa's PFAS resist environmental degradation, flow downstream the Reedy River, and thereby contaminate Plaintiff's property and its water source.

21.     Defendants **Henkel Corporation** and **Henkel US Operations Corporation (collectively "Henkel")** are Delaware corporations that own and/or operate an industrial facility

7

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

located at 9 Furman Hall Ct., Greenville, South Carolina 29609. There, Henkel uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in manufacturing adhesives products. As part of its processes, Henkel's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Mauldin Road WWTP. The Mauldin Road WWTP cannot remove Henkel's PFAS, which it discharges to the Reedy River upstream of Plaintiff's water intake. Henkel's PFAS resist environmental degradation, flow downstream the Reedy River, and thereby contaminate Plaintiff's property and its water source.

22.     Defendant **Milliken & Company ("Milliken")** is a Delaware corporation with its principal office located in South Carolina. Milliken owns and operates, or owned and operated, at least two industrial facilities at issue in this case: the Cushman Plant, located at 409 Gossett Drive, Williamston, South Carolina 29697; and the former Judson Mill, located at 701 Easley Bridge Road, Greenville, South Carolina 29611. Milliken currently owns and operates the Cushman Plant, whereas Milliken owned and operated the Judson Mill between approximately 1960 and 2015. At each location, Milliken uses and/or used products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of textile products. As part of its processes, the Cushman Plant discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Williamston WWTP. As part of its processes, the Judson Mill discharged industrial wastewater contaminated with products that contain or degrade to these PFAS to, upon information and belief, the Mauldin Road WWTP. Neither WWTP is or was capable of removing Milliken's PFAS, which the WWTPs discharged into the Saluda River and Reedy River, respectively, upstream of Lake Greenwood and Plaintiff's water intakes. In addition, Milliken did not remediate Judson Mill upon its closure, and the site remains contaminated with

8

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

these PFAS and their precursors that migrate to Brushy Creek and the Reedy River via groundwater migration and stormwater discharges. Milliken's PFAS resist environmental degradation, flow downstream Brushy Creek, the Reedy River and the Saluda River, and thereby contaminate Plaintiff's property and its water source.

23.     Defendant **Oppermann Webbing, Inc. ("Oppermann")** is a South Carolina corporation and operates an industrial facility located at 129 Hollow Drive, Piedmont, South Carolina 29673. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of webbing products and/or other products. As part of its processes, Oppermann's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Piedmont Regional WWTP. The Piedmont Regional WWTP cannot remove Oppermann's PFAS, which it discharges into the Saluda River upstream of Lake Greenwood and Plaintiff's water intake. Oppermann's PFAS resist environmental degradation, flow downstream the Saluda River, and thereby contaminate Plaintiff's property and its water source.

24.     Defendant **Palmetto Plating Company, Inc. ("PPC")** is a South Carolina corporation that owns and/or operates an industrial facility located at 510 Saco Lowell Road, Easley, South Carolina 29640. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in metal plating and finishing operations. As part of its processes, PPC's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Middle Branch WWTP. The Middle Branch WWTP cannot remove PPC's PFAS, which it discharges to the Brushy Creek upstream of the Saluda River and Plaintiff's water intake. PPC's PFAS resist environmental degradation, flow downstream the Saluda River, and thereby contaminate Plaintiff's property and its water source.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

25.     Defendant **Roll Technology Corp. ("RTC")** is a South Carolina corporation that owns and/or operates an industrial facility located at 4412 White Horse Road, Greenville, South Carolina 29611. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in metal plating and finishing operations. As part of its processes, RTC's facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Georges Creek WWTP. The Georges Creek WWTP cannot remove RTC's PFAS, which it discharges to the Saluda River upstream of Plaintiff's water intake. RTC's PFAS resist environmental degradation, flow downstream the Saluda River, and thereby contaminate Plaintiff's property and its water source.

26.     Defendant **T&S Brass and Bronze Works, Inc. ("T&S")** is a Delaware corporation with its global headquarters located in South Carolina. T&S maintains an industrial facility located at 2 Saddleback Cove, Travelers Rest, South Carolina 29690. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the manufacture of faucets, fittings, and other specialty products. As part of its processes, T&S's plant discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Mauldin Road WWTP. The Mauldin Road WWTP cannot remove T&S's PFAS, which it discharges into the Reedy River upstream of Lake Greenwood and Plaintiff's water intake. T&S's PFAS resist environmental degradation, flow downstream the Reedy River, and thereby contaminate Plaintiff's property and its water source.

27.     Defendant **Unichem Specialty Chemicals, LLC ("Unichem")** is a Delaware limited liability company authorized to do business in South Carolina. Unichem maintains an industrial facility located at 8 N. Kings Road, Greenville, South Carolina 29605. There, it uses products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

in chemical manufacturing. As part of its processes, Unichem's plant discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Mauldin Road WWTP. The Mauldin Road WWTP cannot remove Unichem's PFAS, which it discharges into the Reedy River upstream of Lake Greenwood and Plaintiff's water intakes. Unichem's PFAS resist environmental degradation, flow downstream the Reedy River, and thereby contaminate Plaintiff's property and its water source.

## III.    Supplier Defendants

28.    Defendant **AGC Chemicals Americas, Inc. ("Asahi")** is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Asahi has manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

29.    Defendant **Arkema, Inc. ("Arkema")** is a Pennsylvania corporation authorized to do business in South Carolina. Among other acts and omissions, Arkema has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

30.    Defendant **Atotech USA, LLC ("Atotech")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Atotech has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more Discharger Defendants in this Action.

31.    Defendant **Clariant Corporation ("Clariant")** is a New York corporation authorized to do business in South Carolina. Among other acts and omissions, Clariant has for

11

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

32.     Defendant **Archroma U.S., Inc. ("Archroma")** is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Archroma has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

33.     Defendant **Daikin America, Inc. ("Daikin")** is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Daikin has for many years manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

34.     Defendant **EIDP, Inc. ("Old DuPont")**, f/k/a E.I. du Pont de Nemours and Company, is a Delaware corporation authorized to do business in South Carolina. Among other acts and omissions, Old DuPont has manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

35.     Defendant **The Chemours Company ("Chemours")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Chemours has manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

36.     Defendant **Corteva, Inc. ("Corteva")** is a Delaware corporation that conducts business in South Carolina. Among other acts and omissions, Corteva has assumed PFAS-related liabilities from Old DuPont.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

37.     Defendant **DuPont de Nemours, Inc. ("New DuPont")**, f/k/a DowDuPont, Inc., is a Delaware corporation that conducts business in South Carolina. Among other acts and omissions, New DuPont has assumed PFAS-related liabilities from Old DuPont.

38.     Defendant **Huntsman International, LLC ("Huntsman")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Huntsman has manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action.

39.     Defendant **Solvay Specialty Polymers USA, LLC ("Solvay")** is a Delaware limited liability company authorized to do business in South Carolina. Among other acts and omissions, Solvay has manufactured and supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to one or more of the Discharger Defendants in this action. Furthermore, Solvay operates a facility located at 50 Akron Drive, Greenville, South Carolina 29605. There, Solvay manufactures and/or uses in the manufacture of polymers products that contain or degrade to PFOA, PFOS, PFHxS, PFBS, and/or GenX Chemicals. As part of its processes, the Solvay facility discharges industrial wastewater contaminated with products that contain or degrade to these PFAS to the Lower Reedy WWTP. The Lower Reedy WWTP cannot remove Solvay's PFAS, which it discharges to the Reedy River upstream of Plaintiff's water intake on Lake Greenwood. Solvay's PFAS resist environmental degradation, flow downstream the Reedy River, and thereby contaminate Plaintiff's properties and its water source.

## FACTUAL ALLEGATIONS

I.     **Background and Hazards of PFAS**

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

40.     PFAS are a large group of man-made chemicals that do not occur naturally in the environment. Due to their strong carbon-fluorine bonds, PFAS are extremely stable, repel both oil and water, and are resistant to heat and chemical reactions. As a result of these properties, PFAS have a wide variety of industrial, commercial, and consumer applications.

41.     The stable carbon-fluorine bonds that make PFAS pervasive in industrial, commercial, and consumer products also result in their persistence in the environment. They are colloquially termed "forever chemicals," as terminal PFAS have no known environmental breakdown mechanism, are readily absorbed into biota, and tend to bioaccumulate with repeated exposure.

42.     There are both polymer and non-polymer PFAS. Non-polymer PFAS include substances like PFOA, PFOS, PFHxS, PFNA, PFBS, and HFPO-DA (a/k/a GenX Chemicals). Polymer PFAS include fluoropolymers and side-chain fluorinated polymers that are often the active chemistry in the PFAS-containing products sold and utilized by Defendants.

43.     There are also both terminal PFAS and their precursors. Precursors may undergo environmental degradation that ultimately results in the formation of terminal PFAS—meaning no further degradation occurs under normal environmental conditions. PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are all terminal PFAS.

44.     Both polymer and non-polymer PFAS can degrade to terminal PFAS. Generally, terminal PFAS are present in or otherwise form from PFAS products via three primary routes: (1) as a direct byproduct of the manufacturing process; (2) the degradation of precursor PFAS that are byproducts of the manufacturing process; and/or (3) the degradation of polymer PFAS into terminal PFAS and precursor PFAS.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

45.    Further, PFAS are manufactured by either electrochemical fluorination ("ECF") or telomerization.

46.    PFAS leach from soil to groundwater and are highly mobile and water soluble, making groundwater and surface water particularly vulnerable to contamination. Therefore, a major source of human exposure to PFAS is through ingestion of contaminated drinking water. Exposure is dose-additive, meaning that exposure to low levels of multiple PFAS, which individually would pose little or no risk, can result in a combined dose capable of causing adverse health effects.

47.    While there are thousands of different PFAS chemicals, current scientific evidence shows that harmful health effects can result from consuming drinking water with any level of PFOA or PFOS, and at certain aggregate levels of PFHxS, PFNA, PFBS, and GenX Chemicals. Depending on the type of PFAS, negative health effects include increased risk of certain types of cancer and adverse impacts on fetal growth and development; reproduction; and on liver, thyroid, immune, cardiovascular, and/or nervous system function.

48.    PFOA and PFOS have been the most widely used PFAS, and they are the most studied by regulators and the scientific community. While some industries voluntarily phased out products containing PFOA and PFOS by 2015, their limited use continues even in the United States. Due to their persistent nature, PFOA and PFOS remain in the environment from decades of legacy industrial use.

49.    Products based on PFAS consisting of shorter fluorinated carbon chains were developed to replace "long-chain" PFAS like PFOA and PFOS, and they are now used in industrial applications to confer similar properties and characteristics. These "short-chain" PFAS are still bioaccumulative and environmentally persistent, and some short-chain PFAS products

15

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

nevertheless still contain PFOA and PFOS and their precursors. Terminal short-chain PFAS include PFBS and GenX Chemicals.

50.     Based on the science available in 2009, EPA published provisional drinking water health advisories for short-term exposure to PFOA and PFOS.[1] The advisory levels at that time were 400 parts per trillion ("ppt") for PFOA and 200 ppt for PFOS. In the same publication, EPA reported that it conducted sampling of public drinking water in Alabama communities, finding PFOA and PFOS levels lower than 40 ppt. It explained, "Based on its current understanding, EPA believes these levels are not of concern and residents may rely upon public water systems."[2]

51.     On May 16, 2016, due to the evolution of science on the health effects of PFOA and PFOS, EPA published lifetime health advisory levels for each chemical in drinking water.[3] Superseding the 2009 provisional levels, the 2016 levels for PFOA and PFOS were 70 ppt, independently or in the aggregate. EPA explained that its new health advisories "identify the concentration of PFOA and PFOS in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure."[4]

52.     EPA's 2016 Health Advisories were based on peer-reviewed studies of the effects of PFOA and PFOS on laboratory animals and epidemiological studies of human populations exposed to PFOA and PFOS. These studies indicated that exposure to PFOA and PFOS over

---

[1] U.S.E.P.A., Provisional Health Advisories for Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS) (Jan. 8, 2009), *available at* https://www.epa.gov/sites/default/files/2015-09/documents/pfoa-pfos-provisional.pdf.

[2] *Id.*

[3] Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate, 81 Fed. Reg. 33250 (May 25, 2016).

[4] *Id.*

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

certain levels may result in adverse health effects, including developmental defects to fetuses, cancer (testicular, kidney), liver effects, immune effects, thyroid effects, and other adverse effects. But based on its review of the science, EPA stated that its analysis indicated exposure to PFOA and PFOS at or below health advisory levels "will not result in adverse health effects (including cancer and non-cancer) to the general population over a lifetime (or any shorter period) of exposure to these chemicals."[5]

53.     On June 15, 2022, EPA again updated health advisory levels for PFOA and PFOS on an interim basis, which replaced the 2016 advisory levels.[6] EPA explained that updated human epidemiological data indicated "that the level at which negative health effects could occur are much lower than previously understood when the agency issued its 2016 health advisories for PFOA and PFOS"—finding "associations between PFOA and/or PFOS exposure and effects on the immune system, the cardiovascular system, development (e.g., decreased birth weight), and cancer."[7] Concerned with the public health implications of its data, EPA issued interim levels pending determination of maximum contaminant levels and maximum contaminant level goals. The interim levels were 0.004 ppt for PFOA and 0.02 ppt for PFOS.

54.     Simultaneously, EPA also issued health advisories for the first time covering PFBS and GenX Chemicals. EPA reported that "GenX Chemicals have been linked to health effects on the liver, the kidney, the immune system, and developmental effects, as well as cancer."[8] For

---

[5] *Id.*

[6] Lifetime Drinking Water Health Advisories for Four Perfluoroalkyl Substances, 87 Fed. Reg. 36848 (June 21, 2022).

[7] *Id.*

[8] *Id.*

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

PFBS, it noted studies indicating health effects on the thyroid, reproductive system, development, and kidney. Based on its 2021 toxicity studies for these chemicals, EPA released final health advisories for each: GenX Chemicals at 10 ppt and PFBS at 2,000 ppt.

55.     In March of 2023, EPA issued proposed maximum contaminant levels ("MCLs") and maximum contaminant level goals ("MCLGs") for PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals.[9] An MCLG is the maximum level of a contaminant in drinking water at which no known or anticipated adverse effect on the health of persons would occur, allowing an adequate margin of safety. An MCL is the maximum allowable level of a contaminant that may be delivered to any user of a public water system and is based on the feasibility of existing technology to detect PFAS at a threshold level.

56.     At that time, EPA announced that, "[f]ollowing a systematic review of available human epidemiological and animal toxicity studies, EPA has determined that PFOA and PFOS are likely to cause cancer (e.g., kidney and liver cancer) and that there is no dose below which either chemical is considered safe."[10] Therefore, it proposed MCLG levels for both chemicals at zero ppt. Enforceable MCL levels for each chemical were proposed at 4 ppt. According to EPA, "[a]ny exceedance of this limit requires action to protect public health, regardless of any mixture in which they are found."[11]

57.     Due to their toxic effects, dose additivity, and presence in drinking water, EPA proposed a hazard index approach covering mixtures of PFHxS, PFNA, PFBS, and GenX

---

[9] PFAS Nat'l Primary Drinking Water Regulation Rulemaking, 88 Fed. Reg. 18638 (Mar. 29, 2023) (to be codified at 40 C.F.R. pt. 141, 142).

[10] *Id.*

[11] *Id.*

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Chemicals. The hazard index is the sum of each PFAS's "hazard quotient." Hazard quotients are first calculated by dividing the applicable PFAS's "exposure metric" (i.e., concentration in drinking water) by its "health reference value" (PFHxS: 9 ppt; GenX Chemicals: 10 ppt; PFNA: 10 ppt; PFBS: 2,000 ppt). If the sum of each's hazard quotient is below 1.0, then it "represents a level at which no known or anticipated adverse effects on the health of persons is expected to occur and which allows for an adequate margin of safety."[12] If greater than 1.0, then "potential risk is indicated."[13]

58.    EPA stated that, once its proposed MCLs became final, it would "save thousands of lives and prevent tens of thousands of avoidable illnesses."[14]

59.    EPA finalized its proposed MCLs and MCLGs on April 10, 2024.[15] In accompanying publications, EPA declared, "The science is clear: exposure to these six PFAS is linked to significant health risks" that include "certain cancers and heart impacts in adults, and immune and developmental impacts in infants and children."[16]

---

[12] *Id.*

[13] *Id.*

[14] U.S.E.P.A., *EPA Releases Annual Report Showing Steady Progress to Protect Communities from PFAS Pollution* (Dec. 14, 2023), *available at* https://www.epa.gov/newsreleases/epa-releases-annual-report-showing-steady-progress-protect-communities-pfas-pollution.

[15] U.S.E.P.A., PFAS Nat'l Primary Drinking Water Regulation Rulemaking (Apr. 10, 2024), *available at* https://www.epa.gov/system/files/documents/2024-04/pfas-npdwr_prepubfederalregisternotice_4.8.24.pdf (pre-publication version).

[16] U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024); *see also* U.S.E.P.A., Final PFAS Nat'l Drinking Water Regulation Landing Page, http://www.epa.gov/sdwa/and-polyfluoroalkyl-substances-pfas (providing links to EPA PFAS regulation publications).

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

60. The final regulation solidifies MCLs of 4.0 ppt for PFOA and PFOS and 10.0 ppt for PFNA, PFHxS, and GenX Chemicals, including a Hazard Index that covers mixtures of PFBS with PFNA, PFHxS, and GenX Chemicals. It also enshrines MCLGs of zero ppt for PFOA and PFOS, which EPA states "reflects the latest science showing that there is no level of exposure to these two PFAS without risk of health impacts."[17] According to EPA, "[t]he more you reduce your exposure to PFAS, the more you reduce your risk."[18]

61. EPA's final regulations mandate several new obligations regarding PFAS, including the implementation of solutions to reduce regulated PFAS concentrations in the drinking water that Plaintiff distributes, maintenance of ongoing compliance monitoring, and informing the public of PFAS levels in the water and of any violations.

62. EPA's April 10, 2024 regulation imposed a deadline of 2027 for Plaintiff to begin conducting and reporting regular PFAS monitoring and a deadline of 2029 for Plaintiff to comply with all MCLs.

63. On May 14, 2025, EPA affirmed its intention to maintain the April 10, 2024 regulation MCLs and MCLGs for PFOA and PFOS, but it announced plans to propose extending the MCL compliance deadline by two years, to 2031, "[t]o allow drinking water systems more time to develop plans for addressing PFOA and PFOS where they are found and implement solutions."[19] Although EPA announced its intention to rescind the MCLs concerning PFNA,

---

[17] U.S.E.P.A., *Presentation: Overview EPA PFAS NPDWR* (Apr. 10, 2024).

[18] U.S.E.P.A., *Frequently Asked Questions and Answers: Final PFAS Nat'l Drinking Water Regulation* (Apr. 10, 2024).

[19] U.S.E.P.A., *EPA Announces It Will Keep Maximum Contaminant Levels for PFOA, PFOS* (May 14, 2025), *available at* https://www.epa.gov/newsreleases/epa-announces-it-will-keep-maximum-contaminant-levels-pfoa-pfos [hereinafter *EPA 2025 MCL Announcement*].

20

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

PFHxS, and GenX Chemicals, as well as the Hazard Index covering mixtures of PFBS, PFNA, PFHxS, and GenX Chemicals, it did so "to ensure that the determinations and any resulting drinking water regulation follow the legal process laid out in the Safe Drinking Water Act," and EPA did not retract its prior statement that the science shows that exposure to these types of PFAS is linked to significant health risks.[20] At the same time, EPA expressed the importance of protecting public health and "ensur[ing] that polluters are held responsible."[21]

64.     EPA's recent announcement stated that "EPA plans to issue a proposed rule this fall and finalize this rule in the Spring of 2026."[22] Under the April 10, 2024 final National Primary Drinking Water Regulation, Plaintiff must begin conducting and reporting regular PFAS monitoring by 2027, and Plaintiff must comply with all MCLs by 2029. EPA's planned rule would extend Plaintiff's MCL compliance deadline for PFOA and PFOS from 2029 to 2031.

## II.     Contamination of Lake Greenwood and Plaintiff's Water Supply with PFAS

65.     Lake Greenwood was formed in the late 1930s from the construction of a hydroelectric dam downstream of the confluence of the Saluda and Reedy Rivers. Both rivers flow southeast through Greenville, South Carolina and, from there, feed Lake Greenwood roughly 35 miles downstream.

66.     Plaintiff's surface water intake rests on Lake Greenwood in Laurens County, South Carolina, and draws water from the lake for treatment at Plaintiff's SWTP.

67.     PFAS sampling of the Saluda River, Reedy River, and Lake Greenwood upstream of Plaintiff' water intake confirms the presence of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Chemicals throughout these bodies of water, and they exist at levels exceeding EPA's MCLs and MCLGs at Plaintiff's water intake. Indeed, sampling at Plaintiff's water intake confirm the presence of PFOA and PFOS at concentrations higher than what EPA deems unsafe for consumption. Defendants are the source.

68.     Discharger Defendants are owners and operators of manufacturing plants, related industrial facilities, and/or waste disposal services near Laurens County. In their industrial processes, Discharger Defendants utilize products that contain or degrade to PFOS, PFOA, PFHxS, PFNA, PFBS, and/or GenX Chemicals. Discharger Defendants' industrial processes generate industrial wastewater containing these PFAS chemicals and/or their precursors, which they discharge to the Mauldin Road, Lower Reedy, Piedmont Regional, Breazeale, Marshall, Ducworth, Williamston, Georges Creek, and Middle Branch WWTPs.

69.     The Mauldin Road WWTP utilizes conventional wastewater treatment methods to treat wastewater, which are unable to remove PFAS. After treatment, the Mauldin Road WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into the Reedy River upstream of Lake Greenwood. These PFAS and their precursors flow downstream to Plaintiff's water intakes on Lake Greenwood, damaging Plaintiff's properties and contaminating its water source.

70.     The Lower Reedy WWTP utilizes conventional wastewater treatment methods to treat wastewater, which are unable to remove PFAS. After treatment, the Lower Reedy WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into the Reedy River upstream of Lake Greenwood. These PFAS and their precursors flow downstream to Plaintiff's water intake on Lake Greenwood, damaging Plaintiff's properties and contaminating its water source.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

71.    The Piedmont Regional WWTP utilizes conventional wastewater treatment methods to treat wastewater, which are unable to remove PFAS. After treatment, the Piedmont Regional WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into the Saluda River upstream of Lake Greenwood. These PFAS and their precursors flow downstream to Plaintiff's water intake on Lake Greenwood, damaging Plaintiff's properties and contaminating its water source.

72.    The Breazeale WWTP, Marshall WWTP, and Ducworth WWTP are all operated by the City of Belton, South Carolina and utilize conventional wastewater treatment methods to treat wastewater, which are unable to remove PFAS. The Breazeale and Marshall WWTPs do not discharge to surface waters but instead internally discharge to the Ducworth WWTP, which then discharges to the Saluda River. After treatment, the WWTPs ultimately discharge water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals into the Saluda River upstream of Lake Greenwood. These PFAS and their precursors flow downstream to Plaintiff's water intakes on Lake Greenwood, damaging Plaintiff's properties and contaminating its water source.

73.    The Williamston WWTP utilizes conventional wastewater treatment methods to treat wastewater, which are unable to remove PFAS. After treatment the Williamston WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals to the Saluda River upstream of Lake Greenwood. These PFAS and their precursors flow downstream to Plaintiff's water intakes on Lake Greenwood, damaging Plaintiff's properties and contaminating its water source.

23

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

74.     The Georges Creek WWTP utilizes conventional wastewater treatment methods to treat wastewater, which are unable to remove PFAS. After treatment, the Georges Creek WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to the Saluda River upstream of Lake Greenwood. These PFAS and their precursors flow downstream to Plaintiff's water intakes on Lake Greenwood, damaging Plaintiff's properties and contaminating its water source.

75.     The Middle Branch WWTP utilizes conventional wastewater treatment methods to treat wastewater, which are unable to remove PFAS. After treatment, the Middle Branch WWTP discharges water contaminated with Defendants' products that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to Brushy Creek, which flows into the Saluda River upstream of Lake Greenwood. These PFAS and their precursors flow downstream to Plaintiff's water intakes on Lake Greenwood, damaging Plaintiff's properties and contaminating its water source.

76.     All Defendants knew or should have known that these WWTPs utilize conventional treatment methods for wastewater that cannot remove Defendants' PFAS. All Defendants also knew or should have known that the WWTPs discharge treated effluent contaminated with their PFAS chemicals to the rivers, contaminating the water that Plaintiff draws for its customers.

77.     Despite knowing of the adverse health and environmental effects of PFAS, particularly the chemicals' capacity to endanger drinking water supplies when released to surface waters, Supplier Defendants did not require, instruct, advise, or otherwise direct the Discharger Defendants to dispose of their PFAS-containing wastewater in a manner that would prevent this effluent from entering surface waters and contaminating Plaintiff's properties.

24

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

78.     Plaintiff's SWTP utilizes conventional water treatment technologies to treat raw water, none of which remove PFAS. Instead, Plaintiff's SWTP requires new water treatment technologies to do so.

79.     All Defendants knew or should have known that conventional treatment technologies used by public water systems like Plaintiff's cannot remove Defendants' PFAS from water that is treated and distributed as potable drinking water.

## III.     Supplier Defendants Had Superior Knowledge of PFAS's Hazardous Properties.

80.     All Defendants have long known that PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are environmentally persistent, bioaccumulative, dose-additive, and toxic; that they cannot be removed by conventional water and wastewater treatment methods; and that there is no safe dose for PFOA and PFOS.

81.     Old DuPont pioneered the field of PFAS chemistry in the middle of the twentieth century, and it was long a leader in the industry. Old DuPont's knowledge of the properties of PFAS, including knowledge of the compounds' chemistry, toxicology, environmental fate, and effects on human health has been virtually unmatched, typically exceeding that of government regulators, the scientific community, and the public.

82.     Old DuPont has maintained an in-house staff of doctors, environmental engineers, industrial hygienists, and scientists in health-related fields, as well as a corporate industrial medicine program. Old DuPont was thus well equipped to understand the potential dangers of exposing people to PFAS via drinking water.

83.     By the early 1960s, Old DuPont understood PFOA and PFNA to be toxic based on studies that found exposure to the chemicals to increase liver size in rats, and by the mid-1960s, if not earlier, Old DuPont knew that PFOA could leach from waste into water and groundwater.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

84. In 1978, Old DuPont began to review and monitor the health conditions of its workers who were potentially being exposed to PFOA. Old DuPont subsequently found that PFOA is "toxic" and that "continued exposure is not tolerable," but it did not disclose this to the public or to EPA. Three years later, Old DuPont again failed to disclose data demonstrating the transplacental movement of PFOA to fetuses. It also failed to disclose widespread PFOA contamination in public drinking water sources resulting from discharges at its Washington Works facility near Parkersburg, West Virginia, where PFOA concentrations exceeded Old DuPont's own Community Exposure Guideline.

85. In 1991, Old DuPont researchers recommended following up a study from ten years earlier of employees who might have been exposed to PFOA. The prior study showed elevated liver enzymes in the blood of Old DuPont workers. On information and belief, for the purpose of avoiding or limiting liability, Old DuPont chose not to conduct the follow-up study, instead postponing it until after it was sued.

86. By 1999, at the latest, Old DuPont knew that PFOA was present in its products based on telomer PFAS chemistry.

87. In or around December 2005, Old DuPont agreed to pay a $10.25 million fine to the federal government arising from its failures to disclose information to EPA about PFOA's health risks. Upon information and belief, in statements to the public and government regulators, Old DuPont has repeatedly and falsely claimed that human exposure to PFOA has no adverse health consequences. In a May/June 2008 publication, for example, Old DuPont stated that "the weight of the evidence indicates that PFOA exposure does not pose a health risk to the general public," and "there are no human health effects known to be caused by PFOA, although study of the chemical continues." Old DuPont made those statements against the advice of its own

26

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Epidemiology Review Board, which urged it not to make public statements asserting that PFOA does not pose any health risks. In 2005, EPA levied a record-setting $16.5 million civil penalty against Old DuPont for failing to disclose to EPA information about the health risks of PFOA and about the company's environmental releases of PFOA in West Virginia and Ohio.

88.     For decades, Old DuPont purchased the PFOA it used in the manufacture of Teflon and other products from 3M Company ("3M").

89.     In May 2000, 3M announced it would phase out its manufacture and sale of products based on long-chain PFAS, including PFOA and PFOS, by 2002. In its public announcement of the phaseout, 3M cited the chemicals' environmental persistence and its finding that PFOS was present in the blood of the general public.

90.     In response to 3M's phaseout announcement, and despite the public concerns 3M cited for its phaseout decision and Old DuPont's own internal knowledge of the risks to human health and the environment posed by PFOA, Old DuPont did not cease using PFOA or eliminate PFOA from its products. Instead, Old DuPont opened its own plant to manufacture PFOA to use in the manufacture of Old DuPont's products.

91.     As demonstrated by its material safety data sheet for PFOA, Old DuPont knew PFOA required disposal by incineration by at least 1991.

92.     Old DuPont participated in the Telomer Research Program ("TRP") that was convened by EPA in the early 2000s to coordinate research and data on PFOA and PFAS manufactured by the telomerization process. The TRP consisted of the leading telomer-based PFAS manufacturers. Through its participation in the TRP, Old DuPont obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer

27

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

93. In 2015, Old DuPont spun off its Performance Chemicals business (which included the design, manufacture, marketing, and sale of PFAS, as well as the environmental liabilities) to Chemours. Chemours inherited Old DuPont's expertise, resources, and knowledge of PFAS, and PFOA in particular.

94. Huntsman uses PFAS manufactured by other Supplier Defendants, including Old DuPont and Chemours, to blend with other non-PFAS components in the manufacture of the PFAS products it sells. Upon information and belief, Huntsman has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

95. Daikin is a subsidiary of Daikin Industries, Ltd., which has been in the PFAS business in Japan since the 1940s. It entered the U.S. market in the early 1990s, establishing manufacturing operations in Decatur, Alabama, adjacent to 3M's plant there.

96. Daikin purchased PFOA from 3M for use as a processing chemical in its manufacture of fluoropolymers. Daikin knew from the early 1990s that PFOA was carcinogenic, bioaccumulative, environmentally persistent, and soluble in water.

97. Though fully aware of the reasons that 3M decided to withdraw its products based on long-chain PFAS in 2000, Daikin rushed to fill as much of the PFAS market left by 3M as possible, with the specific intent to prevent customers from shifting to non-PFAS products.

98. Underscoring its position as one of the world's leading PFAS manufacturers, Daikin participated in the TRP during the 2000s, through which it obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

99.     Daikin was well aware of the need to incinerate or otherwise treat wastewater to remove PFAS; indeed, Daikin practiced incineration for the PFAS-containing wastewater generated at its Decatur, Alabama facility by or around the mid-2000s.

100.     Asahi is a subsidiary of AGC, Inc., f/k/a Asahi Glass Co., Ltd., a Japanese company that has manufactured and sold PFAS products since at least the 1970s. Upon information and belief, Asahi has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

101.     Underscoring its position as one of the world's leading PFAS manufacturers, Asahi participated in the TRP during the 2000s, through which it obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

102.     Arkema is a subsidiary of Arkema S.A., a French company formed in 2004 from a reorganization of Total S.A.'s chemicals business. Arkema S.A. and its predecessors have been manufacturing PFAS since at least the 1950s. Upon information and belief, Arkema has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

29

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

103. Atotech uses PFAS manufactured by other Supplier Defendants to blend with other non-PFAS components in the manufacture of the PFAS products it sells. Upon information and belief, Atotech has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOS, and/or their precursors, are present in the products it manufactures and sells.

104. Atotech was aware of the environmental and human health concerns that 3M cited in its phaseout of PFOS-based products from the U.S. market, yet for years after 3M's phaseout announcement it continued to supply products it knew contained or could degrade to PFOS.

105. Clariant was formed in 1995 and was previously known as Sandoz Chemical Corporation and as Sodeyco, Inc. Upon information and belief, Clariant has long known that PFAS are persistent, bioaccumulative, and toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells.

106. Underscoring its position as one of the world's leading PFAS manufacturers, Clariant participated in the TRP during the 2000s, through which it obtained and shared with other PFAS manufacturers information about various aspects of PFOA and telomer PFAS, such as their chemical degradation pathways, the fate and transport of PFAS products from customer facilities to the environment and public water supplies, and human health risks associated with exposure to these chemicals.

107. Archroma was formed in 2013 through the sale of Clariant's textile, paper, and emulsions business to SK Capital Partners. Archroma inherited Clariant's expertise, resources, and knowledge of PFAS.

108. Solvay is the successor of Solvay Solexis, Inc. and Ausimont USA, Inc. Upon information and belief, Solvay has long known that PFAS are persistent, bioaccumulative, and

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

toxic, and that terminal PFAS such as PFOA, and/or their precursors, are present in the products it manufactures and sells. At its Gloucester County, New Jersey facility, Solvay's use of PFOA and PFNA in the manufacture of fluoropolymer products has caused severe contamination of drinking water, surface waters, groundwater, and soils in the surrounding vicinity. In 2023, Solvay settled a lawsuit brought by the State of New Jersey arising from this contamination for $393 million.

109.    Safe or safer nonfluorinated alternatives to PFAS-based products exist, as demonstrated by some of Supplier Defendants' own current product offerings. Such nonfluorinated alternatives could have been commercially viable much earlier (and the harm to Plaintiff mitigated) if Supplier Defendants had not chosen to ignore the clear evidence of health and environmental dangers they possessed many years ago.

110.    Despite Supplier Defendants' knowledge that their products contained or degraded to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals; that these PFAS were environmentally persistent, bioaccumulative, dose-additive, and toxic; that conventional wastewater treatment technologies utilized by wastewater treatment facilities could not remove their PFAS from wastewater; and that Discharger Defendants discharged these PFAS to the Reedy River and Saluda River upstream from Lake Greenwood, damaging and interfering with Plaintiff's property rights and public health, Supplier Defendants continued to sell products containing or degrading to these PFAS to Discharger Defendants. Specifically:

(a)    Asahi continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Asahiguard and Surflon;

(b)    Arkema continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Kynar;

31

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

(c)     Atotech continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Fumetrol;

(d)     Clariant continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Nuva;

(e)     Archroma continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Nuva and Fluowet;

(f)     Daikin continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Unidyne;

(g)     Old DuPont continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Teflon, Zonyl, and Capstone;

(h)     Chemours continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Capstone;

(i)     Huntsman continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Phobol and Oleophobol; and

(j)     Solvay continued to sell products containing or degrading to these PFAS to Discharger Defendants under brand names including Algoflon and Halar.

## IV.     Supplier Defendants Were Directly Involved in Discharger Defendants' PFAS Use and Disposal.

111.     At all times relevant hereto, Supplier Defendants were directly involved in, and exercised control over, Discharger Defendants' use, handling, application, and disposal of Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals.

32

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

112. Supplier Defendants specified the type and amount of PFAS-containing products to be used or applied, and the manner in which PFAS-containing products were to be used or applied, at Discharger Defendants' facilities upstream from Plaintiff's intake on Lake Greenwood.

113. Supplier Defendants designed and provided equipment for the use of their PFAS-containing products at Discharger Defendants' facilities upstream from Plaintiff's intake on Lake Greenwood.

114. Supplier Defendants jointly conducted research with Discharger Defendants for new PFAS-containing products as well as methods of using or applying these products.

115. Supplier Defendants monitored the products manufactured by Discharger Defendants for the amount of PFAS-containing products used in the manufacture of Discharger Defendants' products in order to ensure those products met Supplier Defendants' specifications on the amount of PFAS-containing products to be used or applied.

116. Some Supplier Defendants, including Arkema, Archroma, Atotech, and Solvay, maintained offices and/or laboratories near Discharger Defendants' facilities upstream from Plaintiff's intake on Lake Greenwood, and all Supplier Defendants were in constant contact with the Discharger Defendants concerning the use, handling, application, and disposal of their PFAS-containing products.

117. Employees of the Supplier Defendants were routinely present in Discharger Defendants' facilities to provide direction, support, and technical assistance concerning the use, handling, application, and disposal of Supplier Defendants' PFAS-containing products.

118. Supplier Defendants provided information to the Discharger Defendants concerning the health and environmental impacts of Supplier Defendants' PFAS-containing products, and the Discharger Defendants, at least in part, relied on this information.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

119. Supplier Defendants were familiar with the wastewater disposal practices of the Discharger Defendants' facilities, including that a portion of the Supplier Defendants' PFAS-containing products went into the Discharger Defendants' wastewater streams and that the treatment methods used by the Discharger Defendants' receiving WWTPs could not remove Defendants' PFAS from the effluent. Supplier Defendants nevertheless failed to require, instruct, advise, or otherwise direct the Discharger Defendants to dispose of their PFAS-containing wastewater in a manner that would prevent this effluent from entering surface waters and contaminating Plaintiff's property. Supplier Defendants continued to sell their PFAS-containing products to Discharger Defendants they knew or should have known were disposing of the products in an environmentally irresponsible manner.

120. Supplier Defendants have been aware for many years of the presence of their PFAS chemicals in the Reedy River, Saluda River, and Lake Greenwood upstream of Plaintiff's intake.

## V. Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of Their PFAS Products.

121. Supplier Defendants actively worked to suppress and delay scientific understanding and government regulation of PFAS by, among other things, suppressing and altering critical internal studies documenting the harms of their PFAS-containing products, distorting public discourse on and downplaying the harmful effects of PFAS, misleading EPA on the safety of their PFAS-containing products and PFAS more generally, and hiring leaders in the scientific community to exert influence and suppress unwanted information contrary to their position.

122. Supplier Defendants, by agreement and/or tacit understanding between them, each knowingly pursued a common plan and design and/or acted in concert to market and promote products they knew to be dangerous to the environment and human health. Supplier Defendants engaged in concerted conduct for the purpose of suppressing, concealing, and minimizing

34

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information on the risks to human health and the environment posed by PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and for the purpose of delaying, obstructing, and interfering with regulators' investigation and regulation of these chemicals.

123. The delay in PFAS regulation resulted directly from Supplier Defendants' concerted efforts, over decades, to conceal critical studies from the scientific community and simultaneously introduce studies and media downplaying the adverse effects of PFAS.

## VI. Old DuPont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from Its PFAS Liabilities.

124. By 2013, Old DuPont understood that it faced massive, mounting environmental liabilities arising from its decades-long manufacture, use, marketing, sale, and distribution of PFAS, likely totaling in the billions of dollars.

125. Beginning in or around 2013, Old DuPont sought to isolate these PFAS-related liabilities from its billions of dollars in valuable assets and to evade responsibility for the environmental harms it caused. This scheme unfolded over several years and involved the creation of multiple new corporate entities.

126. The first major step in this scheme was the 2015 spinoff of Chemours, a newly formed entity that received Old DuPont's Performance Chemicals business. Along with this transfer, Old DuPont saddled Chemours with a significant portion of Old DuPont's environmental liabilities.

127. Per the separation agreement between Old DuPont and Chemours, Chemours assumed liabilities related to Old DuPont's manufacture, use, and sale of PFAS and agreed to indemnify Old DuPont against all liabilities associated with the Performance Chemicals business—regardless of when those liabilities arose and against whom those liabilities are asserted or determined.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

128. Internally, Old DuPont knew that Chemours lacked the financial resources to adequately cover the PFAS-related liabilities Old DuPont had transferred to Chemours.

129. In 2017, Old DuPont completed a merger with The Dow Chemical Company ("Old Dow") to create DowDuPont, Inc. This so-called "merger of equals" was carefully structured to avoid exposing Old Dow's assets to Old DuPont's PFAS liabilities. Rather than a true integration, this transaction served as a temporary restructuring vehicle by which Old DuPont sought to further separate the company's valuable assets from its PFAS liabilities and other environmental obligations.

130. Following the merger, assets were stripped out of Old DuPont and transferred to DowDuPont, which then mixed and combined the assets of Old DuPont with the assets of Old Dow. DowDuPont then recognized its business into three distinct business segments: Agriculture, Materials Science, and Specialty Products.

131. This restructuring paved the way for the creation of three independent companies by 2019: (1) Corteva, which holds the Agriculture business and became the parent holding company of Old DuPont; (2) Dow, Inc. ("New Dow"), which holds the Materials Science business and became the parent company of Old Dow; and (3) DuPont de Nemours, Inc. (i.e., New DuPont), which was formerly known as DowDuPont and retained the Specialty Products business as well as some non-core business segments and product lines once belonging to Old DuPont.

132. Pursuant to the separation agreement between Corteva, New Dow, and DowDuPont/New DuPont, Corteva and New DuPont have each assumed responsibility for certain Old DuPont liabilities, including Old DuPont liabilities related to PFAS.

**VII.     Defendants Have Harmed Plaintiff and Plaintiff's Community.**

36

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

133.    Discharger Defendants have, for decades, discharged PFOA, PFOS, PFHxS, PFNA, PFBS, GenX Chemicals, and their precursors into the Reedy River, Saluda River, and Lake Greenwood, which have caused, and continue to cause, contamination of these waters with PFAS chemicals exceeding EPA's current health advisories, MCLGs, and MCLs. Indeed, absent new treatment technologies, Plaintiff cannot use its properties and exercise its property rights to provide water that is either free of all PFOA and PFOS, or compliant with EPA's MCLs.

134.    Supplier Defendants have supplied products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to Discharger Defendants, while knowing that Discharger Defendants discharge wastewater laden with these PFAS to wastewater treatment facilities that cannot remove them from the wastewater before it is discharged to the Reedy River and Saluda River upstream of Plaintiff's water intakes.

135.    Defendants' conduct has proximately caused the contamination of the Reedy River; Saluda River; Lake Greenwood; and of Plaintiff's land, its SWTP, and its water treatment and distribution systems with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals, including PFOA and PFOS at concentrations above EPA's current MCLGs and MCLs.

136.    Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in acts and omissions that have proximately caused unreasonable interference with Plaintiff's right to use and enjoy its properties and its right to use the waters of Lake Greenwood, and have caused Plaintiff additional past, present, and future injury to property.

137.    Despite knowing that there is no safe dose for PFOA or PFOS, and that PFHxS, PFNA, PFBS, and GenX Chemicals are hazardous to human health,

37

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

(a)     Discharger Defendants, directly or indirectly, discharged industrial wastewater contaminated with these chemicals into the Reedy River, Saluda River, and Lake Greenwood, which they knew or should have known contaminated Plaintiff's property; and

(b)     Supplier Defendants continued to supply these chemicals to Discharger Defendants, knowing that they discharged these chemicals into the Reedy River, Saluda River, and Lake Greenwood, which Supplier Defendants knew or should have known contaminated Plaintiff's property.

## FIRST CAUSE OF ACTION

### Private Nuisance

138.     Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

139.     Plaintiff is a special purpose district that operates a surface water treatment plant and water treatment and distribution system for the purposes of producing and supplying safe potable water for its customers. It uses its properties and property rights for those purposes, including the withdrawal of raw water from Lake Greenwood, the treatment of raw water into potable drinking water, and the distribution of treated potable drinking water to its customers.

140.     Plaintiff owns riparian property abutting Lake Greenwood, and Plaintiff has a riparian property right in the reasonable use of the waters of Lake Greenwood, including for its provision of water to its customers.

141.     Through the conduct described herein, Defendants created, contributed to, and/or maintained a nuisance; that is, the contamination of the Reedy River, Saluda River, and Lake Greenwood with PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals at concentrations exceeding those EPA deems unsafe for consumption.

142.   Due to Defendants' contamination, Plaintiff cannot provide water to its customers without PFAS, or even at PFAS concentrations that comply with EPA's MCLs, absent new water treatment technology.

143.   Defendants' contamination caused, contributed to, and/or maintains a nuisance that substantially and unreasonably interferes with Plaintiff's use and enjoyment of its properties, interferes with Plaintiff's properties and its property rights and riparian rights, damages Plaintiff's properties, and causes Plaintiff additional inconvenience, annoyance, and harm.

144.   Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights.

145.   As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer damages related to Defendants' contamination of the Reedy River, Saluda River, Lake Greenwood, and Plaintiff's property, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

146.   In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

147.   The ongoing contamination of the Reedy River, Saluda River, Lake Greenwood, and Plaintiff's properties constitutes a continuing irreparable injury for which there is no adequate remedy at law. Plaintiff requests that this Court issue an order and decree requiring Defendants to fund the measures necessary to prevent PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals from continuing to interfere with Plaintiff's use and enjoyment of its land and its use of Lake Greenwood to supply potable water to its customers.

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

148.    Defendants' interference with Plaintiff's use of its properties can be abated by funding the evaluation, testing, acquisition, installation, operation, and maintenance of new water treatment technology at Plaintiff's SWTP to remove PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

149.    Defendants are jointly and severally liable to Plaintiff for all damages resulting from this nuisance, and the costs of its abatement, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### Public Nuisance

150.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

151.    Plaintiff is a special purpose district that operates a surface water treatment plant and water treatment and distribution system for the purposes of producing and supplying safe potable drinking water for residents of Laurens County. It uses its properties for those purposes, including the withdrawal of raw water from Lake Greenwood, the treatment of raw water into potable drinking water, and the distribution of treated potable drinking water to customers in Laurens County.

152.    Plaintiff's customers use the water Plaintiff provides for many purposes, including drinking, cooking, bathing, cleaning, washing, and watering plants and gardens.

153.    Plaintiff's customers, and indeed all residents in Plaintiff's community, have a right to potable water that is reasonably pure and safe for their use—and thus free from contamination by Defendants' PFOA, PFOS, PFNA, PFHxS, PFBS, and GenX Chemicals. Defendants' contamination unreasonably interferes with, disrupts, and threatens public health, safety, and order. Indeed, EPA makes clear that there is no safe dose for consuming PFOA and PFOS.

40

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

154.    Plaintiff has sustained special injuries as a result of Defendants' public nuisance, including but not limited to, the lost use of its properties; the inability to provide potable water to customers without concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals deemed unsafe by EPA; expenses associated with the evaluation, testing, acquisition, installation, operation, and maintenance of required treatment technologies to remove unsafe concentrations of these PFAS from water; expenses incurred in discovering and identifying sources of Defendants' contamination; interference with Plaintiff's right to use Lake Greenwood; interference with the use of Plaintiff's SWTP and water treatment and distribution systems; and lost revenue.

155.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, now suffers, and will continue to suffer special injury and damages related to Defendants' contamination of the Reedy River, Saluda River, Lake Greenwood, and Plaintiff's properties.

156.    Defendants, individually and acting through their employees and agents, and in concert with each other, have knowingly, intentionally, recklessly, and/or negligently engaged in conduct that unreasonably interferes with Plaintiff's property rights and endangers the health of Plaintiff's customers, consumers of Plaintiff's drinking water, and Plaintiff's community.

157.    As a result of the nuisance caused by Defendants, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

158.    In addition to its claims for damages, Plaintiff is entitled to injunctive and/or equitable relief to abate the nuisance created, contributed to, and maintained by Defendants.

159.    Defendants' ongoing contamination constitutes a continuing threat to public health, safety, and order, and it constitutes irreparable injury for which there is no adequate remedy at law. Plaintiff requests that this Court issue an order and decree requiring Defendants to fund the

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

measures necessary to prevent PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals from continuing to threaten public health and safety and ensure that Plaintiff's customers and residents of Plaintiff's community receive water free from PFAS.

160.    Defendants' contamination of potable water with unsafe concentrations of PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals can be abated by requiring Defendants to fund the evaluation, testing, acquisition, installation, operation, and maintenance of new water treatment technology at Plaintiff's SWTP to remove PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

161.    Defendants are jointly and severally liable to Plaintiff for all damages resulting from this nuisance, the costs of abatement in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## THIRD CAUSE OF ACTION

### Trespass

162.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

163.    Plaintiff owns, possesses, and actively exercises its right to use its land, SWTP, and related buildings, improvements, property, and equipment that make up its water treatment and distribution system. Additionally, Plaintiff has the right to draw water from Lake Greenwood to provide potable water to its customers, and Plaintiff has a possessory interest in the water that it withdraws from Lake Greenwood to treat and sell to its customers.

164.    Discharger Defendants and Defendant Solvay intentionally discharged and continue to discharge PFAS and/or PFAS-containing products to the Mauldin Road, Lower Reedy, Piedmont Regional, Breazeale, Marshall, Ducworth, Williamston, Georges Creek, and/or Middle Branch WWTPs notwithstanding that they knew and/or reasonably should have known that:

42

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

(a)    these WWTPs cannot remove their PFAS and/or PFAS-containing products from wastewater before discharging to the Reedy and Saluda Rivers;

(b)    Plaintiff draws water from Lake Greenwood for the provision of safe potable water to its customers;

(c)    the water Plaintiff draws from Lake Greenwood is contaminated with the PFAS and/or PFAS-containing products the Discharger Defendants and Solvay discharge to these WWTPs; and, thereby,

(d)    water contaminated with high concentrations of Defendants' PFAS and/or PFAS-containing products invades Plaintiff's properties.

165.    Supplier Defendants intentionally supplied and continued to supply PFAS-containing products to Discharger Defendants notwithstanding that Supplier Defendants knew and/or reasonably should have known that:

(a)    Discharger Defendants discharged and continue to discharge Supplier Defendants' PFAS-containing products and/or PFAS to WWTPs that cannot remove Supplier Defendants' PFAS-containing products and/or PFAS from wastewater before discharge to the Reedy and Saluda Rivers;

(b)    Plaintiff draws water from Lake Greenwood for the provision of safe potable water to its customers;

(c)    water Plaintiff draws from Lake Greenwood is contaminated with Supplier Defendants' PFAS-containing products and/or PFAS that Discharger Defendants directly or indirectly discharged to each river; and, thereby

(d)    water contaminated with high concentrations of Defendants' PFAS and/or PFAS-containing products invades Plaintiff's properties.

43

166. Plaintiff has not consented to, and does not consent to, the invasion of its properties by water contaminated with PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals at concentrations exceeding EPA's MCLs and MCLGs and beyond what EPA deems unsafe for consumption.

167. Defendants' invasions of Plaintiff's properties are continuing and ongoing, and each separate invasion of PFAS-contaminated water constitutes a new trespass each time Plaintiff's water pumps are active.

168. Discharger Defendants and Solvay intend that, while using PFAS in their industrial processes, PFAS-containing wastewater generated by those processes be discharged to the Mauldin Road, Lower Reedy, Piedmont Regional, Breazeale, Marshall, Ducworth, Williamston, Georges Creek, and/or Middle Branch WWTPs. Discharger Defendants' and Solvay's conduct is wanton, willful, and in reckless disregard of Plaintiff's property and its property rights and riparian rights.

169. Supplier Defendants intend that Discharger Defendants, while using Supplier Defendants' PFAS-containing products in their industrial processes, dispose of the resulting wastewater contaminated with Supplier Defendants' PFAS-containing products by indirectly or directly discharging it to surface waters. Supplier Defendants' conduct is wanton, willful, and in reckless disregard of Plaintiff's property and its property rights and riparian rights.

170. Defendants' conduct is the actual and proximate cause of the invasion of PFAS-contaminated water into Plaintiff's properties, including its land, SWTP, and related buildings, improvements, property, and equipment that make up its water treatment and distribution systems. The damage to Plaintiff's properties is the direct and proximate result of Defendants' intentional conduct.

44

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

171.    As a direct, proximate, and foreseeable result of Defendants' trespasses, Plaintiff has suffered, now suffers, and will continue to suffer invasion of its property rights and damages, including loss in value, the cost of removing Defendants' PFAS, and other damages to be proved at trial.

172.    Defendants' ongoing trespasses can be abated by requiring Defendants to fund the evaluation, testing, acquisition, installation, operation, and maintenance of new water treatment technology at Plaintiff's SWTP to remove PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemical contamination.

## **FOURTH CAUSE OF ACTION**

### **Negligence, Gross Negligence, and/or Recklessness**

173.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

174.    Discharger Defendants have a duty to use due care in the handling, use, and disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to avoid causing an unreasonable risk of harm to others, which includes preventing the direct and/or indirect discharge of these PFAS into the Reedy River, Saluda River, and Lake Greenwood, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

175.    Discharger Defendants knew or should have known that the PFAS they discharged were environmentally persistent, bioaccumulative, dose-additive, and toxic, that conventional wastewater treatment technologies utilized by their wastewater treatment facilities could not remove their PFAS, and that surface waters—including the Reedy River, Saluda River, and Lake Greenwood—were vulnerable to the contamination that has taken and now takes place.

176.    Discharger Defendants nonetheless negligently, recklessly, wantonly, and/or willfully breached their duty in causing products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to escape their premises and contaminate the Reedy River,

45

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Saluda River, and Lake Greenwood, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

177. Supplier Defendants have a duty to use due care in the manufacturing, formulation, handling, control, disposal, labeling, and creation and dissemination of requirements and instructions for the use and disposal of products containing or that degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to ensure the proper use and disposal of these products and prevent their improper use and disposal.

178. Supplier Defendants had superior knowledge that their PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals contained in or degrading from their products were environmentally persistent, bioaccumulative, dose-additive, and toxic; that conventional wastewater treatment technologies utilized by wastewater treatment facilities could not remove these PFAS; that conventional water treatment technologies utilized by water systems like Plaintiff's could not remove these PFAS; and that surface waters, including the Reedy River, Saluda River, and Lake Greenwood, were vulnerable to the contamination that now takes place.

179. By continually supplying their PFAS-containing products without providing their customers with proper instruction and/or direction on appropriate PFAS disposal measures, or otherwise preventing the discharge of their PFAS to surface waters, Supplier Defendants breached their duty of care and negligently, recklessly, wantonly, and willfully created the risk that their PFAS would contaminate the Reedy River, Saluda River, and Lake Greenwood, thereby interfering with Plaintiff's property rights and injuring Plaintiff's property.

180. As a direct, proximate, and foreseeable result of Defendants' conduct, practices, actions, omissions, and inactions, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including but not limited to loss in value; the cost of removing

46

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Defendants' PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Defendants' PFAS; and other damages to be proved at trial.

181.    Defendants are jointly and severally liable to Plaintiff for all damages resulting from their conduct, practices, actions, omissions, and inactions, in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial, and costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

182.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

183.    Supplier Defendants design, manufacture, formulate, promote, market, and/or distribute products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals.

184.    Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals are used by Discharger Defendants in a reasonably foreseeable manner and without substantial change in the condition of such products, and Supplier Defendants knew that Discharger Defendants purchase and use their products without inspection for defects.

185.    Supplier Defendants knew that the use of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals purchased or otherwise acquired from them would result in their products being discharged to surface waters, and thereby enter and contaminate the source of water from which Plaintiff draws water and Plaintiff's SWTP and related

47

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

buildings, improvements, property, and equipment that make up its water treatment and distribution system.

186.    Supplier Defendants knew that their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were environmentally persistent and bioaccumulative, that not all of their products are exhausted or adhere in Discharger Defendants' applications, that a portion of their products enter wastewater and are thus discharged via Discharger Defendants' sewer pipes, and that wastewater treatment facilities utilize conventional wastewater treatment methods that cannot remove their products from wastewater before it is discharged to surface waters that Plaintiff relies on to supply potable water to the public, making Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals unreasonably dangerous.

187.    Despite the known and/or foreseeable risk of contaminating potable water sources and Plaintiff's properties, Supplier Defendants fail to provide adequate warnings to Discharger Defendants and other users or to take any other precautionary measure to mitigate these hazards.

188.    Supplier Defendants fail to adequately describe such dangers or provide precautionary statements regarding such hazards, and they fail to provide instruction or direction on the proper disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in the labeling of their products.

189.    As a direct and proximate result of Supplier Defendants' failure to warn of the dangers and hazards posed by discharging their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, such PFAS have damaged Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

distribution system, and Plaintiff is unable to provide potable water free from contamination with these chemicals.

190.    As a direct, proximate, and foreseeable result of Supplier Defendants' conduct, practices, actions, omissions, and inactions, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial.

191.    Supplier Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Their conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

## SIXTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity
### (Supplier Defendants)

192.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

193.    PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are unreasonably dangerous to humans and the environment.

194.    Supplier Defendants manufactured, formulated, handled, sold, and/or distributed products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to Discharger Defendants, knowing that these PFAS have been, and are presently, discharged to surface waters, and thereby enter and contaminate the source of water from which Plaintiff draws

49

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

195.    Rather than require the proper disposal of products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, Supplier Defendants required or permitted Discharger Defendants to discharge these products, which they knew to be hazardous, to surface waters upstream from Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

196.    Supplier Defendants knew that PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were environmentally persistent, bioaccumulative, dose-additive, and toxic; and Supplier Defendants knew there was no safe dose of PFOA or PFOS.

197.    Supplier Defendants knew or expected that these hazardous PFAS that they were manufacturing, formulating, handling, selling, and/or distributing would reach Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system while in essentially the same condition as when they left the hands of Supplier Defendants.

198.    Supplier Defendants manufactured, formulated, handled, sold, and/or distributed their products that were dangerous and unsafe for the uses and purposes for which they were intended despite knowing the consequences of their use and of exposure to their products.

199.    Supplier Defendants or their agents were responsible for the unreasonably dangerous products sold and distributed to Discharger Defendants and received financial benefits from their sale and distribution.

200.    As a direct, proximate, and foreseeable result of Supplier Defendants' ultrahazardous activities, their PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals have

50

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

damaged Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from contamination with these chemicals at concentrations reasonably safe for consumption.

201.    As a direct, proximate, and foreseeable result of Supplier Defendants' ultrahazardous activities, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial.

202.    Supplier Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Their conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

### SEVENTH CAUSE OF ACTION

#### Strict Products Liability – Design Defect
#### (Supplier Defendants)

203.    Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

204.    PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX Chemicals are unreasonably dangerous to humans and the environment.

205.    Supplier Defendants knew that Discharger Defendants would purchase and use their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals without inspection for defects.

51

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

206.    Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals have been, and are presently, discharged to surface waters, and thereby enter and contaminate the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

207.    Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were used in a reasonably foreseeable manner and without substantial change in their condition.

208.    Supplier Defendants knew that the use of their products containing or degrading to these PFAS in their intended manner would result in PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals contaminating the source of water from which Plaintiff draws water and Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system.

209.    Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals sold and/or distributed to Discharger Defendants were and are defective in design and unreasonably dangerous for their intended use because:

(a)    PFAS resist environmental degradation;

(b)    PFAS cause extensive and persistent surface water contamination when used and discharged to surface waters in their foreseeable and intended manner;

(c)    PFAS contamination in drinking water poses significant threats to public health and property; indeed, there is no safe dose of PFOA or PFOS in drinking water;

52

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

(d)    Supplier Defendants failed to conduct and/or failed to disclose reasonable, appropriate, and/or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of PFAS; and

(e)    There are and were safe or safer alternatives to PFAS that Supplier Defendants could have employed in their products.

210.    Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals were and are dangerous to a degree beyond that which was and is contemplated by the ordinary consumer.

211.    The foreseeable risk of harm to public health and property posed by Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals outweighed and outweigh the utility of such products and the cost to Supplier Defendants of reducing or eliminating those risks.

212.    A reasonable product manufacturer would have known of the significant dangers posed by Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals.

213.    As a direct, proximate, and foreseeable result of the use of Supplier Defendants' defective and unsafe products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, these PFAS have damaged Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system, and Plaintiff is unable to provide potable water free from contamination with these chemicals at concentrations reasonably safe for consumption.

214.    As a direct, proximate, and foreseeable result of the use of Supplier Defendants' defective and unsafe products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS,

53

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

and/or GenX Chemicals, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial.

215.     Supplier Defendants committed each of the above-described acts and omissions knowingly, willfully, and with oppression, fraud, and/or malice. Their conduct was performed to promote sales of their products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals in conscious disregard of the probable dangerous consequences of their conduct and the reasonably foreseeable impacts on public health and property.

## EIGHTH CAUSE OF ACTION

### Breach of Implied Warranties
### (Supplier Defendants)

216.     Plaintiff incorporates all prior allegations by reference as if fully set forth herein.

217.     Supplier Defendants manufacture, sell, and distribute products to be used in Discharger Defendants' ordinary industrial applications with knowledge of the purposes for which Discharger Defendants use their products.

218.     Supplier Defendants' products include those that contain or degrade to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and Supplier Defendants know or have reason to know that such products are not fit for the known and ordinary uses at Discharger Defendants' facilities.

219.     Supplier Defendants know that Discharger Defendants indirectly discharge Supplier Defendants' products containing or degrading to PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals to surface waters, including the Reedy and Saluda Rivers.

54

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

220.    Supplier Defendants know that PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals are environmentally persistent, bioaccumulative, dose-additive, and toxic, and Supplier Defendants know there is no safe dose of PFOA or PFOS.

221.    Supplier Defendants have breached applicable implied warranties, and as a result, Plaintiff's SWTP and related buildings, improvements, property, and equipment that make up its water treatment and distribution system are contaminated with Defendants' PFOA, PFOS, PFHxS, PFNA, PFBS, and/or GenX Chemicals, and Plaintiff is unable to provide potable water free from contamination with these chemicals at concentrations reasonably safe for consumption.

222.    As a direct, proximate, and foreseeable result of Supplier Defendants' breaches of implied warranties, Plaintiff has suffered, and will continue to suffer, losses resulting from injury to its properties, including loss in value; the cost of removing Supplier Defendants' PFAS; the costs of evaluating, testing, acquiring, installing, operating, and maintaining water treatment technologies capable of removing Supplier Defendants' PFAS; and other damages to be proved at trial. Plaintiff is entitled to damages in an amount that will address its damages caused by Supplier Defendants' breaches of implied warranties.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands trial by jury, and respectfully requests that the Court grant the following relief where available:

(a)    Enter a judgment and decree against all Defendants, jointly and severally, requiring them to abate the nuisance they have caused, created, and maintained;

(b)    Enter a judgment and decree against all Defendants, jointly and severally, requiring them to abate their trespasses onto Plaintiff's property;

(c)     Enter a judgment and decree against all Defendants, jointly and severally, requiring them to remove their PFOA, PFOS, PFHxS, PFNA, PFBS, and GenX chemicals from Plaintiff's water system by funding the evaluation, testing, acquisition, installation, operation, and maintenance of treatment technology capable of removing them;

(d)     Enter a judgment against all Defendants, jointly and severally, for past, present, and future compensatory damages in such amounts as the evidence shows Plaintiff to be justly entitled to recover, including interest and reasonable attorneys' fees and litigation expenses, and punitive damages, as applicable, in an amount sufficient to punish and penalize Defendants, and to deter them from repeating their wrongful conduct, and all costs; and

(e)     Award such other relief and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

*/s/ John B. White. Jr.*
John B. White, Jr. (S.C. Bar No. 5996)
Marghretta H. Shisko (S.C. Bar No. 100106)
Christopher R. Jones (S.C. Bar No. 101265)
Griffin L. Lynch (S.C. Bar No. 72518)
John B. White, Jr., P.A.
291 S. Pine Street
P.O. Box 2465 (29304)
Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

June 5, 2025

ELECTRONICALLY FILED - 2025 Jun 05 3:11 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 13 11:05 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LAURENS | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT |

IN RE:
PFAS LITIGATION COORDINATED DOCKET

---

Laurens County Water and Sewer Commission,

*Plaintiff*,

v.

C.A. No. 2024-CP-30-00734

AGC Chemicals Americas, Inc.; Anderson Regional Landfill, LLC; Archroma U.S., Inc.; Arkema, Inc. Atotech USA, LLC; Clariant Corporation; Cone Mills Receiver, LLC; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; Firstsource Worldwide, LLC; Fitesa Simpsonville, Inc.; Henkel US Operations Corporation; Huntsman International, LLC; Milliken & Company; Opperman Webbing, Inc.; Palmetto Plating Company, Inc.; Roll Technology Corporation; Solvay Specialty Polymers USA, LLC; The Chemours Company; T&S Brass and Bronze Works, Inc.; and Unichem Specialty Chemicals, LLC,

*Defendants*.

---

## [PROPOSED] ORDER GRANTING PLAINTIFF'S
## MOTION FOR LEAVE TO AMEND

This matter came before the Court on Plaintiff's Motion for Leave to Amend pursuant to

Rule 15(a), SCRCP, which Plaintiff Laurens County Water and Sewer Commission ("Plaintiff")

filed in this matter on June 5, 2025. Along with filing the Motion for Leave to Amend, Plaintiff

filed the proposed Second Amended Summons and Complaint. Having reviewed and considered

Plaintiff's Motion and the proposed Second Amended Summons and Complaint, the Court finds

that Plaintiff should be granted leave to amend the summons and complaint in this matter and GRANTS Plaintiff's Motion for Leave to Amend for the following reasons:

Rule 15(a) of the South Carolina Rules of Civil Procedure governs the amendment of pleadings. The Rule permits a party to amend its pleadings more than "30 days after a responsive pleading is served" if the party obtains either written consent from the adverse parties or leave of court, "and leave shall be freely given when justice so requires and does not prejudice any other party." Rule 15(a), SCRCP. "This rule strongly favors amendments and the court is encouraged to freely grant leave to amend." *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005). South Carolina's Rule 15(a) "is substantially the same as the Federal Rule, . . . and the Supreme Court of the United States has referred to the Rule's 'freely given' provision as a 'mandate' that 'is to be heeded.'" *Patton v. Miller*, 420 S.C. 471, 490, 804 S.E.2d 252, 262 (2017) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing a motion for leave to amend has the burden to establish prejudice—i.e., "a lack of notice that the new issue is to be tried and a lack of opportunity to refute it." *Stanley v. Kirkpatrick*, 357 S.C. 169, 175, 592 S.E.2d 296, 2986 (2004); *see also Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 632, 743 S.E.2d 808, 812 (2013) ("A motion to amend is within the sound discretion of the trial judge and the opposing party has the burden of establishing prejudice.").

Here, Plaintiff filed the summons and complaint on July 16, 2024, and Plaintiff filed an amended summons and complaint on August 23, 2024. The Court recently entered its Order Denying Defendants' Motions to Dismiss and Defendants' Motions for Protective Order and Stay of Discovery on April 25, 2025. Plaintiff now seeks leave of this Court to amend the summons and complaint to add several PFAS manufacturers/suppliers and dischargers as defendants and update certain factual allegations in the amended complaint. Before seeking leave of Court, Plaintiff

2

sought the written consent of the previously named defendants to amend, and none of the defendants expressed any objection or opposition to Plaintiff's proposed Second Amended Summons and Complaint.

Under the circumstances, the Court finds that Plaintiff should be granted leave to amend pursuant to Rule 15(a), SCRCP, and consistent with South Carolina law. The Second Amended Summons and Complaint will not prejudice any party, and no party has expressed opposition to the amendment or demonstrated a valid reason for denying Plaintiff's Motion for Leave to Amend. Therefore, the Court exercises its discretion to expedite its decision on the Motion and decide this matter without a hearing so that Plaintiff may proceed with service of the Second Amended Summons and Complaint without delay. *See* Rule 1, SCRCP.

THEREFORE, IT IS ORDERED that Plaintiff's Motion for Leave to Amend is GRANTED. The Court further ORDERS that: Plaintiff's Second Amended Summons and Complaint, filed June 5, 2025, are the operative pleadings in this matter; the new defendants named in the Second Amended Summons and Complaint are added as parties to this action and shall be listed as named defendants in the case caption; and Plaintiff may serve the Second Amended Summons and Complaint on the defendants named therein in accordance with the South Carolina Rules of Civil Procedure.

*Judge's Signature Page Follows*

ELECTRONICALLY FILED - 2025 Jun 13 11:05 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734



Laurens Common Pleas

**Case Caption:**    Laurens County Water And Sewer Commission VS   Cone Mills
                     Receiver, Llc , defendant, et al
**Case Number:**     2024CP3000734

**Type:**            Order/Leave to Amend


IT IS SO ORDERED.

S/GRACE GILCHRIST KNIE - 2760


Electronically signed on 2025-06-13 10:55:27    page 4 of 4

ELECTRONICALLY FILED - 2025 Jun 13 11:05 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LAURENS | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT |

IN RE:
PFAS LITIGATION COORDINATED DOCKET

_____

Laurens County Water and Sewer
Commission,

                  *Plaintiff*,

      v

AGC Chemicals Americas, Inc.; Anderson
Regional Landfill, LLC; Archroma U.S., Inc.;
Arkema, Inc. Atotech USA, LLC; Clariant
Corporation; Cone Mills Receiver, LLC;
Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC;
Daikin America, Inc.; DuPont de Nemours,
Inc.; EIDP, Inc.; Firstsource Worldwide, LLC;
Fitesa Simpsonville, Inc.; Henkel US
Operations Corporation; Huntsman
International, LLC; Milliken & Company;
Opperman Webbing, Inc.; Palmetto Plating
Company, Inc.; Roll Technology Corporation;
Solvay Specialty Polymers USA, LLC; The
Chemours Company; T&S Brass and Bronze
Works, Inc.; and Unichem Specialty
Chemicals, LLC,

                  *Defendants*.

C.A. No. 2024-CP-30-00734

## MILLIKEN & COMPANY'S ANSWER

Defendant MILLIKEN & COMPANY ("Milliken") answers Plaintiff's Second Amended

Complaint and states as follows:

## GENERAL DENIAL

Milliken denies each and every allegation of Plaintiff's Second Amended Complaint

which is not specifically and expressly admitted hereafter.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## SPECIFIC DENIALS

Milliken denies the specific allegations of Plaintiff's Second Amended Complaint as follows:

## STATEMENT OF THE CASE

1.     Milliken admits Plaintiff asserts claims in this action, but Milliken denies any claims asserted against it have merit. Milliken denies all remaining allegations in this paragraph as to it.

2.     Milliken admits Plaintiff seeks certain relief in this action, but denies Plaintiff  is entitled to any relief. Milliken denies all remaining allegations in this paragraph as to it.

3.     Milliken is without sufficient information to answer the allegations in this paragraph and therefore denies the same.

4.     Milliken admits it owns and operates industrial facilities in South Carolina, and those facilities discharge wastewater to some wastewater treatment plants pursuant to valid discharge permits. Milliken denies it currently uses the products described in this paragraph at any location upstream of Plaintiff's water intake. Milliken is without sufficient information to answer the remaining allegations in this paragraph and therefore denies the same as to it.

5.     Milliken denies all allegations in this paragraph as to it.

6.     Milliken denies all allegations in this paragraph as to it.

7.     Milliken admits Plaintiff seeks damages in this action, but denies Plaintiff is entitled to any such damages. Milliken denies all remaining allegations in this paragraph as to it.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**DISCLAIMER**

8.    This paragraph states legal conclusions that do not require a response. To the extent a response is required, Milliken denies the same.

9.    This paragraph states legal conclusions that do not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

**JURISDICTION AND VENUE**

10.    Milliken admits this Court has subject matter jurisdiction over the asserted claims, but Milliken denies any claims asserted against it have merit.

11.    Milliken admits this Court may exercise personal jurisdiction over it, but denies that jurisdiction rests on South Carolina's long-arm statute. Milliken is not required to answer allegations as to any other defendant.

12.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

**PARTIES**

I.    **Plaintiff**

13.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

14.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

15.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

3

## II.    Discharger Defendants

16.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

17.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

18.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

19.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

20.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

21.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

4

is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

22. Milliken admits it is a Delaware corporation with its principal place of business in South Carolina. Milliken admits it owned and operated the Cushman Plant in Williamston, South Carolina, and, until 2015, the former Judson Mill in Greenville, South Carolina that discharged industrial wastewater to the Williamston WWTP and the Mauldin Road WWTP, respectively. Milliken denies the remaining allegations in this paragraph.

23. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

24. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

25. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

26. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken

5

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

27.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

### III.     Supplier Defendants

28.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

29.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

30.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

31.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

32.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

33.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

34.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

35.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

36.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

37.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

38.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

39.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

**FACTUAL ALLEGATIONS**

I.    **Background and Hazards of PFAS**

40.    Milliken admits PFAS are man-made chemicals with strong carbon-fluorine bonds that have a number of characteristics and applications. Milliken denies the remaining allegations in this paragraph.

41.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

42.    Milliken admits there are different types of PFAS. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

43.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

44.     Milliken admits that polymer PFAS can degrade to terminal PFAS and precursor PFAS. Milliken is without knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies the same.

45.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

46.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

47.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

48.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

49.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

50.     Milliken admits EPA published provisional drinking water health advisories related to PFOA and PFOS in 2009. Milliken is without knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies the same.

51.     Milliken admits EPA published lifetime health advisory levels related to PFOA and PFOS in 2016. Milliken is without knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies the same.

52.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

9

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

53.     Milliken admits EPA published health advisory levels related to PFOA and PFOS in 2022. Milliken is without knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies the same.

54.     Milliken admits EPA published health advisory levels related to PFBS and GenX Chemicals in 2022. Milliken is without knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies the same.

55.     Milliken admits EPA published MCLs and MCLGs for certain PFAS in 2023. Milliken is without knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies the same.

56.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

57.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

58.     The paragraph consists of what purports to be a statement from a third party, and no admission or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

59.     Milliken admits EPA issued regulations regarding PFAS in 2024. The remainder of the paragraph consists of what purports to be a statement from a third party, and no admission or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

60.     Milliken admits EPA issued regulations regarding PFAS in 2024. The remainder of the paragraph consists of what purports to be a statement from a third party, and no admission or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

61.     Milliken admits EPA issued regulations regarding PFAS in 2024. The remainder of the paragraph consists of what purport to be statements of law, and no admission or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

62.     Milliken admits EPA issued regulations regarding PFAS in 2024. The remainder of the paragraph consists of what purports to be statements of law, and no admission or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

63.     Milliken admits EPA announced its intention to extend the MCL compliance deadline by two years, to 2031. The remainder of the paragraph consists of what purports to be statements from a third party, and no admission or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

64.     Milliken admits EPA announced its intention to extend the MCL compliance deadline by two years, to 2031. The remainder of the paragraph consists of what purports to be statements from a third party and statements of law, and no admission

11

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

or denial from Milliken is required. To the extent a response is required, Milliken states it is without knowledge and information sufficient to admit or deny the contents of the statement.

## II.    Contamination of Lake Greenwood and Plaintiff's Water Supply with PFAS

65.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

66.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

67.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

68.    Milliken admits it owned and operated the Cushman Plant in Williamston, South Carolina, and, until 2015, the former Judson Mill that is no longer operational in Greenville, South Carolina that discharged industrial wastewater to the Williamston WWTP and the Mauldin Road WWTP, respectively. Milliken denies the remaining allegations in this paragraph.

69.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

70.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

71.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

72.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

73.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

74.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

75.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

76.    Milliken denies the allegations in this paragraph as to it.

77.    Milliken denies the allegations in this paragraph as to it.

78.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

79.    Milliken denies the allegations in this paragraph as to it.

**III.    Supplier Defendants Had Superior Knowledge of PFAS's Hazardous Properties.**

80.    Milliken denies the allegations in this paragraph as to it.

81.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

82.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

83.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

84.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

85.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

13

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

86.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

87.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

88.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

89.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

90.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

91.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

92.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

93.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

94.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

95.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

96.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

97.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

98.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

99.     Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

100.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

101.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

102.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

103.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

104.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

105.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

106.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

107.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

108.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

109.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

110.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

IV.    **Supplier Defendants Were Directly Involved in Discharger Defendants' PFAS Use and Disposal**

111.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

112.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

113.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

114.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

115.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

116.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

117.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

16

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

118.   Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

119.   Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

120.   Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

## V.   Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of Their PFAS Products.

121.   Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

122.   Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

123.   Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

## VI.   Old DuPont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from Its PFAS Liabilities.

124.   Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

125.   Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

126.   Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

17

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

127. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

128. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

129. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

130. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

131. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

132. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

## VII.  Defendants Have Harmed Plaintiff and Plaintiff's Community.

133. Milliken denies the allegations in this paragraph as to it.

134. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

135. Milliken denies the allegations in this paragraph as to it.

136. Milliken denies the allegations in this paragraph as to it.

137. Milliken denies the allegations in this paragraph, including subparts (a) through (b), as to it.

### FIRST CAUSE OF ACTION
Private Nuisance

138. Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

139.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

140.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

141.    Milliken denies the allegations in this paragraph as to it.

142.    Milliken denies the allegations in this paragraph as to it.

143.    Milliken denies the allegations in this paragraph as to it.

144.    Milliken denies the allegations in this paragraph as to it.

145.    Milliken denies the allegations in this paragraph as to it.

146.    Milliken denies the allegations in this paragraph as to it.

147.    Milliken denies the allegations in this paragraph as to it.

148.    Milliken denies the allegations in this paragraph as to it.

149.    Milliken denies the allegations in this paragraph as to it.

<u>**SECOND CAUSE OF ACTION**</u>
Public Nuisance

150.    Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

151.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

152.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

153.    Milliken denies the allegations in this paragraph as to it.

154.    Milliken denies the allegations in this paragraph as to it.

155.    Milliken denies the allegations in this paragraph as to it.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

156.    Milliken denies the allegations in this paragraph as to it.

157.    Milliken denies the allegations in this paragraph as to it.

158.    Milliken denies the allegations in this paragraph as to it.

159.    Milliken denies the allegations in this paragraph as to it.

160.    Milliken denies the allegations in this paragraph as to it.

161.    Milliken denies the allegations in this paragraph as to it.

## THIRD CAUSE OF ACTION
Trespass

162.    Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

163.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

164.    Milliken denies the allegations in this paragraph, including subparts (a)-(d), as to it.

165.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

166.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

167.    Milliken denies the allegations in this paragraph as to it.

168.    Milliken denies the allegations in this paragraph as to it.

169.    Milliken denies the allegations in this paragraph as to it.

170.    Milliken denies the allegations in this paragraph as to it.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

171.     Milliken denies the allegations in this paragraph as to it.

172.     Milliken denies the allegations in this paragraph as to it.

**FOURTH CAUSE OF ACTION**
Negligence, Gross Negligence, and/or Recklessness

173.     Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

174.     Milliken denies the allegations in this paragraph.

175.     Milliken denies the allegations in this paragraph as to it.

176.     Milliken denies the allegations in this paragraph as to it.

177.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

178.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

179.     This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

180.     Milliken denies the allegations in this paragraph as to it.

181.     Milliken denies the allegations in this paragraph as to it.

21

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**FIFTH CAUSE OF ACTION**
Strict Products Liability – Failure to Warn
(Supplier Defendants)

182.    Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

183.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

184.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

185.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

186.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

187.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

188. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

189. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

190. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

191. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

**SIXTH CAUSE OF ACTION**
Strict Products Liability – Ultrahazardous Activity
(Supplier Defendants)

192. Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

193. Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

194. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

195.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

196.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

197.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

198.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

199.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

200.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

201.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

202.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

**SEVENTH CAUSE OF ACTION**
Strict Products Liability – Design Defect
(Supplier Defendants)

203.    Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

204.    Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

205.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

206.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

207.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

208.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

209.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

210.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

211.    This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

212. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

213. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

214. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

215. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

## EIGHTH CAUSE OF ACTION
### Breach of Implied Warranties
(Supplier Defendants)

216. Milliken restates and incorporates its responses to all prior paragraphs as if fully set forth herein.

217. This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

218.	This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

219.	This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

220.	This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

221.	This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

222.	This paragraph does not address or allege any facts concerning Milliken and therefore does not require a response. To the extent a response is required, Milliken is without knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## PRAYER FOR RELIEF

Answering the WHEREFORE paragraph following Paragraph 222, including subparagraphs (a)-(e) Milliken denies that Plaintiff is entitled to any of the relief requested, and prays:

    a.  For judgment in Milliken's favor on each and every Count contained in Plaintiff's Amended Complaint;

    b.  That all costs of the action, including reasonable attorneys' fees, be taxed upon Plaintiff;

    c.  That a trial by jury be had on all triable issues in this case; and

    d.  That this Court grant Milliken such other and further relief as the Court deems just, equitable, and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon with relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrines of waiver, release, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Milliken reserves any actions for contribution or indemnity against such third parties and reserves its right to remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's failure to mitigate damages bars or reduces Plaintiff's recovery.

29

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## FIFTH AFFIRMATIVE DEFENSE

Should this Court find Plaintiff has sustained damages for which Milliken is responsible, which is expressly denied, Milliken is entitled to a set-off for payments paid or payable to Plaintiff for such damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

This Court is the improper venue for the claims asserted against Milliken, or in the alternative, venue would be more appropriate in another forum.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of repose.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by assumption of risk.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Milliken owed no legal duty to Plaintiff as alleged in the First Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on a lack of causation. Milliken did not cause the alleged injury described by Plaintiff in the First Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

30

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Plaintiff's claims are barred to the extent that there is no proximate cause between any alleged act or omission on the part of Milliken and any injury or damage allegedly suffered by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they are caused by the acts or omissions of Plaintiff or a third party. Additionally, to the extent Milliken was negligent, which negligence is denied and referenced only for purpose of this defense, Plaintiff was contributorily and/or comparatively negligent, such that Plaintiff's negligence exceeds any negligence of Milliken, and Plaintiff should be barred from recovery and/or or any recovery should by Plaintiff be off-set by the percentage of Plaintiff's negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to join one or more indispensable parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff availed and/or failed to avail itself of funds from unnamed third parties, including without limitation unnamed potentially responsible parties, Milliken is entitled to a set off including interest.

### SIXTEENTH AFFIRMATIVE DEFENSE

The doctrine of unclean hands bars Plaintiff's claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not justiciable for multiple reasons, including but not limited to because Plaintiff's claims are not ripe and/or have been mooted, and Plaintiff lacks standing and/or capacity to sue for its claims under federal and/or state constitutional, statutory, and common law.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by state and/or federal statutes, rules, and regulations, including but not limited to, the Clean Water Act, 33 U.S.C. § 1365 *et seq.*

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all relevant actions by Milliken were permitted, privileged, and/or otherwise authorized under applicable federal, state, and/or local law, including but not limited to because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times, and Milliken used proper methods in designing, testing, and manufacturing its products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of primary jurisdiction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

An independent, intervening, and superseding cause, event, or negligence prevents any recovery by Plaintiff against Milliken.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The damages sought by Plaintiff are too speculative or remote.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the municipal cost recovery rule and/or the public duty doctrine.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Although Milliken denies Plaintiff is entitled to punitive damages, Milliken affirmatively pleads that any award of punitive damages would violate the South Carolina and United States Constitutions.

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

Milliken may not be found liable for punitive damages where the conditions that form the basis of Plaintiff's claims are, and have been, the subject of state and/or federal regulatory oversight or action, and where there has been substantial compliance with the findings, orders, and directives of the responsible state and/or federal regulatory agency.

### TWENTY- SIXTH AFFIRMATIVE DEFENSE

The recovery of punitive damages by Plaintiff based on the claims contained in the complaint would violate the constitutional safeguards provided to Milliken by the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America.

### TWENTY- SEVENTH AFFIRMATIVE DEFENSE

Milliken affirmatively pleads that any claim for punitive damages must comply with the South Carolina Noneconomic Damages Awards Act of 2005, S.C. Code Ann. § 15-32-200, *et seq.*, including, but not limited to, the punitive damages recovery limits imposed by S.C. Code Ann. § 15-32-530.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorneys' fees and costs of litigation should be barred because Milliken has at no time been stubbornly litigious, acted in bad faith, or caused Plaintiff undue trouble or expense.

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for special damages are not stated with sufficient specificity and therefore should be dismissed.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the economic loss rule.

## RESERVATION OF RIGHTS

Milliken does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. The preceding defenses are pled in the alternative and do not constitute an admission Milliken is liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Milliken reserves its rights to rely on (i) any and all defenses and presumptions set forth in or arising from rule of law or statute of any state whose substantive law might control the relevant action, (ii) any other defenses set forth in any Answer or disclosure of affirmative defenses of any defendant in this action, (iii) any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Respectfully submitted, this 23rd day of June, 2025

/s/ Gregory J. English
Gregory J. English (SC Bar No. 65470)
Rachel L. Anna (SC Bar No. 100486)
Rita Bolt Barker (SC Bar No. 77600)
WYCHE, P.A.
200 East Broad Street, Suite 400
Greenville, SC 29601-2892
Tel: (864) 242-8200
Fax: (864) 235-8900
genglish@wyche.com
ranna@wyche.com
rbarker@wyche.com

-and-

Jameson B. Carroll (*pro hac vice* admission to be sought)
Michael Weiss (*pro hac vice* admission to be sought)
CARROLL & WEISS LLP
2870 Peachtree Rd NW, Suite 193
Atlanta, GA 30305-2918
Tel: (404) 514-5061
jcarroll@carrollweiss.com
mweiss@carrollweiss.com

*ATTORNEYS FOR DEFENDANT
MILLIKEN & COMPANY*

ELECTRONICALLY FILED - 2025 Jun 23 3:31 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LAURENS | ) | EIGHT JUDICIAL CIRCUIT |
| | ) | |
| IN RE: PFAS LITIGATION | ) | JUDGE KNIE |
| COORDINATED DOCKET | ) | |
| _____ | ) | |
| | ) | |
| LAURENS COUNTY WATER AND | ) | |
| SEWER COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2024-CP-30-000734 |
| | ) | |
| AGC CHEMICALS AMERICAS, INC. | ) | |
| ANDERSON REGIONAL LANDFILL, | ) | |
| LLC; ARCHROMA U.S., INC.; | ) | |
| ARKEMA, INC.; ATOTECH USA, LLC | ) | |
| CLARIANT CORPORATION; CONE | ) | |
| MILLS RECEIVER, LLC, CORTEVA | ) | |
| INC.; CRYOVAC, INC.; CRYOVAC, | ) | |
| LLC; DAIKIN AMERICA, INC.; | ) | |
| DUPONT DE NEMOURS, INC.; EIDP, | ) | |
| INC.; FIRSTSOURCE WORLDWIDE | ) | |
| LLC; FITESTA SIMPONVILLE, INC.; | ) | |
| HENKEL US OPERATIONS | ) | |
| CORPORATION; HUNTSMAN | ) | |
| INTERNATIONAL, LLC; MILLIKEN & | ) | |
| COMPANY; OPPERMAN WEBBING, | ) | |
| INC.; PALMETTO PLATING COMPANY | ) | |
| INC., ROLL TECHNOLOGY | ) | |
| CORPORATION; SOLVAY SPECIALTY | ) | |
| POLYMERS USA, LLC; THE | ) | |
| CHEMOURS COMPANY; T&S BRASS | ) | |
| AND BRONZE WORKS, INC.; AND | ) | |
| UNICHEM SPECIALTY CHEMICALS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CRYOVAC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Cryovac, Inc. and Cryovac, LLC (together, "Cryovac"), hereby answer

Plaintiff Laurens County Water and Sewer Commission ("Plaintiff") Second Amended Complaint

1

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

(the "Complaint"). Each and every allegation contained in the Complaint that is not specifically admitted herein is denied, and strict proof thereof is demanded.

## FIRST DEFENSE

## AS TO STATEMENT OF THE CASE

1.      Responding to Paragraph 1 of the Complaint, Cryovac denies all allegations as they relate to Cryovac or purport to allege liability against Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Cryovac denies all remaining allegations in Paragraph 1 of the Complaint.

2.      Responding to Paragraph 2 of the Complaint, Cryovac denies all allegations as they relate to Cryovac or purport to allege liability against Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Cryovac denies all remaining allegations in Paragraph 2 of the Complaint.

3.      Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies same.

4.      Responding to Paragraph 4, Cryovac admits only that it owns and operates a manufacturing facility in South Carolina that discharges wastewater via permit to the Lower Reedy WWTP. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Cryovac denies all remaining allegations in Paragraph 4 of the Complaint.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

5.      Cryovac denies the allegations in Paragraph 5 of the Complaint as those allegations relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

6.      Cryovac denies the allegations in Paragraph 6 of the Complaint as those allegations relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

7.      Cryovac denies the allegations in Paragraph 7 of the Complaint as those allegations relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

## AS TO DISCLAIMER

8.      Paragraph 8 of the Complaint does not contain allegations of fact to which a response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies same.

9.      Paragraph 9 of the Complaint contains conclusions of law to which no response is required and, to the extent a response is required, Cryovac denies those allegations.

## AS TO JURISDICTION AND VENUE

10.      The allegations in Paragraph 10 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, Cryovac is not contesting that this Court has subject matter jurisdiction over this action.

11.      The allegations in Paragraph 11 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, Cryovac is not contesting that this Court has personal jurisdiction over Cryovac.

3

12.     The allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, Cryovac is not contesting that venue is proper in this Court.

## AS TO PARTIES

13.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies same.

14.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies same.

15.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies same.

16.     Paragraph 16 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies same.

17.     Paragraph 17 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies same.

18.     Responding to Paragraph 18, Cryovac admits that "Cryovac, Inc." is a Delaware corporation authorized to do business in South Carolina. Cryovac also admits that "Cryovac, LLC" is a Delaware limited liability company authorized to do business in South Carolina. Cryovac further admits that it maintains a facility located at 803 N. Maple Street, Simpsonville, South Carolina 29681. Cryovac denies all remaining allegations in Paragraph 18 of the Complaint.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

19.     Paragraph 19 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies same.

20.     Paragraph 20 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies same.

21.     Paragraph 21 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies same.

22.     Paragraph 22 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies same.

23.     Paragraph 23 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies same.

24.     Paragraph 24 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies same.

25.    Paragraph 25 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies same.

26.    Paragraph 26 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies same.

27.    Paragraph 27 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies same.

28.    Paragraph 28 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies same.

29.    Paragraph 29 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

30.     Paragraph 30 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies same.

31.     Paragraph 31 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies same.

32.     Paragraph 32 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies same.

33.     Paragraph 33 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies same.

34.     Paragraph 34 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies same.

35.     Paragraph 35 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore denies same.

36.     Paragraph 36 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies same.

37.     Paragraph 37 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies same.

38.     Paragraph 38 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies same.

39.     Paragraph 39 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies same.

## AS TO FACTUAL ALLEGATIONS

40.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies same.

41.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

42. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies same.

43. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies same.

44. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies same.

45. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies same.

46. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies same.

47. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies same.

48. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies same.

49. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies same.

50. Cryovac craves reference to the Environment Protection Agency ("EPA") provisional health advisories cited in Paragraph 50 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 50 of the Complaint.

51. Cryovac craves reference to the EPA health advisories cited in Paragraph 51 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 51 of the Complaint.

9

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

52.     Cryovac craves reference to the EPA health advisories and other peer-reviewed studies cited in Paragraph 52 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 52 of the Complaint.

53.     Cryovac craves reference to the EPA health advisories cited in Paragraph 53 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 53 of the Complaint.

54.     Cryovac craves reference to the EPA health advisories cited in Paragraph 54 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 54 of the Complaint.

55.     Cryovac craves reference to the EPA proposed maximum contaminant level ("MCL") and maximum contaminant level goal ("MCLG") in the federal register as cited in Paragraph 55 of the Complaint and denies any allegations inconsistent therewith. denies all remaining allegations in Paragraph 55 of the Complaint.

56.     Cryovac craves reference to the EPA announcements and proposed MCLs and MCLGs cited in Paragraph 56 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 56 of the Complaint.

57.     Cryovac craves reference to the EPA announcements and proposed MCLs and MCLGs cited in Paragraph 57 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 57 of the Complaint.

58.     Cryovac craves reference to the EPA news release cited in Paragraph 58 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 58 of the Complaint.

59.     Cryovac craves reference to the EPA MCLs and MCLGs in the federal register and accompanying publications as cited in Paragraph 59 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 59 of the Complaint.

60.     Cryovac craves reference to the EPA regulations and publications as cited in Paragraph 60 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 60 of the Complaint.

61.     Cryovac craves reference to the EPA regulations as cited in Paragraph 61 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 61 of the Complaint.

62.     Cryovac craves reference to the EPA regulation as cited in Paragraph 62 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 62 of the Complaint.

63.     Cryovac craves reference to the EPA publication as cited in Paragraph 63 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 63 of the Complaint.

64.     Cryovac craves reference to the EPA publication as cited in Paragraph 64 of the Complaint and denies any allegations inconsistent therewith. Cryovac denies all remaining allegations in Paragraph 64 of the Complaint.

65.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies same.

66.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

67.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 67 and therefore denies the same.  Cryovac denies the allegations in the last sentence of Paragraph 67 as alleged against Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

68.     Responding to Paragraph 68, Cryovac admits that it owns a manufacturing facility and denies all remaining allegations in Paragraph 68 to the extent they relate to Cryovac or purport to allege liability against Cryovac.  Further responding to Paragraph 68, Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

69.     Cryovac denies the allegations in Paragraph 69 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. As to the remaining allegations in Paragraph 69 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

70.     Cryovac denies the allegations in Paragraph 70 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. As to the remaining allegations in Paragraph 70 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

71.     Cryovac denies the allegations in Paragraph 71 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. As to the remaining allegations in Paragraph 71 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

72.     Cryovac denies the allegations in Paragraph 72 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. As to the remaining allegations in Paragraph 72 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

73.     Cryovac denies the allegations in Paragraph 73 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. As to the remaining allegations in Paragraph 73 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

74.     Cryovac denies the allegations in Paragraph 74 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. As to the remaining allegations in Paragraph 74 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

75.     Cryovac denies the allegations in Paragraph 75 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. As to the remaining allegations in Paragraph 75 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

76.     Cryovac denies the allegations in Paragraph 76 of the Complaint as they relate to Cryovac. Further responding to Paragraph 76, Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

77.     Cryovac denies the allegations in Paragraph 77 of the Complaint as they relate to Cryovac. Further responding to Paragraph 77, Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

13

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

78.     Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore denies same.

79.     Cryovac denies the allegations in Paragraph 79 of the Complaint as they relate to Cryovac. Further responding to Paragraph 79, Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

80.     Cryovac denies the allegations of Paragraph 80 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

81.     Paragraph 81 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore denies same.

82.     Paragraph 82 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and therefore denies same.

83.     Paragraph 83 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore denies same.

84.     Paragraph 84 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and therefore denies same.

85.     Paragraph 85 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and therefore denies same.

86.     Paragraph 86 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and therefore denies same.

87.     Paragraph 87 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac craves reference to the publications cited in Paragraph 87 of the Complaint and denies any allegations inconsistent therewith. As to the remaining allegations in Paragraph 87 of the Complaint, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

88.     Paragraph 88 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and therefore denies same.

89.     Paragraph 89 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint and therefore denies same.

90.    Paragraph 90 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint and therefore denies same.

91.    Paragraph 91 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint and therefore denies same.

92.    Paragraph 92 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and therefore denies same.

93.    Paragraph 93 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and therefore denies same.

94.    Paragraph 94 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

95.     Paragraph 95 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and therefore denies same.

96.     Paragraph 96 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and therefore denies same.

97.     Paragraph 97 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and therefore denies same.

98.     Paragraph 98 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and therefore denies same.

99.     Paragraph 99 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and therefore denies same.

100.     Paragraph 100 is directed at a defendant other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint and therefore denies same.

101.     Paragraph 101 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and therefore denies same.

102.     Paragraph 102 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and therefore denies same.

103.     Paragraph 103 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint and therefore denies same.

104.     Paragraph 104 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint and therefore denies same.

105.     Paragraph 105 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

106.    Paragraph 106 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint and therefore denies same.

107.    Paragraph 107 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and therefore denies same.

108.    Paragraph 108 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and therefore denies same.

109.    Paragraph 109 is directed at a defendant other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint and therefore denies same.

110.    Cryovac denies the allegations in Paragraph 110, including all subparts, of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. Further responding to Paragraph 110, including all subparts, Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

111.    Cryovac denies the allegations in Paragraph 111 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Further responding to Paragraph 111, Cryovac lacks sufficient knowledge to respond to any remaining allegations and therefore denies the same.

112.    Cryovac denies the allegations in Paragraph 112 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. Further responding to Paragraph 112, Cryovac lacks sufficient knowledge to respond to any remaining allegations and therefore denies the same.

113.    Cryovac denies the allegations in Paragraph 113 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. Further responding to Paragraph 113, Cryovac lacks sufficient knowledge to respond to any remaining allegations and therefore denies the same.

114.    Cryovac denies the allegations in Paragraph 114 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. Further responding to Paragraph 114, Cryovac lacks sufficient knowledge to respond to any remaining allegations and therefore denies the same.

115.    Cryovac denies the allegations in Paragraph 115 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. Further responding to Paragraph 115, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint and therefore denies same.

116.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint and therefore denies same.

117.    Cryovac denies the allegations in Paragraph 117 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Further responding to Paragraph 117, Cryovac lacks sufficient knowledge to respond to any remaining allegations and therefore denies the same.

118.    Cryovac denies the allegations in Paragraph 118 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. Further responding to Paragraph 118, Cryovac lacks sufficient knowledge to respond to any remaining allegations and therefore denies the same.

119.    Cryovac denies the allegations in Paragraph 119 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. Further responding to Paragraph 119, Cryovac lacks sufficient knowledge to respond to any remaining allegations and therefore denies the same.

120.    Paragraph 120 is directed at defendants other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint and therefore denies same.

121.    Paragraph 121 is directed at defendants other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint and therefore denies same.

122.    Paragraph 122 is directed at defendants other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

123.     Paragraph 123 is directed at defendants other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint and therefore denies same.

124.     Paragraph 124 is directed at defendants other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint and therefore denies same.

125.     Paragraph 125 is directed at defendants other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint and therefore denies same.

126.     Paragraph 126 is directed at defendants other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and therefore denies same.

127.     Paragraph 127 is directed at defendants other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint and therefore denies same.

128.     Paragraph 128 is directed at defendants other than Cryovac and therefore no response is required.  To the extent a response is required, Cryovac lacks knowledge or information

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint and therefore denies same.

129. Paragraph 129 is directed at defendants other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint and therefore denies same.

130. Paragraph 130 is directed at defendants other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint and therefore denies same.

131. Paragraph 131 is directed at defendants other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint and therefore denies same.

132. Paragraph 132 is directed at defendants other than Cryovac and therefore no response is required. To the extent a response is required, Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint and therefore denies same.

133. Cryovac denies the allegations in Paragraph 133 of the Complaint as they relate to Cryovac being the source of any alleged contamination. Further responding to Paragraph 133, Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

134.    Cryovac denies the allegations in Paragraph 134 of the Complaint as they relate to Cryovac being the source of any alleged contamination or causing damage to Plaintiff's property. Further responding to Paragraph 134, Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and therefore denies the same.

135.    Cryovac denies the allegations and legal conclusions in Paragraph 135 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

136.    Cryovac denies the allegations and legal conclusions in Paragraph 136 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

137.    Cryovac denies the allegations of Paragraph 137 of the Complaint, including both subparts, as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

<u>**AS TO FIRST CAUSE OF ACTION**</u>
**Private Nuisance**

138.    Cryovac incorporates its responses to Paragraphs 1 through 137 of the Complaint by reference as if set forth fully herein.

139.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Complaint and therefore denies same.

140.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

141. Cryovac denies the allegations and legal conclusions in Paragraph 141 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

142. Cryovac denies the allegations in Paragraph 142 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

143. Cryovac denies the allegations and legal conclusions in Paragraph 143 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

144. Cryovac denies the allegations and legal conclusions in Paragraph 144 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

145. Cryovac denies the allegations and legal conclusions in Paragraph 145 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

146. Cryovac denies the allegations and legal conclusions in Paragraph 146 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

147.    The first sentence of Paragraph 147 of the Complaint contains conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Responding to the second sentence of Paragraph 147 of the Complaint, Cryovac denies that Plaintiff is entitled to the relief sought as against Cryovac.  Cryovac lacks sufficient knowledge to respond to the second sentence of Paragraph 147 with respect to any allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

148.    Cryovac denies the allegations in Paragraph 148 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

149.    Cryovac denies the allegations and legal conclusions in Paragraph 149 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

### AS TO SECOND CAUSE OF ACTION
**Public Nuisance**

150.    Cryovac incorporates its responses to Paragraphs 1 through 149 of the Complaint by reference as if fully set forth fully herein.

151.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint and therefore denies same.

152.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint and therefore denies same.

153.    Cryovac denies the allegations and legal conclusions in Paragraph 153 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those

26

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

allegations are denied. Cryovac denies all remaining allegations in Paragraph 153 of the Complaint.

154. Cryovac denies the allegations and legal conclusions in Paragraph 154 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

155. Cryovac denies the allegations and legal conclusions in Paragraph 155 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

156. Cryovac denies the allegations in Paragraph 156 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

157. Cryovac denies the allegations and legal conclusions in Paragraph 157 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

158. Cryovac denies the allegations and legal conclusions in Paragraph 158 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

159. Cryovac denies the allegations and legal conclusions in the first sentence of Paragraph 159 of the Complaint as they relate to Cryovac. Responding to the second sentence of

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Paragraph 159 of the Complaint, Cryovac denies that Plaintiff is entitled to the relief sought as against Cryovac. Cryovac lacks sufficient knowledge to respond to Paragraph 159 with respect to any allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

160.    Cryovac denies the allegations in Paragraph 160 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

161.    Cryovac denies the allegations and legal conclusions in Paragraph 161 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are also denied.

### THIRD CAUSE OF ACTION
**Trespass**

162.    Cryovac incorporates its responses to Paragraphs 1 through 161 of the Complaint by reference as if fully set forth fully herein.

163.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Complaint and therefore denies same.

164.    Cryovac denies the allegations in Paragraph 164, including all subparts, of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

165.    Cryovac denies the allegations in Paragraph 165, including all subparts, of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

166. Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint and therefore denies same.

167. Cryovac denies the allegations and legal conclusions in Paragraph 167 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

168. Cryovac denies the allegations and legal conclusions in Paragraph 168 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

169. Cryovac denies the allegations and legal conclusions in Paragraph 169 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

170. Cryovac denies the allegations and legal conclusions in Paragraph 170 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

171. Cryovac denies the allegations and legal conclusions in Paragraph 171 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the

allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

172.    Cryovac denies the allegations and legal conclusions in Paragraph 172 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

### FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

173.    Cryovac incorporates its responses to Paragraphs 1 through 172 of the Complaint by reference as if set forth fully herein.

174.    The allegations in Paragraph 174 of the Complaint contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

175.    Cryovac denies the allegations in Paragraph 175 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

176.    Cryovac denies the allegations and legal conclusions in Paragraph 176 of the Complaint as they relate to Cryovac. Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

177.    The allegations in Paragraph 177 of the Complaint contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

178.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

179.    Cryovac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint and therefore denies same.

180.    Cryovac denies the allegations and legal conclusions in Paragraph 180 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

181.    Cryovac denies the allegations and legal conclusions in Paragraph 181 of the Complaint as they relate to Cryovac.  Cryovac lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.

**FIFTH CAUSE OF ACTION**
**Strict Products Liability – Failure to Warn**
**(Supplier Defendants)**

182.    Cryovac incorporates its responses to Paragraphs 1 through 181 of the Complaint by reference as if set forth fully herein.

183.    The allegations in Paragraph 183 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 183 of the Complaint.

184.    The allegations in Paragraph 184 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 184 of the Complaint.

185.    The allegations in Paragraph 185 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 185 of the Complaint.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

186. The allegations in Paragraph 186 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 186 of the Complaint.

187. The allegations in Paragraph 187 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 187 of the Complaint.

188. The allegations in Paragraph 188 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 188 of the Complaint.

189. The allegations in Paragraph 189 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 189 of the Complaint.

190. The allegations in Paragraph 190 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 190 of the Complaint.

191. The allegations in Paragraph 191 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 191 of the Complaint.

**SIXTH CAUSE OF ACTION**
**Strict Products Liability – Ultrahazardous Activity**
**(Supplier Defendants)**

192. Cryovac incorporates its responses to Paragraphs 1 through 191 of the Complaint by reference as if set forth fully herein.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

193. The allegations in Paragraph 193 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 193 of the Complaint.

194. The allegations in Paragraph 194 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 194 of the Complaint.

195. The allegations in Paragraph 195 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 195 of the Complaint.

196. The allegations in Paragraph 196 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 196 of the Complaint.

197. The allegations in Paragraph 197 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 197 of the Complaint.

198. The allegations in Paragraph 198 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 198 of the Complaint.

199. The allegations in Paragraph 199 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 199 of the Complaint.

200. The allegations in Paragraph 200 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 200 of the Complaint.

201. The allegations in Paragraph 201 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 201 of the Complaint.

202. The allegations in Paragraph 202 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 202 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**Strict Products Liability – Design Defect**
**(Supplier Defendants)**

203. Cryovac incorporates its responses to Paragraphs 1 through 202 of the Complaint by reference as if set forth fully herein.

204. The allegations in Paragraph 204 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 204 of the Complaint.

205. The allegations in Paragraph 205 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 205 of the Complaint.

206. The allegations in Paragraph 206 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 206 of the Complaint.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

207.    The allegations in Paragraph 207 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 207 of the Complaint.

208.    The allegations in Paragraph 208 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 208 of the Complaint.

209.    The allegations in Paragraph 209, including all subparts, are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 209 of the Complaint, including all subparts.

210.    The allegations in Paragraph 210 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 210 of the Complaint.

211.    The allegations in Paragraph 211 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 211 of the Complaint.

212.    The allegations in Paragraph 212 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 212 of the Complaint.

213.    The allegations in Paragraph 213 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 213 of the Complaint.

214.    The allegations in Paragraph 214 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 214 of the Complaint.

215.    The allegations in Paragraph 215 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 215 of the Complaint.

## EIGHTH CAUSE OF ACTION
### Breach of Implied Warranties
### (Supplier Defendants)

216.    Cryovac incorporates its responses to Paragraphs 1 through 215 of the Complaint by reference as if set forth fully herein.

217.    The allegations in Paragraph 217 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 217 of the Complaint.

218.    The allegations in Paragraph 218 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 218 of the Complaint.

219.    The allegations in Paragraph 219 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 219 of the Complaint.

220.    The allegations in Paragraph 220 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 220 of the Complaint.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

36

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

221.     The allegations in Paragraph 221 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 221 of the Complaint.

222.     The allegations in Paragraph 222 are against only Supplier Defendants and, therefore, no response is required. To the extent a response is required, Cryovac denies the allegations in Paragraph 222 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or statute(s) of repose.

### THIRD DEFENSE

Cryovac's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Cryovac has been compliant. Accordingly, Cryovac pleads license as an affirmative defense to Plaintiff's claims.

### FOURTH DEFENSE

Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**FIFTH DEFENSE**

Plaintiff's claims are premature to the extent that neither the State nor the EPA has set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

**SIXTH DEFENSE**

Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

**SEVENTH DEFENSE**

Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

**EIGHTH DEFENSE**

Plaintiff has failed to name all necessary and indispensable parties in its action.

**NINTH DEFENSE**

Plaintiff lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint. Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because: (1) the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine; and (2) Plaintiff does not have exclusive jurisdiction over the resources at issue, or only has partial jurisdiction over such resources and has failed to join other necessary trustees in this action. Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the

38

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

## TENTH DEFENSE

Plaintiff's injuries and damages, if any, alleged in the Complaint are barred because there is no causal relationship between any acts or omissions by Cryovac and the damages, if any, suffered by Plaintiff and/or are the result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct or product sold by Cryovac.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because no action of Cryovac was the proximate, substantial, or actual cause of Plaintiffs' alleged injuries.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS have been reliably established, through scientific means, to be capable of causing Plaintiffs' alleged injuries.

## THIRTEENTH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Cryovac does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Cryovac exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

## SIXTEENTH DEFENSE

Even assuming Cryovac was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed to the cause of Plaintiff's alleged damages. For that reason, Cryovac is not liable to Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

## SEVENTEENTH DEFENSE

Plaintiff's claims for punitive damages are violative of both the United States Constitution and the South Carolina Constitution, and Cryovac pleads that sections 15-32-530 *et seq.*, of the South Carolina Code provide a cap to punitive damages potentially available in this matter. Plaintiff also fails to state any basis upon which punitive damages are recoverable against Cryovac and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or Rule 12(f) of the South Carolina Rules of Civil Procedure. Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

## EIGHTEENTH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure/assumption of the risk.

40

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**NINETEENTH DEFENSE**

Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Cryovac.

**TWENTIETH DEFENSE**

Plaintiff's claims against Cryovac are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. 300f to 300j.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiff seeks recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. 300f to 300j and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq*.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Cryovac neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Cryovac at all times relevant to the claims or causes of action asserted by Plaintiff.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Cryovac, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Cryovac exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

## TWENTY-THIRD DEFENSE

Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907). The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

## TWENTY-FOURTH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the alleged nuisance.

## TWENTY-FIFTH DEFENSE

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of assumption of risk.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

42

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

**TWENTY-NINTH DEFENSE**

Plaintiff's alleged claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. 44-56-10 *et seq.* to the extent such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

**THIRTIETH DEFENSE**

Plaintiff's claims are barred because it failed to exhaust administrative remedies.

**THIRTY-FIRST DEFENSE**

Plaintiff is not entitled to recover from Cryovac more than Cryovac's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Cryovac more than the amount of such relief, if any, for which Cryovac is liable.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.  Cryovac may not be held liable under retroactive theories not requiring proof of fault or causation.

## THIRTY-THIRD DEFENSE

All claims for injunctive relief in Plaintiff's Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

## THIRTY-FIFTH DEFENSE

The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Cryovac did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule or the free public services doctrine. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

### THIRTY-NINTH DEFENSE

Although Cryovac denies any liability, should Cryovac, or any other party, be found liable for the damages alleged in the Amended Complaint, then the liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq*.

### FORTIETH DEFENSE

Cryovac is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies.

### FORTY-FIRTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Cryovac did not own, operate, or otherwise control the facilities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

### FORTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Cryovac.

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## FORTY-THIRD DEFENSE

Cryovac is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

## FORTY-FOURTH DEFENSE

Cryovac asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

## RESERVATION AND NON-WAIVER

Cryovac reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by information acquired during discovery or otherwise. Cryovac thus reserves the right to amend this answer to assert any such defense.

WHEREFORE, having fully answered the Complaint, Cryovac requests judgment in its favor and respectfully requests the Court to:

(1) Dismiss Plaintiff's Complaint in its entirety, with prejudice;

(2) Award Cryovac all of its legally recoverable costs, fees and expenses incurred in defending this case; and

(3) Grant Cryovac such further relief that the Court deems appropriate.

**[SIGNATURE ON FOLLOWING PAGE]**

46

ELECTRONICALLY FILED - 2025 Jun 30 3:07 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Respectfully submitted,

**K&L GATES, LLP**

*/s/ Jennifer H. Thiem*
Jennifer H. Thiem (SC Bar #73739)
134 Meeting Street, Suite 500
Charleston, SC 29401
Telephone:  843.579.5600
Facsimile:  843.579.5601
jennifer.thiem@klgates.com

Loly G. Tor (admitted *Pro Hac Vice*)
K&L GATES, LLP
One Newark Center, 10th Floor
Newark, NJ  07102
Telephone:  973.848.4026
Fax: 973.848.4001
loly.tor@klgates.com

*Attorneys for Cryovac, Inc.*
*and Cryovac, LLC*

Dated: June 30, 2025

47

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA
COUNTY OF LAURENS
IN RE:
PFAS LITIGATION COORDINATED DOCKET

Laurens County Water and Sewer Commission,

Plaintiff,

v.

AGC Chemicals Americas, Inc.; Anderson Regional Landfill, LLC; Archroma U.S., Inc.; Arkema, Inc.; Atotech USA, LLC; Clariant Corporation; Cone Mills Receiver, LLC; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; FirstSource Worldwide, LLC; Fitesa Simpsonville, Inc.; Henkel US Operations Corporation; Huntsman International, LLC; Milliken & Company; Opperman Webbing, Inc.; Palmetto Plating Company, Inc.; Roll Technology Corporation; Solvay Specialty Polymers USA, LLC; The Chemours Company; T&S Brass and Bronze Works, Inc.; and Unichem Specialty Chemicals, LLC,

Defendants.

IN THE COURT OF COMMON PLEAS
EIGHTH JUDICIAL CIRCUIT

C.A. No. 2024-CP-30-00734

**T&S Brass and Bronze Works, Inc.'s Answer to Plaintiff's Amended Complaint**

Defendant T&S Brass and Bronze Works, Inc. ("T&S Brass") hereby submits its Answer to Plaintiff's Second Amended Complaint ("Complaint").

## <u>GENERAL DENIAL</u>

T&S Brass expressly denies each and every allegation in the Complaint, except those specifically admitted herein.

1

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**FOR A FIRST DEFENSE**

**Statement of the Case[1]**

1.     Responding to Paragraph 1 of the Complaint, T&S Brass denies all allegations set forth in that paragraph that relate to T&S Brass or purport to allege liability against T&S Brass. As to the remaining allegations set forth in Paragraph 1 of the Complaint with regards to the nature of the action brought by Plaintiff, Defendant craves references to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

2.     Responding to Paragraph 2 of the Complaint as it relates to T&S Brass, T&S Brass at this time is without knowledge or information sufficient to form a belief as to the truth of the allegations related to whether T&S Brass has discharged products in the past that contained or degraded to the substances identified by Plaintiff as PFAS, and therefore denies same. With regards to the allegation that T&S Brass continues to discharge products that contain or degrade to the substances identified by Plaintiff as PFAS, T&S denies those allegations, upon information and belief. As to the remaining allegations set forth in Paragraph 2 of the Complaint which are addressed to other Defendants, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

3.     Upon information and belief, Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4.     Responding to Paragraph 4 of the Complaint as it relates to T&S Brass, Plaintiff's use of the phrase "use products" and term "industrial processes" are not defined and susceptible of multiple interpretations; therefore, at this present time, and without a definition for the phrase

---

[1] The headers used in this Answer are for ease of reference and correspond to the headers set forth in Plaintiff's Amended Complaint. They do not constitute an admission by T&S Brass as to the validity of Plaintiff's causes of action.

"use products" and term "industrial processes," T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies same. Further responding to Paragraph 4 of the Complaint, T&S Brass specifically denies that its industrial facility discharges wastewater directly to surface waters As to the remaining allegations set forth in Paragraph 4 of the Complaint which are addressed to other Defendants, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

5. T&S Brass denies the allegations and legal conclusions set forth in Paragraph 5 of the Complaint.

6. T&S Brass denies the allegations and legal conclusions set forth in Paragraph 6 of the Complaint.

7. T&S Brass denies the allegations and legal conclusions set forth in Paragraph 7 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

**Disclaimer**

8. Responding to Paragraph 8 of the Complaint, T&S Brass craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

9. Responding to Paragraph 9 of the Complaint, T&S Brass craves reference to the allegations set forth in the Complaint and denies any allegations inconsistent therewith.

**Jurisdiction and Venue**

10. Paragraph 10 of the Complaint purports to state legal conclusions to which no response is required. However, to the extent a response is required, T&S Brass does not contest the Court's subject matter jurisdiction over this action.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

11.     Paragraph 11 of the Complaint purports to state legal conclusions to which no response is required.  However, to the extent a response is required, T&S Brass does not contest this Court's personal jurisdiction over T&S Brass.

12.     Paragraph 12 of the Complaint purports to state legal conclusions to which no response is required.  However, to the extent a response is required, T&S Brass does not contest venue in Greenwood County.

## Parties

13.     Upon information and belief, T&S Brass admits the allegations set forth in Paragraph 13 of the Complaint.

14.     Upon information and belief, T&S Brass admits the allegations set forth in Paragraph 14 of the Complaint.

15.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies same.

16.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies same.

17.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies same.

18.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies same.

19.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies same.

20.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

21.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies same.

22.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies same.

23.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies same.

24.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies same.

25.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and therefore denies same.

26.    Responding to Paragraph 26 of the Complaint, T&S Brass admits that it is a Delaware corporation with its headquarters located in South Carolina and maintains an industrial facility located at 2 Saddleback Cove, Travelers Rest, South Carolina.  Further responding to Paragraph 26 of the Complaint, Plaintiff's use of the term "manufacture" is not defined and susceptible of multiple interpretations when used in this context; therefore, at this present time, and without a definition for the term "manufacture," T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies same.  Further responding to Paragraph 26 of the Complaint, T&S Brass only admits that it discharges its industrial wastewater to the Mauldin Road WWTP; however, upon information and belief, T&S Brass denies that its current industrial wastewater discharge contains or degrades to the substances identified by Plaintiff as PFAS.  With respect to the remaining allegations set forth in Paragraph 26 of the Complaint related to the capabilities of the Mauldin Road WWTP to remove PFAS,  T&S

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Brass is without knowledge or information sufficient to form a belief as to the truth of those allegations and denies same.

27.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore denies same.

28.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore denies same.

29.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and therefore denies same.

30.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore denies same.

31.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and therefore denies same.

32.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies same.

33.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies same.

34.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies same.

35.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies same.

36.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and therefore denies same.

37.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, and therefore denies same.

38.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies same.

39.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies same.

**Factual Allegations**

40.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies same.

41.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies same.

42.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies same.

43.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies same.

44.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies same.

45.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, and therefore denies same.

46.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies same.

47.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

48.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and therefore denies same.

49.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint, and therefore denies same.

50.     Responding to Paragraph 50 of the Complaint, T&S Brass craves reference to the EPA provisional drinking water health advisories referenced therein and denies any allegations inconsistent therewith.

51.     Responding to Paragraph 51 of the Complaint, T&S Brass craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

52.     Responding to Paragraph 52 of the Complaint, T&S Brass craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

53.     Responding to Paragraph 53 of the Complaint, T&S Brass craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

54.     Responding to Paragraph 54 of the Complaint, T&S Brass craves reference to the EPA health advisories referenced therein and denies any allegations inconsistent therewith.

55.     Responding to Paragraph 55 of the Complaint, T&S Brass craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

56.     Responding to Paragraph 56 of the Complaint, T&S Brass craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

57.     Responding to Paragraph 57 of the Complaint, T&S Brass craves reference to the EPA proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

58.     Responding to Paragraph 58 of the Complaint, T&S Brass craves reference to the EPA news release referenced therein and denies any allegations inconsistent therewith.

59.     Responding to Paragraph 59 of the Complaint, T&S Brass craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

60.     Responding to Paragraph 60 of the Complaint, T&S Brass craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

61.     Responding to Paragraph 61 of the Complaint, T&S Brass craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

62.      Responding to Paragraph 62 of the Complaint, T&S Brass craves reference to the EPA regulation referenced therein and denies any allegations inconsistent therewith.

63.     Responding to Paragraph 63 of the Complaint, T&S Brass craves reference to the EPA announcements referenced therein and denies any allegations inconsistent therewith.

64.     Responding to Paragraph 64 of the Complaint, T&S Brass craves reference to the EPA announcements referenced therein and denies any allegations inconsistent therewith.

65.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint, and therefore denies same.

66.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint, and therefore denies same.

67.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint, and therefore denies same.

9

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

68.    Responding to Paragraph 68 of the Complaint as it relates to T&S Brass, only admits that it is the owner and operator of a manufacturing plant, but denies its facility is located near Greenwood County.  Further responding to Paragraph 68 of the Complaint, Plaintiff's use of the terms "utilize products," "industrial processes," and "precursors" are not defined and susceptible of multiple interpretations in this context; therefore, at this present time, and without a definition for the terms discussed above, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations containing these terms and therefore denies same. As to the remaining allegations set forth in Paragraph 68 of the Complaint which are addressed to other Defendants, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

69.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, and therefore denies same. Further responding to Paragraph 69 of the Complaint, T&S Brass specifically denies Plaintiff has been damaged in the way it describes.

70.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and therefore denies same. Further responding to Paragraph 70 of the Complaint, T&S Brass specifically denies Plaintiff has been damaged in the way it describes.

71.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint, and therefore denies same. Further responding to Paragraph 71 of the Complaint, T&S Brass specifically denies Plaintiff has been damaged in the way it describes.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

72.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint, and therefore denies same. Further responding to Paragraph 72 of the Complaint, T&S Brass specifically denies Plaintiff has been damaged in the way it describes.

73.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, and therefore denies same. Further responding to Paragraph 73 of the Complaint, T&S Brass specifically denies Plaintiff has been damaged in the way it describes.

74.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint, and therefore denies same. Further responding to Paragraph 74 of the Complaint, T&S Brass specifically denies Plaintiff has been damaged in the way it describes.

75.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint, and therefore denies same. Further responding to Paragraph 75 of the Complaint, T&S Brass specifically denies Plaintiff has been damaged in the way it describes.

76.     T&S Brass denies the allegations set forth in Paragraph 76 of the Complaint.

77.     The allegations set forth in Paragraph 77 are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass denies the allegations.

78.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint, and therefore denies same.

79.     T&S Brass denies the allegations set forth in Paragraph 79 of the Complaint.

11

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

80. T&S Brass denies the allegations set forth in Paragraph 80 of the Complaint.

81. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint, and therefore denies same.

82. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint, and therefore denies same.

83. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint, and therefore denies same.

84. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint, and therefore denies same.

85. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint, and therefore denies same.

86. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint, and therefore denies same.

87. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint, and therefore denies same.

88. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint, and therefore denies same.

89. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint, and therefore denies same.

90. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint, and therefore denies same.

91. T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

92.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint, and therefore denies same.

93.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint, and therefore denies same.

94.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint, and therefore denies same.

95.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Complaint, and therefore denies same.

96.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint, and therefore denies same.

97.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint, and therefore denies same.

98.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint, and therefore denies same.

99.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint, and therefore denies same.

100.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint, and therefore denies same.

101.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Complaint, and therefore denies same.

102.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

103.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint, and therefore denies same.

104.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint, and therefore denies same.

105.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint, and therefore denies same.

106.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Complaint, and therefore denies same.

107.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint, and therefore denies same.

108.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint, and therefore denies same.

109.     T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint, and therefore denies same.

110.     The allegations set forth in  Paragraph 110 of the Complaint, including subparts (a)–(j), are directed at other Defendants, and therefore no response from T&S Brass is required. To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

111.     T&S Brass denies the allegations set forth in Paragraph 111 of the Complaint.

112.     T&S Brass denies the allegations set forth in Paragraph 112 of the Complaint.

113.     T&S Brass denies the allegations set forth in Paragraph 113 of the Complaint.

114.     T&S Brass denies the allegations set forth in Paragraph 114 of the Complaint.

115.     T&S Brass denies the allegations set forth in Paragraph 115 of the Complaint.

14

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

116. The allegations in Paragraph 116 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required. To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

117. The allegations in Paragraph 117 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required. To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

118. The allegations in Paragraph 118 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required. To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

119. The allegations in Paragraph 119 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required. To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

120. The allegations in Paragraph 120 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required. To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

121. The allegations in Paragraph 121 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required. To the extent a response is required, T&S

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

122.    The allegations in Paragraph 122 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

123.    The allegations in Paragraph 123 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

124.    The allegations in Paragraph 124 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

125.    The allegations in Paragraph 125 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

126.    The allegations in Paragraph 126 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

127.    The allegations in Paragraph 127 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

128.    The allegations in Paragraph 128 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

129.    The allegations in Paragraph 129 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

130.    The allegations in Paragraph 130 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

131.    The allegations in Paragraph 131 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

132.    The allegations in Paragraph 132 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S

17

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

133.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 133 of the Complaint.

134.    The allegations in Paragraph 134 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

135.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 135 of the Complaint.

136.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 136 of the Complaint.

137.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 137 of the Complaint, including subparts (a)–(b).

**Plaintiff's First Cause of Action**
**Private Nuisance**

138.    T&S Brass incorporates all prior responses to the Complaint by reference as if fully set forth herein.

139.    Upon information and belief, T&S Brass admits the allegations set forth in Paragraph 139 of the Complaint.

140.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Complaint, and therefore denies same.

141.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 141 of the Complaint.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

142.    T&S Brass denies the allegations set forth in Paragraph 142 of the Complaint.

143.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 143 of the Complaint.

144.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 144 of the Complaint.

145.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 145 of the Complaint.

146.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 146 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

147.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 147 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

148.    T&S Brass denies the allegations set forth in Paragraph 148 of the Complaint.

149.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 149 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

<u>**Plaintiff's Second Cause of Action**</u>
**Public Nuisance**

150.    T&S Brass incorporates all prior responses to the Complaint by reference as if fully set forth herein.

151.    Upon information and belief, T&S Brass admits the allegations set forth in Paragraph 151 of the Complaint.

152.    T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 of the Complaint, and therefore denies same.

153.    Responding to Paragraph 153 of the Complaint, T&S Brass does not disagree that Plaintiffs' customers have an expectation to potable water that is reasonably pure and safe for their

19

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

use; however, T&S Brass denies the remaining allegations and legal conclusions set forth in Paragraph 153 of the Complaint.

154.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 154 of the Complaint.

155.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 155 of the Complaint.

156.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 156 of the Complaint.

157.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 157 of the Complaint.

158.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 158 of the Complaint and denies Plaintiff is entitled to injunctive relief as set forth therein.

159.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 159 of the Complaint.

160.    T&S Brass denies the allegations set forth in Paragraph 160 of the Complaint.

161.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 161 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

## Plaintiff's Third Cause of Action
### Trespass

162.    T&S Brass incorporates all prior responses to the Complaint by reference as if fully set forth herein.

163.    T&S Brass denies the allegations set forth in Paragraph 163 of the Complaint.

164.    T&S Brass denies the allegations set forth in Paragraph 164 of the Complaint, including subparts (a)–(d).

20

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

165.    The allegations in Paragraph 165 of the Complaint, including subparts (a)–(d), are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

166.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 166 of the Complaint.

167.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 167 of the Complaint.

168.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 168 of the Complaint.

169.    The allegations in Paragraph 169 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

170.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 170 of the Complaint.

171.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 171 of the Complaint.

172.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 172 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

### Plaintiff's Fourth Cause of Action
### Negligence, Gross Negligence, and/or Recklessness

173.    T&S Brass incorporates all prior responses to the Complaint by reference as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

174.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 174 of the Complaint.

175.    T&S Brass denies the allegations and legal conclusion set forth in Paragraph 175 of the Complaint.

176.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 176 of the Complaint.

177.    The allegations in Paragraph 177 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

178.    The allegations in Paragraph 178 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

179.    The allegations in Paragraph 179 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

180.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 180 of the Complaint.

181.    T&S Brass denies the allegations and legal conclusions set forth in Paragraph 181 of the Complaint and denies Plaintiff is entitled to the relief sought therein.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**Plaintiff's Fifth Cause of Action**
**Strict Products Liability – Failure to Warn**
**(Supplier Defendants)**

182.    T&S Brass incorporates all prior responses to the Complaint by reference as if fully set forth herein.

183.    The allegations in Paragraph 183 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

184.    The allegations in Paragraph 184 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

185.    The allegations in Paragraph 185 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

186.    The allegations in Paragraph 186 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

187.    The allegations in Paragraph 187 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S

23

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

188.     The allegations in Paragraph 188 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

189.     The allegations in Paragraph 189 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

190.     The allegations in Paragraph 190 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

191.     The allegations in Paragraph 191 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

**Plaintiff's Sixth Cause of Action**
**Strict Products Liability – Ultrahazardous Activity**
**(Supplier Defendants)**

192.     T&S Brass incorporates all prior responses to the Complaint by reference as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

193.    The allegations in Paragraph 193 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

194.    The allegations in Paragraph 194 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

195.    The allegations in Paragraph 195 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

196.    The allegations in Paragraph 196 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

197.    The allegations in Paragraph 197 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

198.    The allegations in Paragraph 198 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

199.    The allegations in Paragraph 199 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

200.    The allegations in Paragraph 200 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

201.    The allegations in Paragraph 201 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

202.    The allegations in Paragraph 202 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

### Plaintiff's Seventh Cause of Action
### Strict Products Liability – Design Defect
### (Supplier Defendants)

203.    T&S Brass incorporates all prior responses to the Complaint by reference as if fully set forth herein.

26

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

204.    The allegations in Paragraph 204 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

205.    The allegations in Paragraph 205 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

206.    The allegations in Paragraph 206 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

207.    The allegations in Paragraph 207 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

208.    The allegations in Paragraph 208 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

209.    The allegations in Paragraph 209 of the Complaint, including subparts (a)–(e), are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent

27

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

210.     The allegations in Paragraph 210 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

211.     The allegations in Paragraph 211 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

212.     The allegations in Paragraph 212 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

213.     The allegations in Paragraph 213 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

214.     The allegations in Paragraph 214 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

215.	The allegations in Paragraph 215 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

**<u>Plaintiff's Eighth Cause of Action</u>**
**Breach of Implied Warranties**
**(Supplier Defendants)**

216.	T&S Brass incorporates all prior responses to the Complaint by reference as if fully set forth herein.

217.	The allegations in Paragraph 217 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

218.	The allegations in Paragraph 218 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

219.	The allegations in Paragraph 219 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

220.	The allegations in Paragraph 220 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

221.    The allegations in Paragraph 221 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

222.    The allegations in Paragraph 222 of the Complaint are directed at Defendants other than T&S Brass, and therefore no response is required.  To the extent a response is required, T&S Brass is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

### Plaintiff's Prayer for Relief

223.    Responding to the unnumbered paragraph beginning with WHEREFORE, T&S Brass denies Plaintiff is entitled to the relief sought therein, including subparts (a)–(e).

### AFFIRMATIVE DEFENSES

T&S Brass asserts the following affirmative defenses in response to the allegations in Plaintiff's Complaint as follows:

1.    Defendant's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Defendant has at all relevant times and parameters been fully compliant.  Accordingly, Defendant pleads license as an affirmative defense to Plaintiff's claims.

2.    Plaintiff has failed to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

3.     Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute.  Plaintiff alleges that they will be required to incur costs at some future date when the State or United States Environmental Protection Agency will require them to upgrade their systems to treat PFAS.  Until these costs are incurred, Plaintiff cannot recover.

4.     Further, Plaintiff's claims are premature to the extent that neither the State nor the United States Environmental Protection Agency have set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

5.     Plaintiff also lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

6.     Plaintiff also lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine.

7.     Additionally, Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because it does not have exclusive jurisdiction over the resources at issue, or only have partial jurisdiction over such resources and have failed to join other necessary trustees in this action.

8.     Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

31

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

9.      Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

10.      Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

11.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

12.      Plaintiff has failed to name all necessary and indispensable parties in its action.

13.      Plaintiff's claims are barred, in whole or in part, because Defendant does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

14.      Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

15.      Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

16.      Upon information and belief, Plaintiff's injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of others, including Plaintiff, over which Defendant had no control, thereby precluding any recovery against Defendant.

17.      Even assuming Defendant was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed to the cause of Plaintiff's alleged damages.  For that reason, Defendant is not liable to

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

18.    Plaintiff's claim for punitive damages is violative of both the United States Constitution and the South Carolina Constitution, and Defendant pleads that sections 15-32-530 *et seq.*, of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

19.    Plaintiff also fails to state any basis upon which punitive damages are recoverable against Defendant and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or 12(f) of the Federal Rules of Civil Procedure.

20.    Pursuant to S.C. Code Ann. § 15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

21.    Any damages suffered by Plaintiff, which such damages are expressly denied, are the direct and proximate result of Plaintiff's conduct, and its recovery should be barred or, alternatively, reduced in proportion to the same degree as to Plaintiff's comparative fault.

22.    Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Defendant.

23.    Defendant is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

24.    Plaintiff's claims are barred, in whole or in part, because Defendant did not own, operate, or otherwise control the facilities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

25.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Defendant.

26.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

27.     Plaintiff's claims are also barred, in whole or in part, to the extent that Plaintiff cannot establish that its residents and/or customers were exposed to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

28.     Any damages Plaintiff may have suffered (which are expressly denied) were not reasonably foreseeable by Defendant at the time of the conduct alleged.

29.     Plaintiff's claims against Defendant are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its residents and/or customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j.

30.     Plaintiff's claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiff seeks recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. §§ 300f to

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

300j, the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 *et seq.*

31. Plaintiff's claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiff.

32. Further, Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Defendant, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Defendant exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

33. Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

34. Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907).

35. The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

36.    The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

37.    The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure.

38.    The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the nuisance.

39.    The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of primary implied assumption of risk.

40.    Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

41.    Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

42.    Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

43.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands.

44.    Plaintiff's Complaint is also barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

45.    Plaintiff's claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. §§ 44-56-10 *et seq.* to the extent

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

46.    Plaintiff's claims are barred because they failed to exhaust administrative remedies.

47.    Plaintiff is not entitled to recover from Defendant more than Defendant's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Defendant more than the amount of such relief, if any, for which Defendant is liable.

48.    Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.  Defendant may not be held liable under retroactive theories not requiring proof of fault or causation.

49.    All claims for injunctive relief in Plaintiff's Complaint is barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

50.    Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

51.    The damages sought by Plaintiff, if awarded, should be reduced by any amounts they recover from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

52.     Plaintiff's claims are barred, in whole or in part, because Defendant did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

53.     Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

54.     Plaintiff's claims are barred because Defendant's conduct was not a substantial factor in causing the injures alleged.

55.     Plaintiff's claims are barred by the economic loss rule. *Sapp v. Ford Motor Company*, 386 S.C. 143, 687 S.E.2d 47 (2009).

56.     Plaintiff's recovery for any alleged trespass or nuisance, which is expressly denied, is limited to the lost rental value of Plaintiff's real property interest.

57.     Without admitting liability, Defendant alleges that if it is found to have been engaged in any of the activities alleged in the Complaint, such activities were too removed, indefinite, *de minimus* and insufficient to establish a reasonable degree of probability that any such activity caused any alleged injury, damage or loss to Plaintiff.

58.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that its alleged injuries were caused by exposure to PFAS from any product(s) attributable to Defendant.

59.     Defendant asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

60.     Defendant has not completed its investigation of Plaintiff's allegations. Defendant intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding

ELECTRONICALLY FILED - 2025 Jun 30 11:04 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the allegations contained in Plaintiff's Complaint. Thus, Defendant hereby gives notice of its intent to assert any further affirmative defenses that they may learn to be supported by facts and law, including but not limited to, that this action is barred in whole or in any part by any applicable statute, contract, release, covenant, or by the doctrine of laches. Defendant reserves the right to amend this Answer to assert any such additional defenses.

**WHEREFORE**, having fully answered the Second Amended Complaint, T&S Brass prays that the Complaint be dismissed with prejudice, that T&S Brass be awarded its attorneys' fees and costs associated with defending this action, and for such other and further relief that the Court may deem just and proper.

**WILLIAMS MULLEN**

By: s/John G. Tamasitis
Richard H. Willis (SC Bar No. 6159)
Ethan R. Ware (SC Bar No. 7990)
John G. Tamasitis (SC Bar No. 101875)
1230 Main Street, Suite 330
Columbia, SC 29201
Tel. 803.567.4615
Fax: 803.567.4601
*rwillis@williamsmullen.com*
*eware@williamsmullen.com*
*jtamasitis@williamsmullen.com*

*Counsel for Defendant T&S Brass and Bronze Works, Inc.*

June 30, 2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LAURENS<br><br>IN RE:<br>PFAS LITIGATION COORDINATED DOCKET<br><br>Laurens County Water and Sewer Commission,<br><br>*Plaintiff,*<br><br>v.<br><br>AGC Chemicals Americas, Inc.; Anderson Regional Landfill, LLC; Archroma U.S., Inc.; Arkema, Inc.; Atotech USA, LLC; Clariant Corporation; Cone Mills Receiver, LLC; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc,; EIDP, Inc.; Firstsource Worldwide, LLC; Fitesa Simpsonville, Inc.; Henkel US Operations Corporation; Huntsman International, LLC; Milliken & Company; Opperman Webbing, Inc.; Palmetto Plating Company, Inc.; Roll Technology Corporation; Solvay Specialty Polymers USA, LLC; The Chemours Company; T&S Brass and Bronze Works, Inc.; Unichem Specialty Chemicals, LLC,<br><br>*Defendants*. | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT<br><br>C.A. No. 2024-CP-30-00734<br><br><br>**UNICHEM SPECIALTY CHEMICALS, LLC'S ANSWER TO THE SECOND AMENDED COMPLAINT** |

Defendant Unichem Specialty Chemicals, LLC ("Unichem"), by and through its undersigned attorneys, hereby answers the Second Amended Complaint of Plaintiff Laurens County Water and Sewer Commission ("Plaintiff") as follows:

## FOR A FIRST DEFENSE
### (General Denial)

Except as specifically admitted, qualified, or explained herein, Unichem denies the allegations of the Second Amended Complaint (the "Complaint"). Unichem lacks information or knowledge sufficient to form a belief as to the truth of allegations asserted against other defendants

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

and, therefore, denies the same. Thus, where Plaintiff's allegations are directed to all Defendants, Unichem answers only on behalf of itself.

### (Specific Denials)

1.      Answering Paragraph 1, Unichem admits that Plaintiff asserts claims in this action but denies any claims asserted against it have merit. Unichem denies all remaining allegations directed to it.

2.      Answering Paragraph 2, Unichem admits that Plaintiff seeks certain relief in this action but denies that Plaintiff is entitled to any relief. Unichem denies all remaining allegations directed to it.

3.      Upon Plaintiff's representations and upon information and belief, Unichem admits the allegations of Paragraph 3.

4.      Answering Paragraph 4, Unichem admits only that it currently[1] operates a facility located at 8 N. Kings Road, Greenville, South Carolina 29605, and that it disposes of its wastewater, pursuant to a permit, to the Mauldin Road wastewater treatment plant ("WWTP"). Unichem denies all remaining allegations in Paragraph 4.

5.      Answering the first sentence of Paragraph 5, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same. The second sentence of Paragraph 5 sets forth legal conclusions to which no response is required; to the extent a response is required, Unichem denies any allegations against it. Unichem denies any remaining allegations of Paragraph 5 directed to it.

---

[1] The referenced facility was owned and operated by entities unrelated to Unichem until August 2021. Accordingly, Unichem can only respond to allegations relating to operation of the facility after August 2021.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

6.     Unichem denies the allegations contained in the first sentence of Paragraph 6 and demands strict proof thereof. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and, therefore, denies the same.

7.     Paragraph 7 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations in Paragraph 7 and denies that Plaintiff is entitled to its requested relief.

## AS TO PLAINTIFF'S DISCLAIMER

8.     Paragraph 8 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies the allegations.

9.     Paragraph 9 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies the allegations.

## AS TO JURISDICTION AND VENUE

10.     Paragraph 10 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem does not contest the Court's subject matter jurisdiction over this action.

11.     Paragraph 11 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem does not contest this Court's exercise of personal jurisdiction over it.

12.     Paragraph 12 sets forth legal conclusions to which no response it required. To the extent a response is required, Unichem defers to the Orders of the South Carolina Supreme Court governing the appropriate venue for disputes related to PFAS asserted in this state and denies any allegations inconsistent therewith. Unichem denies any remaining allegations directed to it.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**AS TO THE PARTIES**

13.     Upon information and belief, Unichem admits the allegations in Paragraph 13.

14.     Upon information and belief, Unichem admits the allegations in Paragraph 14.

15.     Unichem lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 15 and, therefore, denies the same.

16.     The allegations of Paragraph 16 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

17.     The allegations of Paragraph 17 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

18.     The allegations of Paragraph 18 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

19.     The allegations of Paragraph 19 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

20.     The allegations of Paragraph 20 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

21.     The allegations of Paragraph 21 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

22.     The allegations of Paragraph 22 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

23.     The allegations of Paragraph 23 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

24.     The allegations of Paragraph 24 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

25.     The allegations of Paragraph 25 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

26.     The allegations of Paragraph 26 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

27.     Answering Paragraph 27, Unichem admits only that it is a Delaware limited liability company authorized to do business in South Carolina, that it, beginning on or about August 2021, maintains an industrial facility located at 8 N. Kings Road, Greenville, South Carolina 29605, and that it disposes of its industrial wastewater to the Mauldin Road WWTP. Unichem lacks information or knowledge sufficient to form a belief as to the allegations regarding the Mauldin Road WWTP's capabilities and, therefore, denies the same. Unichem denies all remaining allegations of Paragraph 27.

28.     The allegations of Paragraph 28 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

29.     The allegations of Paragraph 29 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

30.     The allegations of Paragraph 30 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

31.     The allegations of Paragraph 31 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

32.     The allegations of Paragraph 32 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

33.     The allegations of Paragraph 33 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

34.     The allegations of Paragraph 34 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

35.     The allegations of Paragraph 35 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

36.     The allegations of Paragraph 36 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

37.    The allegations of Paragraph 37 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

38.    The allegations of Paragraph 38 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

39.    The allegations of Paragraph 39 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

### AS TO THE FACTUAL ALLEGATIONS

40.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, denies the same.

41.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and, therefore, denies the same.

42.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 and, therefore, denies the same.

43.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

44.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, denies the same.

45.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, denies the same.

46.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 46 and, therefore, denies the same.

47.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, denies the same.

48.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48 and, therefore, denies the same.

49.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49 and, therefore, denies the same.

50.     Answering Paragraph 50, Unichem craves reference to the health advisories referenced therein and denies any allegations inconsistent therewith. Unichem denies any allegations of Paragraph 50 directed to it.

51.     Answering Paragraph 51, Unichem craves reference to the health advisories referenced therein and denies any allegations inconsistent therewith.

52.     Answering Paragraph 52, Unichem craves reference to the health advisories and studies referenced therein and denies any allegations inconsistent therewith.

53.     Answering Paragraph 53, Unichem craves reference to the health advisories referenced therein and denies any allegations inconsistent therewith.

54.     Answering Paragraph 54, Unichem craves reference to the health advisories referenced therein and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

55. Answering Paragraph 55, Unichem craves reference to the EPA's proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

56. Answering Paragraph 56, Unichem craves reference to the EPA's proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

57. Answering Paragraph 57, Unichem craves reference to the EPA's proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

58. Answering Paragraph 58, Unichem craves reference to the EPA's press release referenced therein and denies any allegations inconsistent therewith.

59. Answering Paragraph 59, Unichem craves reference to the EPA's proposed regulations and press release referenced therein and denies any allegations inconsistent therewith.

60. Answering Paragraph 60, Unichem craves reference to the EPA's proposed regulation referenced therein and denies any allegations inconsistent therewith.

61. Answering Paragraph 61, Unichem craves reference to the EPA's proposed regulation referenced therein and denies any allegations inconsistent therewith.

62. Answering Paragraph 62, Unichem craves reference to the EPA's proposed regulation referenced therein and denies any allegations inconsistent therewith.

63. Answering Paragraph 63, Unichem craves reference to the EPA's announcements referenced therein and denies any allegations inconsistent therewith.

64. Answering Paragraph 64, Unichem craves reference to the EPA's announcements referenced therein and denies any allegations inconsistent therewith.

65. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies the same.

66. Upon information and belief, Unichem admits the allegations of Paragraph 66.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

67.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies the same.

68.    Answering Paragraph 68, Unichem admits only that it currently operates a facility located in Greenville South Carolina and that it disposes of its industrial wastewater to the Mauldin Road WWTP. Unichem denies any remaining allegations directed to it.

69.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies the same.

70.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies the same.

71.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies the same.

72.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies the same.

73.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies the same.

74.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies the same.

75.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies the same.

76.    Unichem denies the allegations of Paragraph 76 directed to it.

77.    The allegations of Paragraph 77 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. Unichem denies any allegations of Paragraph 77 directed to it.

78.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies the same.

79.     Unichem denies the allegations of Paragraph 79 directed to it.

80.     Unichem denies the allegations of Paragraph 80 directed to it.

81.     The allegations of Paragraph 81 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

82.     The allegations of Paragraph 82 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

83.     The allegations of Paragraph 83 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

84.     The allegations of Paragraph 84 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

85.    The allegations of Paragraph 85 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

86.    The allegations of Paragraph 86 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

87.    The allegations of Paragraph 87 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

88.    The allegations of Paragraph 88 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

89.    The allegations of Paragraph 89 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

90.    The allegations of Paragraph 90 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

91.    The allegations of Paragraph 91 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

92.    The allegations of Paragraph 92 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

93.    The allegations of Paragraph 93 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

94.    The allegations of Paragraph 94 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

95.    The allegations of Paragraph 95 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

96.     The allegations of Paragraph 96 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

97.     The allegations of Paragraph 97 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

98.     The allegations of Paragraph 98 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

99.     The allegations of Paragraph 99 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

100.    The allegations of Paragraph 100 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

101.    The allegations of Paragraph 101 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

102. The allegations of Paragraph 102 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

103. The allegations of Paragraph 103 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

104. The allegations of Paragraph 104 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

105. The allegations of Paragraph 105 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

106. The allegations of Paragraph 106 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

107. The allegations of Paragraph 107 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

108. The allegations of Paragraph 108 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

109. The allegations of Paragraph 109 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

110. The allegations of Paragraph 110, including all subparts, are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. Unichem denies any allegations of Paragraph 110 directed to it.

111. The allegations of Paragraph 111 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

112. The allegations of Paragraph 112 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

113.     The allegations of Paragraph 113 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

114.     The allegations of Paragraph 114 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

115.     The allegations of Paragraph 115 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

116.     The allegations of Paragraph 116 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

117.     The allegations of Paragraph 117 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

118.    The allegations of Paragraph 118 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

119.    The allegations of Paragraph 119 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

120.    The allegations of Paragraph 120 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

121.    The allegations of Paragraph 121 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

122.    The allegations of Paragraph 122 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

123.    The allegations of Paragraph 123 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

124. The allegations of Paragraph 124 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

125. The allegations of Paragraph 125 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

126. The allegations of Paragraph 126 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

127. The allegations of Paragraph 127 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

128. The allegations of Paragraph 128 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

129.     The allegations of Paragraph 129 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

130.     The allegations of Paragraph 130 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

131.     The allegations of Paragraph 131 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

132.     The allegations of Paragraph 132 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

133.     Unichem denies the allegations in the first sentence of Paragraph 133. As to the remaining allegations, Unichem lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

134.     The allegations of Paragraph 134 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

135. Paragraph 135 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies the allegations of Paragraph 135 directed to it.

136. Paragraph 136 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies the allegations of Paragraph 136 directed to it.

137. Unichem denies the allegations of Paragraph 137, including all subparts, directed to it.

## AS TO THE FIRST CAUSE OF ACTION
### (Private Nuisance)

138. Answering Paragraph 138, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

139. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 139 and, therefore, denies the same.

140. Paragraph 140 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 and, therefore, denies the same.

141. Paragraph 141 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

142. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 142 and, therefore, denies the same.

143. Paragraph 143 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

144. Paragraph 144 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

145. Paragraph 145 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

146. Paragraph 146 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

147. Paragraph 147 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

148. Paragraph 148 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

149. Paragraph 149 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

## AS TO THE SECOND CAUSE OF ACTION
### (Public Nuisance)

150. Answering Paragraph 150, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

151. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and, therefore, denies the same.

152. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and, therefore, denies the same.

153. Paragraph 153 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

154.    Paragraph 154 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

155.    Paragraph 155 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

156.    Paragraph 156 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

157.    Paragraph 157 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

158.    Paragraph 158 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

159.    Paragraph 159 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

160.    Paragraph 160 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

161.    Paragraph 161 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

## AS TO THE THIRD CAUSE OF ACTION
### (Trespass)

162.    Answering Paragraph 162, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

163. Paragraph 163 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163 and, therefore, denies the same.

164. Unichem denies any allegations of Paragraph 164, including all subparts, directed to it.

165. The allegations of Paragraph 165 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

166. Paragraph 166 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

167. Paragraph 167 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

168. Unichem denies any allegations of Paragraph 168 directed to it.

169. The allegations of Paragraph 169 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

170. Paragraph 170 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

171. Paragraph 171 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

172.     Paragraph 172 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

### AS TO THE FOURTH CAUSE OF ACTION
**(Negligence, Gross Negligence, and/or Recklessness)**

173.     Answering Paragraph 173, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

174.     Paragraph 174 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

175.     Paragraph 175 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

176.     Paragraph 176 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

177.     The allegations of Paragraph 177 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

178.     The allegations of Paragraph 178 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

179.     The allegations of Paragraph 179 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

180. Paragraph 180 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

181. Paragraph 181 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

## AS TO THE FIFTH CAUSE OF ACTION
### (Strict Products Liability – Failure to Warn as to the Supplier Defendants)

182. Answering Paragraph 182, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

183. The allegations of Paragraph 183 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

184. The allegations of Paragraph 184 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

185. The allegations of Paragraph 185 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

186. The allegations of Paragraph 186 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

187. The allegations of Paragraph 187 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

188. The allegations of Paragraph 188 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

189. The allegations of Paragraph 189 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

190. The allegations of Paragraph 190 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

191. The allegations of Paragraph 191 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## AS TO THE SIXTH CAUSE OF ACTION
**(Strict Products Liability – Ultrahazardous Activity as to the Supplier Defendants)**

192.    Answering Paragraph 192, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

193.    The allegations of Paragraph 193 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

194.    The allegations of Paragraph 194 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

195.    The allegations of Paragraph 195 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

196.    The allegations of Paragraph 196 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

197.    The allegations of Paragraph 197 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

198.    The allegations of Paragraph 198 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

199.    The allegations of Paragraph 199 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

200.    The allegations of Paragraph 200 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

201.    The allegations of Paragraph 201 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

202.    The allegations of Paragraph 202 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## AS TO THE SEVENTH CAUSE OF ACTION
### (Strict Products Liability – Design Defect as to the Supplier Defendants)

203.   Answering Paragraph 203, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

204.   The allegations of Paragraph 204 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

205.   The allegations of Paragraph 205 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

206.   The allegations of Paragraph 206 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

207.   The allegations of Paragraph 207 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

208.   The allegations of Paragraph 208 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

209. The allegations of Paragraph 209, including all subparts, are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

210. The allegations of Paragraph 210 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

211. The allegations of Paragraph 211 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

212. The allegations of Paragraph 212 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

213. The allegations of Paragraph 213 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

214. The allegations of Paragraph 214 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

215.    The allegations of Paragraph 215 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

### AS TO THE EIGHTH CAUSE OF ACTION
**(Breach of Implied Warranties – as to the Supplier Defendants)**

216.    Answering Paragraph 216, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

217.    The allegations of Paragraph 217 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

218.    The allegations of Paragraph 218 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

219.    The allegations of Paragraph 219 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

220.    The allegations of Paragraph 220 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

221.    The allegations of Paragraph 221 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

222.    The allegations of Paragraph 222 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## AS TO THE PRAYER FOR RELIEF

Unichem denies that Plaintiff is entitled to the relief sought in its prayer for relief set forth in the unnumbered paragraph beginning "WHEREFORE," including all subparts. Having fully answered the allegations against it, Unichem prays:

a. For judgment in Unichem's favor on each and every Count contained in Plaintiff's Second Amended Complaint;

b. That all costs of this action, including reasonable attorney's fees, be taxed upon Plaintiff; and

c. That this Court grant Unichem such other and further relief as the Court deems just, equitable, and proper.

Unichem asserts the following additional and affirmative defenses in response to the allegations in Plaintiff's Second Amended Complaint:

## FOR A SECOND DEFENSE
### (Rule 12(b)(6), SCRCP)

The Complaint and allegations contained therein fail to state a valid cause of action against Unichem.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**FOR A THIRD DEFENSE**
**(Justiciability)**

Plaintiff's claims as stated in the Complaint are not ripe and Plaintiff lacks standing.

**FOR A FOURTH DEFENSE**
**(Compliance with Applicable Law & Standards of Care)**

At all relevant times, Unichem complied with all applicable federal, state, or other laws and regulations and with any applicable standards of care.

**FOR A FIFTH DEFENSE**
**(Permit and License)**

At all relevant times, Unichem acted in accordance with its duly issued permits and/or licenses.

**FOR A SIXTH DEFENSE**
**(No Duty)**

At all relevant times, Unichem owed no duty of care toward Plaintiff.

**FOR A SEVENTH DEFENSE**
**(Intervening Acts or Omissions)**

Plaintiff's claim is barred, in whole or in part, because the damages complained of were caused, in whole or in part, by the acts or omissions of others for whose conduct Unichem is not responsible.

**FOR AN EIGHTH DEFENSE**
**(Comparative Negligence)**

Plaintiff's claims are barred, in whole or in part, because the damages and injuries allegedly incurred were caused, in whole or in part, by Plaintiff's own negligence, carelessness, recklessness, willfulness, and/or wantonness. Any recovery by Plaintiff should be reduced or barred accordingly.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## FOR A NINTH DEFENSE
### (Assumption of Risk)

Plaintiff's damages, if any, were caused by Plaintiff's actions when Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in the Complaint, and, therefore, Plaintiff is not entitled to recover from Unichem.

## FOR A TENTH DEFENSE
### (Mitigation of Damages)

Plaintiff's claims against Unichem are barred, in whole or in part, because Plaintiff failed to exercise reasonable diligence in mitigating any alleged damages.

## FOR AN ELEVENTH DEFENSE
### (Lack of Authority or Standing)

Plaintiff lacks authority and/or standing to bring a claim predicated upon alleged injury to the public at large.

## FOR A TWELFTH DEFENSE
### (Failure to Join)

Plaintiff has failed to join the necessary parties for complete relief and adjudication and the parties necessary for the convenient administration of justice, including prior owners of Unichem's facility.

## FOR A THIRTEENTH DEFENSE
### (Municipal Cost Recovery Rule)

As a governmental and/or special purpose entity, Plaintiff is barred from recovery in tort for expenditures made in the performance of governmental functions such as provision of potable water to county residents.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**FOR A FOURTEENTH DEFENSE**
**(Contribution)**

Although Unichem denies any liability, should Unichem, or any other party, be found liable for the damages alleged in the Complaint, then the liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq.*

**FOR A FIFTHEENTH DEFENSE**
**(Set Off)**

Should Unichem be found responsible for any of the damages alleged in the Complaint, which is expressly denied, Unichem is entitled to a set-off for payments paid or payable to Plaintiff for such damages.

**FOR A SIXTEENTH DEFENSE**
**(Failure to State a Claim for Punitive Damages)**

The Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

**FOR A SEVENTEENTH DEFENSE**
**(Unconstitutional Punitive Damages)**

Unichem affirmatively pleads the following in regard to Plaintiff's request of punitive damages:

(a)    An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(b)    An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(c)    The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Amendments of the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(d)     An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment of the United States Constitution and the corresponding provisions of the South Carolina Constitution; and

(e)     Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment.

### FOR AN EIGHTEENTH DEFENSE
### (Bifurcated Trial and Punitive Damages Cap)

To the extent Plaintiff pursues punitive damages, Unichem demands a bifurcated trial pursuant to South Carolina Code Annotated § 15-32-520, and demands that said damages, if any, be limited to three (3) times of any compensatory damages or the sum of $500,000.00, whichever is greater.

### FOR A NINETEENTH DEFENSE
### (Statute of Limitations and Repose)

Plaintiff's claims are barred, in whole or in part, by the appliable statutes of limitations or repose.

### FOR A TWENTIETH DEFENSE
### (Waiver, Estoppel, Unclean Hands, Laches)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

### FOR AN TWENTY-FIRST DEFENSE
### (Accord and Satisfaction and Release)

Plaintiff's claims may be barred, in whole or in part, by the doctrines of accord and satisfaction and by prior release.

ELECTRONICALLY FILED - 2025 Jun 30 4:59 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## FOR A TWENTY-SECOND DEFENSE
### (Res Judicata/Collateral Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of claim and issue preclusion.

## FOR A TWENTY-THIRD DEFENSE
### (No Interference)

Plaintiff's nuisance claims are barred, in whole or in part, because Unichem did not cause an unreasonable and substantial interference with their enjoyment of their property or with a right common to the general public.

## INCORPORATION OF OTHER DEFENSES

Unichem incorporates herein any defense pled by other defendants in this case, to the extent they do not conflict with the defenses set forth above.

## RESERVATION AND NON-WAIVER

Unichem reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by information acquired during discovery or otherwise.

WOMBLE BOND DICKINSON (US) LLP

*s/ Andrea L. McDonald*
James E. Weatherholtz, S.C. Bar No. 16872
Andrea L. McDonald, S.C. Bar No. 105308
5 Exchange St.
P.O. Box 999 [29402]
Charleston, SC 29401
843-722-3400
James.Weatherholtz@wbd-us.com
Andi.McDonald@wbd-us.com

*Attorneys for Defendant Unichem Specialty Chemicals, LLC*

June 30, 2025
Charleston, South Carolina

ELECTRONICALLY FILED - 2025 Jul 07 10:20 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA
COUNTY OF LAURENS

IN RE:
PFAS LITIGATION COORDINATED DOCKET

Laurens County Water and Sewer Commission,

Plaintiff,

v.

AGC Chemicals Americas, Inc. *et al.*,

Defendants.

IN THE COURT OF COMMON PLEAS
EIGHTH JUDICIAL CIRCUIT

C.A. No. 2024-CP-30-00734

**ACCEPTANCE OF SERVICE ON BEHALF OF FITESA SIMPSONVILLE, INC.**

Pursuant to Rule 4(j), SCRCP, I hereby accept and acknowledge service and my receipt via email of the Second Amended Summons and Complaint in the above captioned matter on behalf of Defendant Fitesa Simpsonville, Inc. ("Fitesa"), effective June 18, 2025, with no further service on Fitesa being necessary.

Kevin Dunlap
Parker Poe
110 East Court Street, Suite 200
Greenville, SC 29601
864-253-6105
kevindunlap@parkerpoe.com

*Counsel for Fitesa Simpsonville, Inc.*

ELECTRONICALLY FILED - 2025 Jul 09 2:32 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                                )      EIGHTH JUDICIAL CIRCUIT
COUNTY OF LAURENS )

Laurens County Water and Sewer )    C.A. No. 2024-CP-30-00734
Commission, )
                               )
               Plaintiff, )

v. )

AGC Chemicals Americas, Inc.; Anderson )
Regional Landfill, LLC; Archroma U.S., )
Inc.; Arkema, Inc.; Atotech USA, LLC; )
Clariant Corporation; Cone Mills Receiver, )  **ANSWER OF CONE MILLS**
LLC; Corteva, Inc.; Cryovac, Inc.; Cryovac, )  **RECEIVER, LLC**
LLC; Daikin America, Inc.; DuPont de )  (Second Amended Complaint)
Nemours, Inc.; EIDP, Inc.; Firstsource )
Worldwide, LLC; Fitesa Simpsonville, Inc.; )
Henkel US Operations Corporation; )
Huntsman International, LLC; Milliken & )
Company; Opperman Webbing, Inc.; )
Palmetto Plating Company, Inc.; Roll )
Technology Corporation; Solvay Specialty )
Polymers USA, LLC; The Chemours )
Company; T&S Brass and Bronze Works, )
Inc.; and Unichem Specialty Chemicals, )
LLC, )
                               )
               Defendants. )
                               )

NOW COMES Defendant Cone Mills Receiver, LLC ("CMR"), and for its Answer to the Second Amended Complaint ("Complaint") of Plaintiff Laurens County Water and Sewer Commission ("LCWSC"), states the following:

**STATEMENT OF THE CASE**

1.    For its Answer to paragraph 1 of the Complaint, CMR admits this is a purported civil action to address contamination of the Reedy River, but CMR denies that it is a result of

ELECTRONICALLY FILED - 2025 Jul 09 2:32 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

"ongoing contamination" caused by CMR. CMR also denies all remaining allegations of paragraph 1 of the Complaint to the extent they pertain to or are direct toward CMR.

2.    CMR denies the allegations of Paragraph 2 of the Complaint.

3.    CMR lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, therefore, denies same.

4.    CMR denies all allegations of paragraph 4 of the Complaint to the extent they pertain to or are direct toward CMR.

5.    CMR denies all allegations of paragraph 5 of the Complaint to the extent they pertain to or are direct toward CMR.

6.    CMR denies all allegations of paragraph 6 of the Complaint to the extent they pertain to or are direct toward CMR.

7.    CMR denies all allegations of paragraph 7 of the Complaint to the extent they pertain to or are direct toward CMR.

### DISCLAIMER

8.    Paragraph 8 of the Complaint contains disclaimers only, and does not require an answer. To the extent that Paragraph 8 requires an answer, CMR denies all allegations of paragraph 8 of the Complaint to the extent they pertain to or are direct toward CMR.

9.    Paragraph 9 of the Complaint contains disclaimers only, and does not require an answer. To the extent that Paragraph 9 requires an answer, CMR denies all allegations of paragraph 9 of the Complaint to the extent they pertain to or are direct toward CMR.

### JURISDICTION AND VENUE

10.    In response to the allegations of paragraph 10 of the Complaint, CMR admits, upon information and belief, that this Honorable Court has subject matter jurisdiction over this action.

ELECTRONICALLY FILED - 2025 Jul 09 2:32 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

11.     In response to the allegations of paragraph 11 of the Complaint, CMR admits, upon information and belief, that this Honorable Court has personal jurisdiction over CMR.

12.     In response to the allegations of paragraph 12 of the Complaint, CMR admits, upon information and belief, that venue is proper in this Honorable Court.

**PARTIES**

13.     Upon information and belief, CMR admits Paragraph 13.

14.     CMR lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, denies same.

15.     CMR lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, denies same.

16.     CMR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, therefore, denies same.

17.     In response to the allegations of paragraph 17 of the Complaint, CMR admits that it is the court-appointed receiver for American Fast Print (US) v. American Fast Print Limited (U.S.) (d/b/a U.S. Finishing), Duke Energy Corporation (f/k/a Duke Power Company), and Piper Properties Of Greenville, LLC, Civil Action No. 6:04-23349-13, U.S. District Court, District of South Carolina, Greenville Division.  CMR denies all remaining allegations of paragraph 16 of the Complaint to the extent they pertain to or are direct toward CMR.

18.     CMR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 18 through 39 of the Complaint and, therefore, denies same.

**FACTUAL ALLEGATIONS**

19.     Upon information and belief, CMR admits the allegations of Paragraphs 40 through 64 of the Complaint.

3

ELECTRONICALLY FILED - 2025 Jul 09 2:32 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

20.    CMR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 65 through 67 of the Complaint and, therefore, denies same.

21.    For its answer to Paragraph 68, CMR admits that it is the court-appointed receiver for American Fast Print (US) and that, as receiver, it owns a former textile mill in Greenville County on banks of the Reedy River, but denies all remaining allegations of paragraph 68 of the Complaint to the extent they pertain to or are direct toward CMR.

22.    CMR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 69 through 75 of the Complaint and, therefore, denies same.

23.    CMR denies the allegations of paragraphs 76 and 77 of the Complaint to the extent they pertain to or are direct toward CMR.

24.    CMR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint and, therefore, denies same.

25.    CMR denies the allegations of Paragraphs 79 and 80 of the Complaint to the extent they pertain to or are direct toward CMR.

26.    The allegations of Paragraphs 81 through 132 of the Complaint do not appear to be directed at CMR; therefore, no response is required.  To the extent a response is required to the allegations of Paragraphs 80 through 132 of the Complaint, CMR lacks sufficient information to form a belief as to the truth of said allegations and, therefore, denies same.

27.    CMR denies the allegations of Paragraph 133 of the Complaint to the extent they pertain to or are direct toward CMR.

28.    The allegations of Paragraph 134 of the Complaint do not appear to be directed at CMR; therefore, no response is required.  To the extent a response is required to the allegations of paragraph 134 of the Complaint, CMR lacks sufficient information to form a belief as to the truth

of said allegations and, therefore, denies same.

29.    CMR denies the allegations of Paragraphs 135 through 137 of the Complaint to the extent they pertain to or are direct toward CMR.

**FIRST CAUSE OF ACTION**
**Private Nuisance**

30.    Paragraph 138 of the Complaint does not appear to require a response; however, to the extent a response is required, CMR realleges and re-avers the foregoing as fully as if repeated verbatim.

31.    CMR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 139 and 140 of the Complaint and, therefore, denies same.

32.    CMR denies the allegations of Paragraphs 141 through 149 of the Complaint to the extent they pertain to or are direct toward CMR.

**SECOND CAUSE OF ACTION**
**Public Nuisance**

33.    Paragraph 150 of the Complaint does not appear to require a response; however, to the extent a response is required, CMR realleges and re-avers the foregoing as fully as if repeated verbatim.

34.    CMR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 151 through 153 of the Complaint and, therefore, denies same.

35.    CMR denies the allegations of Paragraphs 154 through 161 of the Complaint to the extent they pertain to or are direct toward CMR.

**THIRD CAUSE OF ACTION**
**Trespass**

36.    Paragraph 162 of the Complaint does not appear to require a response; however, to the extent a response is required, CMR realleges and re-avers the foregoing as fully as if repeated

5

ELECTRONICALLY FILED - 2025 Jul 09 2:32 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jul 09 2:32 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

verbatim.

37.     CMR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 of the Complaint and, therefore, denies same.

38.     CMR denies the allegations of Paragraphs 164 through 172 of the Complaint to the extent they pertain to or are direct toward CMR.

## FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

39.     Paragraph 173 of the Complaint does not appear to require a response; however, to the extent a response is required, CMR realleges and re-avers the foregoing as fully as if repeated verbatim.

40.     CMR denies the allegations of Paragraphs 174 through 181 of the Complaint to the extent they pertain to or are direct toward CMR.

## FIFTH CAUSE OF ACTION
### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

41.     Paragraph 182 of the Complaint does not appear to require a response; however, to the extent a response is required, CMR realleges and re-avers the foregoing as fully as if repeated verbatim.

42.     The allegations of Paragraphs 183 through 191 of the Complaint do not appear to be directed at CMR; therefore, no response is required.  To the extent a response is required, CMR denied the allegations of Paragraphs 183 through 191 of the Complaint to the extent they pertain to or are direct toward CMR.

## SIXTH CAUSE OF ACTION
### Strict Products Liability – Ultrahazardous Activity
### (Supplier Defendants)

43.     Paragraph 192 of the Complaint does not appear to require a response; however, to

6

ELECTRONICALLY FILED - 2025 Jul 09 2:32 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, CMR realleges and re-avers the foregoing as fully as if repeated verbatim.

44.     The allegations of Paragraphs 193 through 202 of the Complaint do not appear to be directed at CMR; therefore, no response is required.  To the extent a response is required, CMR denied the allegations of Paragraphs 193 through 202 of the Complaint to the extent they pertain to or are direct toward CMR.

## SEVENTH CAUSE OF ACTION
### Strict Products Liability – Design Defect
### (Supplier Defendants)

45.     Paragraph 203 of the Complaint does not appear to require a response; however, to the extent a response is required, CMR realleges and re-avers the foregoing as fully as if repeated verbatim.

46.     The allegations of Paragraphs 204 through 215 of the Complaint do not appear to be directed at CMR; therefore, no response is required.  To the extent a response is required, CMR denied the allegations of Paragraphs 204 through 215 of the Complaint to the extent they pertain to or are direct toward CMR.

## EIGHTH CAUSE OF ACTION
### Breach of Implied Warranties
### (Supplier Defendants)

47.     Paragraph 216 of the Complaint does not appear to require a response; however, to the extent a response is required, CMR realleges and re-avers the foregoing as fully as if repeated verbatim.

48.     The allegations of Paragraphs 217 through 222 of the Complaint do not appear to be directed at CMR; therefore, no response is required.  To the extent a response is required, CMR denied the allegations of Paragraphs 217 through 222 of the Complaint to the extent they pertain

to or are direct toward CMR.

49.    Any allegation of the Complaint not specifically admitted herein is denied.

## DEFENSES

50.    The Complaint fails to state a claim upon which relief can be granted as to CMR.

51.    CMR is neither a Supplier Defendant nor a Discharger Defendant as defined in Plaintiff's Complaint.

52.    The Complaint is barred by the applicable statute of limitations.

53.    The Complaint is barred by the doctrine of laches.

54.    The Complaint is barred by the doctrines of waiver and estoppel.

55.    The Complaint is barred as to CMR as a matter of law.  In the Court's order appointing the receiver in this case, the Honorable G. Ross Anderson, Jr. wrote the following: "Except for an act of gross negligence or willful misconduct, the Receiver and all persons employed by him shall not be liable for any loss or damage incurred by American Fast Print or any other person by reason of any act performed or omitted to be performed by them in connection with the discharge of their duties and responsibilities in this matter."  Therefore, the Complaint as to CMR must be dismissed.

WHEREFORE, having stated its Answer and Defenses, CMR respectfully requests that the Court:

1.    Enter a judgment in favor of CMR and dismiss CMR as a Defendant as to all claims, including requests for injunctive and monetary relief and damages of any and all kinds, and award CMR its costs and expenses, including attorneys' fees;

2.    Award CMR all further relief the Court deems just and equitable.

8

ELECTRONICALLY FILED - 2025 Jul 09 2:32 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Respectfully submitted,

 s/ Shane W. Rogers
Shane W. Rogers (S.C. Bar No. 16701)
Johnson, Smith, Hibbard & Wildman Law Firm, L.L.P.
220 N. Church Street, Suite 4 (29306)
Post Office Drawer 5587
Spartanburg, South Carolina 29304
Telephone: (864) 582-8121
Facsimile: (864) 585-5328
Email: srogers@jshwlaw.com

and

Kelly D. H. Lowry, Esq. (S.C. Bar No. 12462)
Law Firm of Lowry and Associates, LLC
753 E. Main St., Suite 7
Spartanburg, South Carolina 29302
Telephone:  864.921.8915
Email:  kelly@lowryandassociates.com

Attorneys for Defendant Cone Mills Receiver, LLC

Spartanburg, South Carolina

July 9, 2025

ELECTRONICALLY FILED - 2025 Jul 09 2:32 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**STATE OF SOUTH CAROLINA**

**COUNTY OF LAURENS**

IN RE:
PFAS LITIGATION COORDINATED
DOCKET


LAURENS COUNTY WATER AND
SEWER DIVISION,

*Plaintiff,*

**v.**

AGC CHEMICALS AMERICAS, INC.,
ANDERSON REGIONAL LANDFILL,
LLC; ARCHROMA U.S., INC.; ARKEMA,
INC.; ATOTECH USA, LLC; CLARIANT
CORPORATION; CONE MILLS
RECEIVER, LLC; CORTEVA, INC.;
CRYOVAC, INC.; CRYOVAC, LLC;
DAIKIN AMERICA, INC.; DUPONT DE
NEMOURS, INC.; EIDP, INC.;
FIRSTSOURCE WORLDWIDE, LLC;
FITESA SIMPSONVILLE, INC.; HENKEL
US OPERATIONS CORPORATION;
HUNTSMAN INTERNATIONAL, LLC;
MILLIKEN & COMPANY; OPPERMAN
WEBBING, INC.; PALMETTO PLATING
COMPANY, INC.; ROLL TECHNOLOGY
CORPORATION; SOLVAY SPECIALTY
POLYMERS USA, LLC; THE CHEMOURS
COMPANY; T&S BRASS AND BRONZE
WORKS, INC.; and UNICHEM
SPECIALTY CHEMICALS, LLC,

*Defendants.*

**IN THE COURT OF COMMON PLEAS**

**EIGHTH JUDICIAL CIRCUIT**


C.A. No. 2024-CP-24-00734


**FITESA SIMPSONVILLE, INC.'S
ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT**


Defendant Fitesa Simpsonville, Inc. ("Fitesa") hereby submits its Answer to plaintiff's

Amended Complaint ("Complaint").


PPAB 12549624v1

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**FIRST DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted, entitling defendant to dismissal of the Complaint pursuant to Rule 12.

**SECOND DEFENSE**

Each and every allegation of plaintiff's Complaint that is not hereinafter expressly admitted, modified, qualified, or explained including, without limitation, in the introductory paragraph of the complaint and in the prayer for relief, is denied and strict proof thereof is demanded. Fitesa also notes that, to the extent allegations are made as to other defendants, Fitesa lacks sufficient knowledge to respond, and therefore denies all such allegations.

**STATEMENT OF THE CASE**

1.      Fitesa denies all allegations in Paragraph 1 of the Complaint that relate to Fitesa or purport to allege liability against Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

2.      Fitesa denies all allegations in Paragraph 2 of the Complaint that relate to Fitesa or purport to allege liability against Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

3.      Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore the allegations are denied.  The

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

4.      Fitesa admits that it owns and operates a production plant that discharges water to a wastewater treatment plant ("WWTP"). Fitesa denies that it discharges wastewater directly to the WWTPs identified in Paragraph 4. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Except as expressly admitted, the remaining allegations of Paragraph 4 of the Complaint are denied.

5.      Fitesa denies the allegations in Paragraph 5 of the Complaint as they relate to Fitesa's discharge of wastewater and wastewater treatment. The remaining allegations of Paragraph 5 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa denies that it discharges wastewater directly to the WWTPs identified in Paragraph 4. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 5 of the Complaint are denied.

6.      Fitesa denies the allegations in Paragraph 6 of the Complaint as they relate to PFAS. Fitesa denies that it discharges wastewater directly to the WWTPs identified in Paragraph 4. The allegations of Paragraph 6 of the Complaint contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the

extent a response is required, those allegations are denied.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, and therefore the allegations are denied.

7.      The allegations of Paragraph 7 of the Complaint are conclusions of law to which no response is required and, to the extent a response is require, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

### DISCLAIMER

8.      The allegations of Paragraph 8 do not pertain to Fitesa, therefore no response from Fitesa is required.  To the extent a response is deemed to be required, Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore the allegations are denied.  The allegations of Paragraph 8 of the Complaint contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

9.      The allegations of Paragraph 9 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Except as expressly admitted, the allegations of Paragraph 9 of the Complaint are denied.

### JURISDICTION AND VENUE

10.     The allegations of Paragraph 10 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Except as expressly admitted, the allegations of Paragraph 10 of the Complaint are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

11.    The allegations of Paragraph 11 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Except as expressly admitted, the allegations of Paragraph 11 of the Complaint are denied.

12.    The allegations of Paragraph 12 of the Complaint are conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Except as expressly admitted, the allegations of Paragraph 12 of the Complaint are denied.

## **PARTIES**

13.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

14.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

15.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore the allegations are denied.

16.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

17.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

18.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

19.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

20.     Fitesa admits it is a Delaware corporation authorized to do business in South Carolina.  Fitesa further admits it maintains a production plant located at 840 S.E. Main Street, Simpsonville, South Carolina 29681.  Except as expressly admitted, the remaining allegations of Paragraph 20 of the Complaint are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

21.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

22.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

23.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

24.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore the allegations are

PPAB 12549624v1                                      7

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

25. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

26. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

27. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

28.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

29.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

30.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

31.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

32.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

33.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

34.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

35.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

36.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

37.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

38.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

39.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore the allegations are

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

## FACTUAL ALLEGATIONS

40.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore the allegations are denied.

41.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

42.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

43.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore the allegations are denied.

44.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

45. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore the allegations are denied.

46. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore the allegations are denied.

47. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore the allegations are denied.

48. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore the allegations are denied.

49. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore the allegations are denied.

50. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

51. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, those allegations are denied. Any remaining allegations are denied.

52.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

53.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

54.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

55.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

56.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

57.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

58.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

59.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

60.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

61.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

62.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and therefore the allegations are denied.

63.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

64.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

65.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

66.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint, and therefore the allegations are denied.

67.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

68.     Fitesa admits it owns and operates a production plant, but denies its plant is located near Greenwood County.  Fitesa further admits its plant generates wastewater that it discharges to a WWTP.  Fitesa denies it discharges wastewater directly to the WWTPs listed in Paragraph 68.  Fitesa further denies it utilizes products that contain or degrade to PFOS, PFOA, PFHxS, PFNA, PFBS, and/or PFAS chemicals.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

69.      Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

70.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

71.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

72.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

73.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore the allegations are

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

74.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

75.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

76.     Fitesa denies the allegations in Paragraph 76 of the Complaint as they relate to Fitesa. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

77.     Fitesa denies the allegations in Paragraph 77 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

78.     Fitesa denies the allegations in Paragraph 78 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

79.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and therefore the allegations are denied.

80.     Fitesa denies the allegations in Paragraph 80 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

81.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

82.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint, and therefore the allegations are denied.

83.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint, and therefore the allegations are denied.

84.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint, and therefore the allegations are denied.

85.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore the allegations are denied.

86.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint, and therefore the allegations are denied.

87.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and therefore the allegations are denied.

88.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

89.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and therefore the allegations are denied.

90.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint, and therefore the allegations are denied.

91.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, and therefore the allegations are denied.

92.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, and therefore the allegations are denied.

93.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint, and therefore the allegations are denied.

94.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint, and therefore the allegations are denied.

95.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

96.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint, and therefore the allegations are denied.

97.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint, and therefore the allegations are denied.

98.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint, and therefore the allegations are denied.

99.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint, and therefore the allegations are denied.

100.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint, and therefore the allegations are denied.

101.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint, and therefore the allegations are denied.

102.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

103.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint, and therefore the allegations are denied.

104.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint, and therefore the allegations are denied.

105.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint, and therefore the allegations are denied.

106.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint, and therefore the allegations are denied.

107.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint, and therefore the allegations are denied.

108.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint, and therefore the allegations are denied.

109.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint, and therefore the allegations are denied.

110.     Fitesa denies the allegations of Paragraph 110 of the Complaint, including subparagraphs 110(a) through (j) as they relate to Fitesa.  Fitesa lacks knowledge or information

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of the Complaint, and therefore the allegations are denied.

111.     Fitesa denies the allegations of Paragraph 111 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 of the Complaint, and therefore the allegations are denied.

112.     Fitesa denies the allegations of Paragraph 112 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 112 of the Complaint, and therefore the allegations are denied.

113.     Fitesa denies the allegations of Paragraph 113 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 113 of the Complaint, and therefore the allegations are denied.

114.     Fitesa denies the allegations of Paragraph 114 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 114 of the Complaint, and therefore the allegations are denied.

115.     Fitesa denies the allegations of Paragraph 115 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 115 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

116.    Fitesa denies the allegations of Paragraph 116 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116 of the Complaint, and therefore the allegations are denied.

117.    Fitesa denies the allegations of Paragraph 117 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 117 of the Complaint, and therefore the allegations are denied.

118.    Fitesa denies the allegations of Paragraph 118 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 118 of the Complaint, and therefore the allegations are denied.

119.    Fitesa denies the allegations of Paragraph 119 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119 of the Complaint, and therefore the allegations are denied.

120.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint, and therefore the allegations are denied.

121.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

122.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint, and therefore the allegations are denied.

123.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint, and therefore the allegations are denied.

124.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint, and therefore the allegations are denied.

125.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint, and therefore the allegations are denied.

126.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint, and therefore the allegations are denied.

127.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint, and therefore the allegations are denied.

128.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

129. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint, and therefore the allegations are denied.

130. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint, and therefore the allegations are denied.

131. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint, and therefore the allegations are denied.

132. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint, and therefore the allegations are denied.

133. Fitesa denies the allegations in Paragraph 133 of the Complaint as they relate to Fitesa. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

134. Fitesa denies the allegations in Paragraph 134 of the Complaint as they relate to Fitesa. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

135. Fitesa denies the allegations in Paragraph 135 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

136.    Fitesa denies the allegations in Paragraph 136 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

137.    Fitesa denies the allegations in Paragraph 137 of the Complaint, including subparagraphs 137(a) and (b) as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

## FIRST CAUSE OF ACTION
### Private Nuisance

138.    Fitesa incorporates its responses to Paragraphs 1- 137 of the Complaint by reference as if fully set forth herein.

139.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint, and therefore the allegations are denied.

140.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, those allegations are denied. Any remaining allegations are denied.

141. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

142. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

143. Fitesa denies the allegations in Paragraph 143 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

144. Fitesa denies the allegations in Paragraph 144 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

145.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

146.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

147.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

148.    Fitesa denies the allegations in Paragraph 148 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

149.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## SECOND CAUSE OF ACTION
**Public Nuisance**

150.    Fitesa incorporates its responses to Paragraphs 1-149 of the Complaint by reference as if fully set forth herein.

151.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.

152.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint, and therefore the allegations are denied.

153.    Fitesa denies the allegations in Paragraph 153 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

154.    Fitesa denies the allegations in Paragraph 154 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

155.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

156.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

157.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

158.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

159.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

160.    Fitesa denies the allegations in Paragraph 160 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 160 of the Complaint and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

161.     The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

**THIRD CAUSE OF ACTION**
**Trespass**

162.     Fitesa incorporates its responses to Paragraphs 1-161 of the Complaint by reference as if fully set forth herein.

163.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

164.     Fitesa denies the allegations in Paragraph 164 of the Complaint as they relate to Fitesa.  Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 164 of the Complaint, including subparts (a)-(d), and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

165. Fitesa denies the allegations in Paragraph 165 of the Complaint as they relate to Fitesa. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 165 of the Complaint, including subparts (a)-(d), and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

166. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

167. Fitesa denies the allegations in Paragraph 167 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

168. Fitesa denies the allegations in Paragraph 168 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

169. Fitesa denies the allegations in Paragraph 169 of the Complaint as they relate to Fitesa. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

170. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

171. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

172. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

## FOURTH CAUSE OF ACTION
### Negligence, Gross Negligence, and/or Recklessness

173. Fitesa incorporates its responses to Paragraphs 1-173 of the Complaint by reference as if fully set forth herein.

PPAB 12549624v1                                    36

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

174.     The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

175.     Fitesa denies the allegations in Paragraph 175 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

176.     Fitesa denies the allegations in Paragraph 176 of the Complaint as they relate to Fitesa.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

177.     The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

178.      Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

179.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

180.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

181.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

**FIFTH CAUSE OF ACTION**
**Strict Products Liability- Failure to Warm**
**(Supplier Defendants)**

182.    Fitesa incorporates its responses to Paragraphs 1-181 of the Complaint by reference as if fully set forth herein.

183.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

184.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Complaint, and therefore the allegations are

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

185. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint, and therefore the allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

186. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of the Complaint, and therefore the allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

187. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

188. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint, and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

189. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

190. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

191. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

**SIXTH CAUSE OF ACTION**
**Strict Products Liability- Failure to Ultrahazardous Activity**
**(Supplier Defendants)**

192. Fitesa incorporates its responses to Paragraphs 1-191 of the Complaint by reference as if fully set forth herein.

193. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint, and therefore the allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

194.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

195.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

196.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

197.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

198.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

199.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

200.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

201.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

202.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

## SIXTH CAUSE OF ACTION
### Strict Products Liability- Failure to Ultrahazardous Activity
### (Supplier Defendants)

203.    Fitesa incorporates its responses to Paragraphs 1-202 of the Complaint by reference as if fully set forth herein.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

204.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the Complaint, and therefore the allegations are denied.

205.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

206.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

207.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 of the Complaint, and therefore the allegations are denied.  The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied.  Any remaining allegations are denied.

208.     Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 of the Complaint, and therefore the allegations are denied.  Fitesa lacks sufficient knowledge to respond to the allegations concerning the other

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

209. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the Complaint, including subparts 209(a)-(e), and therefore the allegations are denied. The allegations also contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

210. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

211. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

212. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

213. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

214. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

215. The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

**EIGHTH CAUSE OF ACTION**
**Breach of Implied Warranties**
**(Supplier Defendants)**

216. Fitesa incorporates its responses to Paragraphs 1-215 of the Complaint by reference as if fully set forth herein.

217. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the Complaint, and therefore the allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

218. Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 of the Complaint, and therefore the allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

219.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 of the Complaint, and therefore the allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

220.    Fitesa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the Complaint, and therefore the allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

221.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

222.    The allegations contain conclusions of law to which no response is required and, to the extent a response is required, those allegations are denied. Fitesa lacks sufficient knowledge to respond to the allegations concerning the other defendants and, to the extent a response is required, those allegations are denied. Any remaining allegations are denied.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## PLAINTIFF'S PRAYER FOR RELIEF

Responding to the unnumbered paragraph beginning with WHEREFORE, Fitesa denies Plaintiff is entitled to the relief sought therein, including subparts (a)-(e). Fitesa also denies any allegations therein.

## AFFIRMATIVE DEFENSES
### For a Third Defense
### (License)

Fitesa's actions have at all times been pursuant to express permits and directives of various state and federal regulatory agencies with which Fitesa has been compliant. Accordingly, Fitesa pleads license as an affirmative defense to Plaintiff's claims.

### For a Fourth Defense
### (Failure to State a Cause of Action)

Plaintiff has failed to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

### For a Fifth Defense
### (Ripeness)

Plaintiff's claims are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, or abstract dispute. Plaintiff alleges that it will be required to incur costs at some future date if the United States Environmental Protection Agency requires plaintiff to upgrade its systems to treat PFAS. Until these costs are incurred, Plaintiff cannot recover. Plaintiff's claims are premature to the extent that neither the State nor the Environmental Protection Agency has set final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate whether natural resources have been injured.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Sixth Defense**
**(Lack of Standing)**

Plaintiff also lacks standing to assert, in whole or in part, under the United States Constitution, the Constitution of South Carolina, state and federal statutes, and common law to bring the claims set forth in the Complaint.

Plaintiff lacks standing to bring the claims set forth in the Complaint under both the public trust doctrine and *parens patriae* doctrine, because:  (1) the property claimed to be affected is not held in the public trust and/or is not subject to the *parens patriae* doctrine; and (2) Plaintiff does not have exclusive jurisdiction over the resources at issue, or only has partial jurisdiction over such resources and has failed to join other necessary trustees in this action.

Plaintiff lacks standing to bring an action for trespass because Plaintiff has no ownership over and is not entitled to exclusive possession of various property and water bodies referenced in the Complaint, and because Plaintiff cannot establish unreasonable or substantial damage to the resource.

**For a Seventh Defense**
**(No Cognizable Injury)**

Plaintiff has not demonstrated or pled a legally cognizable injury in the Complaint that is capable of redress.

**For an Eighth Defense**
**(Speculative Damages)**

Plaintiff's claims for alleged injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

**For a Ninth Defense**
**(Statute of Limitations/Repose)**

Plaintiff's claims are barred, in whole or in part, by the applicable statues of limitations or repose.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Tenth Defense**
**(Failure to Name an Indispensable Party)**

Plaintiff has failed to name all necessary and indispensable parties in its action.

**For an Eleventh Defense**
**(No Duty)**

Plaintiff's claims are barred, in whole or in part, because Fitesa does not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

**For a Twelfth Defense**
**(Exercise of Due Care)**

Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Fitesa exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

**For a Thirteenth Defense**
**(No Proximate Cause)**

Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Fitesa proximately caused the purported injuries and damages allegedly sustained by Plaintiff.

**For a Fourteenth Defense**
**(Intervening Acts)**

Upon information and belief, Plaintiff's injuries, damages, or losses, if any, were directly and proximately caused by the intervening acts, superseding acts, and conduct of others, including Plaintiff, over which Fitesa had no control, thereby precluding any recovery against Fitesa.

**For a Fifteenth Defense**
**(Comparative Fault)**

Even assuming Fitesa was negligent, careless, or reckless in any respect, and that any such conduct on its part operated as a proximate cause of Plaintiff's injuries or damages, all of which are expressly denied, Plaintiff's comparative negligence, carelessness, or recklessness contributed

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

to the cause of Plaintiff's alleged damages.  For that reason, Fitesa is not liable to Plaintiff in any sum whatsoever, and/or to the extent that a jury finds Plaintiff at fault for less than fifty percent (50%), Plaintiff's recovery should be reduced by that percentage amount.

**For a Sixteenth Defense**
**(Punitive Damages)**

Plaintiff's claims for punitive damages are violative of both the United States Constitution and the South Carolina Constitution, and Defendants plead that sections 15-32-530 et seq., of the South Carolina Code provide a cap to punitive damages potentially available in this matter.

Plaintiff also fails to state any basis upon which punitive damages are recoverable against Defendants and, accordingly, Plaintiff's prayer for such damages should be dismissed and/or stricken from the claims pursuant to Rule 12(b)(6) and/or Rule 12(f) of the South Carolina Rules of Civil Procedure.

Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

**For a Seventeenth Defense**
**(Plaintiff's Own Conduct)**

Any damages suffered by Plaintiff, which such damages are expressly denied, are the direct and proximate result of Plaintiff's own conduct, and recovery should be barred or, alternatively, reduced in proportion to the same degree as to Plaintiff's comparative fault.

**For an Eighteenth Defense**
**(Failure to Mitigate)**

Plaintiff has failed to mitigate its damages as required by law and such failure bars Plaintiff's recovery, in whole or in part, against Fitesa.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Nineteenth Defense**
**(Set-Off)**

Fitesa is entitled to a set-off and/or credit of any monies or proceeds received by or on behalf of Plaintiff as a result of the claims alleged in the Complaint, regardless of the source of such monies, prior to any dismissal of or judgment in this matter.

**For a Twentieth Defense**
**(Lack of Control)**

Plaintiff's claims are barred, in whole or in part, because Fitesa did not own, operate, or otherwise control the facilities or activities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

**For a Twenty-First Defense**
**(Lack of Traceability)**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Fitesa.

**For a Twenty-Second Defense**
**(Lack of Scientific Evidence)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish exposure to sufficient concentrations or amount of PFAS, and/or for sufficient duration, which has been reliably established, through scientific means, to be capable of causing alleged injuries.

**For a Twenty-Third Defense**
**(Lack of Foreseeability)**

Any damages Plaintiff may have suffered (which are expressly denied) were not reasonably foreseeable by Fitesa at the time of the conduct alleged.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Twenty-Fourth Defense**
**(Unjust Enrichment)**

Plaintiff's claims against Fitesa are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its customers, State, Local, and Federal sources, including but not limited to funding to specifically address unexpected contamination in water supplies under the Emergency Response Plans of the Safe Drinking Water Act, 42 U.S.C. 300f to 300j.

**For a Twenty-Fifth Defense**
**(Preemption or Preclusion by State or Federal Law)**

Plaintiff's claims are preempted or otherwise precluded by State and Federal law to the extent Plaintiffs seek recovery of costs or damages for contamination of water supplies, the enforcement of which is vested exclusively in State and Federal agencies pursuant to State and Federal statutes, including but not limited to the Safe Drinking Water Act, 42 U.S.C. 300f to 300j and the South Carolina Hazardous Waste Management Act, S.C. Code Ann. § 44-56-10 et seq.

**For a Twenty-Sixth Defense**
**(State of the Art)**

Plaintiff's claims are barred, in whole or in part, because Fitesa neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonably foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Fitesa at all times relevant to the claims or causes of action asserted by Plaintiff.

Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Fitesa, throughout the relevant and material time period, conformed to the then-existing custom

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

and practice, and Fitesa exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

**For a Twenty-Seventh Defense**
**(Separation of Power)**

Some or all of Plaintiff's claims are not amenable to judicial resolution because of the primary jurisdiction doctrine. *Texas v. Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907). The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus the Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

**For a Twenty-Eighth Defense**
**(Open and Obvious Conditions)**

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

**For a Twenty-Ninth Defense**
**(Voluntary Exposure)**

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of voluntary exposure.

**For a Thirtieth Defense**
**(Coming to the Alleged Nuisance)**

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the alleged nuisance.

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**For a Thirty-First Defense**
**(Assumption of the Risk)**

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of assumption of risk.

**For a Thirty-Second Defense**
**(Election of Remedies)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

**For a Thirty-Third Defense**
**(Public Necessity)**

Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

**For a Thirty-Fourth Defense**
**(Compliance with Law)**

Fitesa is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards.

**For a Thirty-Fifth Defense**
**(Equitable Defenses)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, res judicata, estoppel, ratification, and unclean hands. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

**For a Thirty-Sixth Defense**
**(CERCLA)**

Plaintiff's alleged claims are preempted or barred by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. and the South Carolina Hazardous Waste Management Action, S.C. Code Ann. 44-56-10 et seq. to the extent

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

such claims include, encompass or relate to environmental conditions or natural resource damages or losses at any past, present or future facilities, sites, properties, locations or other areas listed on the United States Environmental Protection Agency's National Priority List (Superfund sites), or from which discharges or releases of materials have otherwise come to be located emanating from such facilities, sites, properties, locations or areas.

### For a Thirty-Seventh Defense
### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred because it failed to exhaust administrative remedies.

### For a Thirty-Eighth Defense
### (Proportionate Share)

Plaintiff is not entitled to recover from Fitesa more than Fitesa's fair, equitable, and proportionate share, if any, of the costs and damages sought by Plaintiff or to otherwise recover from Fitesa more than the amount of such relief, if any, for which Fitesa is liable.

### For a Thirty-Ninth Defense
### (Retroactive Application of Law/Ex Post Facto Doctrine)

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability.  Fitesa may not be held liable under retroactive theories not requiring proof of fault or causation.

### For a Fortieth Defense
### (Adequate Remedy at Law)

All claims for injunctive relief in Plaintiff's Complaint are barred because Plaintiff has adequate remedies at law, to the extent its claims are provable.

### For a Forty-First Defense
### (Necessary Expenses)

Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses including, but not limited to, response, assessment, remediation cleanup and/or removal

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

costs that Plaintiff incurred improperly, or that are not related to natural resource restoration or replacement damages.

### For a Forty-Second Defense
### (Double Recovery)

The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

### For a Forty-Third Defense
### (40 C.F.R. § 403.5(a)(2))

Plaintiff's claims are barred, in whole or in part, because Fitesa did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

### For a Forty-Fourth Defense
### (Municipal Cost Recovery Rule)

Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule or the free public services doctrine. *See United States v. Standard Oil of California*, 332 U.S. 301 (1947).

### For a Forty-Fifth Defense
### (Sophisticated User)

Plaintiff's claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

### For a Forty-Sixth Defense
### (Contribution)

Although Fitesa denies any liability, should Fitesa, or any other party, be found liable for the damages alleged in the Amended Complaint, then the liability and damage should be

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq*.

## For a Forty-Seventh Defense
### (Mitigation and/or Avoidance of Damages)

Plaintiff's claims against Fitesa are barred, in whole or in part, because Plaintiff failed to exercise reasonable diligence in mitigating and/or avoiding any alleged damages.

## For a Forty-Eighth Defense
### (No Interference)

Plaintiff's nuisance claims are barred, in whole or in part, because Fitesa did not cause an unreasonable and substantial interference with Plaintiff's enjoyment of its property or with a right common to the general public.

## For a Forty-Ninth Defense
### (Incorporation)

Fitesa asserts and incorporates herein any affirmative defenses asserted or otherwise raised by other defendants in this action to Plaintiff's Complaint.

## For a Fiftieth Defense
### (Reservation)

Fitesa has not completed its investigation of Plaintiff's allegations. Fitesa intends to act as best it can to inform itself of the pertinent facts and circumstances surrounding the allegations contained in Plaintiff's Complaint. Thus, Fitesa hereby gives notice of its intent to assert any further affirmative defenses that Fitesa may learn to be supported by facts and law, including but not limited to, that this action is barred in whole or in any part by any applicable statute, contract, release, covenant, or by the doctrine of laches. Fitesa reserve the right to amend this Answer to assert any such defenses.

**WHEREFORE**, having fully answered the Second Amended Complaint, Fitesa prays that the Court award it the following relief in favor of Fitesa:

PPAB 12549624v1                              57

ELECTRONICALLY FILED - 2025 Jul 11 3:09 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

1. Dismiss the Second Amended Complaint with prejudice;

2. Declare that Plaintiff is entitled to no damages, recovery and/or any other relief as to Fitesa;

3. That Fitesa be awarded its attorneys' fees, costs, and expenses associated with defending this action;

4. For such other and further relief in favor of Fitesa as the Court may deem just and proper; and

5. For a trial by jury on all issues so triable.

This 11th day of July, 2025.

/s/ *Kevin A. Dunlap*
Kevin A. Dunlap
SC State Bar No. 13081
Parker Poe Adams & Bernstein LLP
110 East Court Street, Suite 200
Greenville, SC 29601
Telephone: (864) 577-6370
Email: kevindunlap@parkerpoe.com

Steven D. Weber
S.C. State Bar No. 16917
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon St., Ste. 800
Charlotte, North Carolina 28202
Tel.: (704) 372-9000
Email: steveweber@parkerpoe.com

*Attorneys for Defendant Fitesa Simpsonville, Inc.*

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF LAURENS | ) | EIGHTH JUDICIAL CIRCUIT |
| | ) | |
| IN RE: | ) | |
| PFAS LITIG. COORDINATED DOCKET | ) | C.A. No.: 2024-CP-30-00734 |
| | ) | |
| | ) | |
| LAURENS COUNTY WATER AND SEWER COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AGC CHEMICALS AMERICAS, INC.; ANDERSON REGIONAL LANDFILL, LLC; ARCHROMA U.S., INC.; ARKEMA, INC.; ATOTECH USA, LLC; CLARIANT CORPORATION; CONE MILLS RECEIVER, LLC; CORTEVA, INC.; CRYOVAC, INC.; CRYOVAC, LLC; DAIKIN AMERICA, INC.; DUPONT DE NEMOURS, INC.; EIDP, INC.; FIRST SOURCE WORLDWIDE, LLC; FITESA SIMPSONVILLE, INC.; HENKEL US OPERATIONS CORPORATION; HUNTSMAN INTERNATIONAL, LLC; MILLIKEN & COMPANY; OPPERMANN WEBBING, INC.; PALMETTO PLATING COMPANY, INC.; ROLL TECHNOLOGY CORPORATION; SOLVAY SPECIALTY POLYMERS USA, LLC; THE CHEMOURS COMPANY; T&S BRASS AND BRONZE WORKS, INC.; AND UNICHEM SPECIALTY CHEMICALS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | DEFENDANT FIRST SOURCE WORLDWIDE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT |
| | ) | |
| Defendants. | ) | |

Defendant First Source Worldwide, LLC ("First Source" or the "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Second Amended Complaint (the "Complaint") filed by the Plaintiff, Laurens County Water and Sewer Commission ("Laurens County" or the "Plaintiff"), respectfully stating as follows:

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## STATEMENT OF THE CASE

1.     First Source denies each and every allegation contained in Paragraph 1.

2.     First Source denies each and every allegation contained in Paragraph 2.

3.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 3.

4.     In response to Paragraph 4 of the Complaint, First Source admits that it owns and operates a facility in Greenville, South Carolina where it manufactures a variety of chemicals, colorants, and other products, and that it utilizes the Lower Reedy Wastewater Treatment Plant to treat wastewater effluent.  First Source denies the remaining allegations in Paragraph 4 of the Complaint.  Except as expressly admitted herein, the allegations of Paragraph 4 are denied.

5.     First Source denies each and every allegation contained in Paragraph 5.

6.     First Source denies each and every allegation contained in Paragraph 6.

7.     In response to Paragraph 7, First Source admits that Plaintiff seeks to recover the alleged damages and other relief stated, but denies that First Source has committed any wrongful act or violated any law, denies that Plaintiff is entitled to any legal, equitable, or other relief in regard to any conduct on the part of First Source, including injunctive or other relief, compensatory or punitive damages, or any other damages or other relief, and asks the Court to dismiss the Plaintiff's Complaint in its entirety.

## DISCLAIMER

8.     First Source states that Paragraph 8 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, First Source denies the

2

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 8.

9.     First Source states that Paragraph 9 sets forth legal conclusions to which no response is required or made. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 9.

<strong><u>JURISDICTION AND VENUE</u></strong>

10.     First Source states that Paragraph 10 sets forth legal conclusions to which no response is required or made. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 10.

11.     First Source states that Paragraph 11 sets forth legal conclusions to which no response is required or made. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 11.

12.     First Source states that Paragraph 12 sets forth legal conclusions to which no response is required or made. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 12.

<strong><u>PARTIES</u></strong>

**I.     Plaintiff**

13.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 13. To the extent that a response is required, First Source denies the allegations.

3

61594509 v1

14.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14.  To the extent that a response is required, First Source denies the allegations.

15.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 15.  To the extent that a response is required, First Source denies the allegations.

## II.     Discharger Defendants

16.     First Source states that the allegations contained in Paragraph 16 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 16, and therefore denies the allegations.

17.     First Source states that the allegations contained in Paragraph 17 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 17, and therefore denies the allegations.

18.     First Source states that the allegations contained in Paragraph 18 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 18, and therefore denies the allegations.

19.     In response to Paragraph 19 of the Complaint, First Source admits that it is a Wisconsin Limited Liability Company that owns and operates a facility in Greenville, South Carolina where it manufactures a variety of chemicals, colorants, and other products, and that it utilizes the Lower Reedy Wastewater Treatment Plant to treat wastewater effluent.  Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with

4

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

respect to the remaining allegations contained in Paragraph 19.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 19.

20.     First Source states that the allegations contained in Paragraph 20 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 20, and therefore denies the allegations.

21.     First Source states that the allegations contained in Paragraph 21 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 21, and therefore denies the allegations.

22.     First Source states that the allegations contained in Paragraph 22 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 22, and therefore denies the allegations.

23.     First Source states that the allegations contained in Paragraph 23 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 23, and therefore denies the allegations.

24.     First Source states that the allegations contained in Paragraph 24 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 24, and therefore denies the allegations.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

25.     First Source states that the allegations contained in Paragraph 25 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 25, and therefore denies the allegations.

26.     First Source states that the allegations contained in Paragraph 26 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 26, and therefore denies the allegations.

27.     First Source states that the allegations contained in Paragraph 27 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 27, and therefore denies the allegations.

**III.     Discharger Defendants**

28.     First Source states that the allegations contained in Paragraph 28 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 28, and therefore denies the allegations.

29.     First Source states that the allegations contained in Paragraph 29 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 29, and therefore denies the allegations.

30.     First Source states that the allegations contained in Paragraph 30 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 30, and therefore denies the allegations.

31.     First Source states that the allegations contained in Paragraph 31 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 31, and therefore denies the allegations.

32.     First Source states that the allegations contained in Paragraph 32 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 32, and therefore denies the allegations.

33.     First Source states that the allegations contained in Paragraph 33 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 33, and therefore denies the allegations.

34.     First Source states that the allegations contained in Paragraph 34 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 34, and therefore denies the allegations.

35.     First Source states that the allegations contained in Paragraph 35 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 35, and therefore denies the allegations.

7

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

36.     First Source states that the allegations contained in Paragraph 36 are not directed at First Source, and therefore do not require a response from First Source. To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 36, and therefore denies the allegations.

37.     First Source states that the allegations contained in Paragraph 37 are not directed at First Source, and therefore do not require a response from First Source. To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 37, and therefore denies the allegations.

38.     First Source states that the allegations contained in Paragraph 38 are not directed at First Source, and therefore do not require a response from First Source. To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 38, and therefore denies the allegations.

39.     First Source states that the allegations contained in Paragraph 39 are not directed at First Source, and therefore do not require a response from First Source. To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 39, and therefore denies the allegations.

**FACTUAL ALLEGATIONS**

**I.     Background and Hazards of PFAS**

40.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 40. To the extent that a response is required, First Source denies the allegations.

41.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 41. To the extent that a response is required, First Source denies the allegations.

8

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

42.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 42.  To the extent that a response is required, First Source denies the allegations.

43.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 43.  To the extent that a response is required, First Source denies the allegations.

44.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 44.  To the extent that a response is required, First Source denies the allegations.

45.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 45.  To the extent that a response is required, First Source denies the allegations.

46.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 46.  To the extent that a response is required, First Source denies the allegations.

47.     First Source states that the materials referenced in Paragraph 47 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 47.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 47.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

48.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 48.  To the extent that a response is required, First Source denies the allegations.

49.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 49.  To the extent that a response is required, First Source denies the allegations.

50.     First Source states that the advisories referenced in Paragraph 50 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 50.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 50.

51.     First Source states that the advisories referenced in Paragraph 51 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 51.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 51.

52.     First Source states that the materials referenced in Paragraph 52 speak for themselves and denies any mischaracterizations of the same.  Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 52.  To the extent that a response is required, First Source denies the

10

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 52.

53.    First Source states that the advisories referenced in Paragraph 53 speak for themselves and denies any mischaracterizations of the same. Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 53. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 53.

54.    First Source states that the advisories referenced in Paragraph 54 speak for themselves and denies any mischaracterizations of the same. Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 54. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 54.

55.    First Source states that the materials referenced in Paragraph 55 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 55 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 55. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 55.

11

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

56.     First Source states that the materials referenced in Paragraph 56 speak for themselves and denies any mischaracterizations of the same. Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 56. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 56.

57.     First Source states that the materials referenced in Paragraph 57 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 57 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 57. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 57.

58.     First Source states that the materials referenced in Paragraph 58 speak for themselves and denies any mischaracterizations of the same. Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 58. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 58.

59.     First Source states that the materials referenced in Paragraph 59 speak for themselves and denies any mischaracterizations of the same. Responding further, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained

12

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

in Paragraph 59. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 59.

60. First Source states that the materials referenced in Paragraph 60 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 60 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 60. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 60.

61. First Source states that the materials referenced in Paragraph 61 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 61 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 61. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 61.

62. First Source states that the materials referenced in Paragraph 62 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 62 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First

13

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 62. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 62.

63. First Source states that the materials referenced in Paragraph 63 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 63 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 63. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 63.

64. First Source states that the materials referenced in Paragraph 64 speak for themselves and denies any mischaracterizations of the same. First Source states that the allegations contained in Paragraph 64 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations. Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 64. To the extent that a response is required, First Source denies the allegations. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 64.

## II. Contamination of Lake Greenwood and Plaintiff's Water Supply with PFAS

65. First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 65. To the extent that a response is required, First Source denies the allegations.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

66.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 66.  To the extent that a response is required, First Source denies the allegations.

67.    First Source denies the allegations contained in the last sentence of Paragraph 67. First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 67.  To the extent that a response is required, First Source denies the allegations.

68.    In response to Paragraph 68 of the Complaint, First Source admits that it owns and operates a facility in Greenville, South Carolina where it manufactures a variety of chemicals, colorants, and other products, and that it utilizes the Lower Reedy Wastewater Treatment Plant to treat wastewater effluent.  Responding further, First Source states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 68.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 68.

69.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 69.  To the extent that a response is required, First Source denies the allegations.

70.    First Source denies the allegations contained in the last sentence of Paragraph 70 as it pertains to First Source.  First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 70.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations in Paragraph 70.

15

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

71.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 71.  To the extent that a response is required, First Source denies the allegations.

72.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 72.  To the extent that a response is required, First Source denies the allegations.

73.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 73.  To the extent that a response is required, First Source denies the allegations.

74.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 74.  To the extent that a response is required, First Source denies the allegations.

75.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 75.  To the extent that a response is required, First Source denies the allegations.

76.     First Source denies the allegations contained in Paragraph 76 as it pertains to First Source.  First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 76.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations in Paragraph 76.

77.     First Source states that the allegations contained in Paragraph 77 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

16

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 77, and therefore denies the allegations.

78.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 78.  To the extent that a response is required, First Source denies the allegations.

79.     First Source denies the allegations contained in Paragraph 79 as it pertains to First Source.  First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 79.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations in Paragraph 79.

**III.     Supplier Defendants Had Superior Knowledge of PFAS's Hazardous Properties.**

80.     First Source denies each and every allegation contained in Paragraph 80.

81.     First Source states that the allegations contained in Paragraph 81 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 81, and therefore denies the allegations.

82.     First Source states that the allegations contained in Paragraph 82 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 82, and therefore denies the allegations.

83.     First Source states that the allegations contained in Paragraph 83 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 83, and therefore denies the allegations.

17

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

84.     First Source states that the allegations contained in Paragraph 84 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 84, and therefore denies the allegations.

85.     First Source states that the allegations contained in Paragraph 85 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 85, and therefore denies the allegations.

86.     First Source states that the allegations contained in Paragraph 86 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 86, and therefore denies the allegations.

87.     First Source states that the allegations contained in Paragraph 87 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 87, and therefore denies the allegations.

88.     First Source states that the allegations contained in Paragraph 88 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 88, and therefore denies the allegations.

89.     First Source states that the allegations contained in Paragraph 89 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 89, and therefore denies the allegations.

90.     First Source states that the allegations contained in Paragraph 90 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 90, and therefore denies the allegations.

91.     First Source states that the allegations contained in Paragraph 91 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 91, and therefore denies the allegations.

92.     First Source states that the allegations contained in Paragraph 92 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 92, and therefore denies the allegations.

93.     First Source states that the allegations contained in Paragraph 93 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 93, and therefore denies the allegations.

94.     First Source states that the allegations contained in Paragraph 94 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 94, and therefore denies the allegations.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

95.     First Source states that the allegations contained in Paragraph 95 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 95, and therefore denies the allegations.

96.     First Source states that the allegations contained in Paragraph 96 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 96, and therefore denies the allegations.

97.     First Source states that the allegations contained in Paragraph 97 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 97, and therefore denies the allegations.

98.     First Source states that the allegations contained in Paragraph 98 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 98, and therefore denies the allegations.

99.     First Source states that the allegations contained in Paragraph 99 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 99, and therefore denies the allegations.

100.     First Source states that the allegations contained in Paragraph 100 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 100, and therefore denies the allegations.

101.     First Source states that the allegations contained in Paragraph 101 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 101, and therefore denies the allegations.

102.     First Source states that the allegations contained in Paragraph 102 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 102, and therefore denies the allegations.

103.     First Source states that the allegations contained in Paragraph 103 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 103, and therefore denies the allegations.

104.     First Source states that the allegations contained in Paragraph 104 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 104, and therefore denies the allegations.

105.     First Source states that the allegations contained in Paragraph 105 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 105, and therefore denies the allegations.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

106.    First Source states that the allegations contained in Paragraph 106 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 106, and therefore denies the allegations.

107.    First Source states that the allegations contained in Paragraph 107 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 107, and therefore denies the allegations.

108.    First Source states that the allegations contained in Paragraph 108 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 108, and therefore denies the allegations.

109.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 109.  To the extent that a response is required, First Source denies the allegations.

110.    First Source states that the allegations contained in Paragraph 110, including the subparts contained therein, are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 110, and therefore denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 110.

**IV.     Supplier Defendants Were Directly Involved in Discharger Defendants' PFAS Use and Disposal.**

111.    First Source denies each and every allegation contained in Paragraph 111.

22

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

112.    First Source denies each and every allegation contained in Paragraph 112.

113.    First Source denies each and every allegation contained in Paragraph 113.

114.    First Source denies each and every allegation contained in Paragraph 114.

115.    First Source denies each and every allegation contained in Paragraph 115.

116.    First Source states that the allegations contained in Paragraph 116 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 116, and therefore denies the allegations.

117.    First Source states that the allegations contained in Paragraph 117 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 117, and therefore denies the allegations.

118.    First Source states that the allegations contained in Paragraph 118 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 118, and therefore denies the allegations.

119.    First Source states that the allegations contained in Paragraph 119 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 119, and therefore denies the allegations.

120.    First Source states that the allegations contained in Paragraph 120 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 120, and therefore denies the allegations.

**V.      Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of Their PFAS Products.**

121.    First Source states that the allegations contained in Paragraph 121 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 121, and therefore denies the allegations.

122.    First Source states that the allegations contained in Paragraph 122 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 122, and therefore denies the allegations.

123.    First Source states that the allegations contained in Paragraph 123 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 123, and therefore denies the allegations.

**VI.     Old DuPont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from Its PFAS Liabilities.**

124.    First Source states that the allegations contained in Paragraph 124 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 124, and therefore denies the allegations.

125.    First Source states that the allegations contained in Paragraph 125 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 125, and therefore denies the allegations.

126.    First Source states that the allegations contained in Paragraph 126 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 126, and therefore denies the allegations.

127.    First Source states that the allegations contained in Paragraph 127 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 127, and therefore denies the allegations.

128.    First Source states that the allegations contained in Paragraph 128 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 128, and therefore denies the allegations.

129.    First Source states that the allegations contained in Paragraph 129 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 129, and therefore denies the allegations.

130.    First Source states that the allegations contained in Paragraph 130 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 130, and therefore denies the allegations.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

131.     First Source states that the allegations contained in Paragraph 131 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 131, and therefore denies the allegations.

132.     First Source states that the allegations contained in Paragraph 132 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 132, and therefore denies the allegations.

**VII.     Defendants Have Harmed Plaintiff and Plaintiff's Community.**

133.     First Source denies each and every allegation contained in Paragraph 133.

134.     First Source states that the allegations contained in Paragraph 134 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 134, and therefore denies the allegations.

135.     First Source denies each and every allegation contained in Paragraph 135.

136.     First Source denies each and every allegation contained in Paragraph 136.

137.     First Source denies each and every allegation contained in Paragraph 137, including the subparts contained therein.

## FIRST CAUSE OF ACTION

### Private Nuisance

138.     First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

139.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 139.  To the extent that a response is required, First Source denies the allegations.

140.     First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 140.  To the extent that a response is required, First Source denies the allegations.  Responding further, First Source states that the allegations contained in Paragraph 140 are also legal conclusions, to which no response is required.  To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 140.

141.     First Source denies each and every allegation contained in Paragraph 141.

142.     First Source denies each and every allegation contained in Paragraph 142.

143.     First Source denies each and every allegation contained in Paragraph 143.

144.     First Source denies each and every allegation contained in Paragraph 144.

145.     First Source denies each and every allegation contained in Paragraph 145.

146.     First Source denies each and every allegation contained in Paragraph 146.

147.     First Source denies each and every allegation contained in Paragraph 147.

148.     First Source denies each and every allegation contained in Paragraph 148, including the subparts contained therein.

149.     First Source denies each and every allegation contained in Paragraph 149.

## SECOND CAUSE OF ACTION

### Public Nuisance

150.     First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

151.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 151.  To the extent that a response is required, First Source denies the allegations.

152.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 152.  To the extent that a response is required, First Source denies the allegations.

153.    First Source denies the allegations contained in the second part of the first sentence of Paragraph 153 and the second sentence of Paragraph 153 as it pertains to First Source.  First Source lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 153.  Responding further, First Source states that the remaining allegations contained in Paragraph 153 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 153.

154.    First Source denies each and every allegation contained in Paragraph 154.

155.    First Source denies each and every allegation contained in Paragraph 155.

156.    First Source denies each and every allegation contained in Paragraph 156.

157.    First Source denies each and every allegation contained in Paragraph 157.

158.    First Source denies each and every allegation contained in Paragraph 158.

159.    First Source denies each and every allegation contained in Paragraph 159.

160.    First Source denies each and every allegation contained in Paragraph 160.

161.    First Source denies each and every allegation contained in Paragraph 161.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## THIRD CAUSE OF ACTION

### Trespass

162.    First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

163.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 163.  Responding further, First Source states that the allegations contained in Paragraph 163 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations.

164.    First Source denies each and every allegation contained in Paragraph 164, including the subparts contained therein.

165.    First Source states that the allegations contained in Paragraph 165, including the subparts contained therein, are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 165, and therefore denies the allegations.

166.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 166.  Responding further, First Source states that the allegations contained in Paragraph 166 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations.  Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 166.

167.    First Source denies each and every allegation contained in Paragraph 167.

168.    First Source denies each and every allegation contained in Paragraph 168.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

169.     First Source states that the allegations contained in Paragraph 169 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 169, and therefore denies the allegations.

170.     First Source denies each and every allegation contained in Paragraph 170.

171.     First Source denies each and every allegation contained in Paragraph 171.

172.     First Source denies each and every allegation contained in Paragraph 172.

## FOURTH CAUSE OF ACTION

### Negligence, Gross Negligence, and/or Recklessness

173.     First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

174.     In response to Paragraph 174, First Source admits to only those duties imposed under the law and states that it complied with all such duties as they may have applied to the Plaintiff.  First Source denies each and every remaining allegation contained in Paragraph 174. Except as expressly admitted herein, First Source denies the allegations contained in Paragraph 174 of the Complaint.

175.     First Source denies each and every allegation contained in Paragraph 175.

176.     First Source denies each and every allegation contained in Paragraph 176.

177.     First Source states that the allegations contained in Paragraph 177 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 177, and therefore denies the allegations.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

178.    First Source states that the allegations contained in Paragraph 178 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 178, and therefore denies the allegations.

179.    First Source states that the allegations contained in Paragraph 179 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 179, and therefore denies the allegations.

180.    First Source denies each and every allegation contained in Paragraph 180.

181.    First Source denies each and every allegation contained in Paragraph 181.

## FIFTH CAUSE OF ACTION

### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

182.    First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

183.    First Source states that the allegations contained in Paragraph 183 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 183, and therefore denies the allegations.

184.    First Source states that the allegations contained in Paragraph 184 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 184, and therefore denies the allegations.

31

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

185.    First Source states that the allegations contained in Paragraph 185 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 185, and therefore denies the allegations.

186.    First Source states that the allegations contained in Paragraph 186 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 186, and therefore denies the allegations.

187.    First Source states that the allegations contained in Paragraph 187 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 187, and therefore denies the allegations.

188.    First Source states that the allegations contained in Paragraph 188 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 188, and therefore denies the allegations.

189.    First Source states that the allegations contained in Paragraph 189 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 189, and therefore denies the allegations.

190.    First Source states that the allegations contained in Paragraph 190 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 190, and therefore denies the allegations.

191.    First Source states that the allegations contained in Paragraph 191 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 191, and therefore denies the allegations.

## SIXTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity
### (Supplier Defendants)

192.    First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

193.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 193.  Responding further, First Source states that the allegations contained in Paragraph 193 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations.

194.    First Source states that the allegations contained in Paragraph 194 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 194, and therefore denies the allegations.

195.    First Source states that the allegations contained in Paragraph 195 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 195, and therefore denies the allegations.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

196.    First Source states that the allegations contained in Paragraph 196 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 196, and therefore denies the allegations.

197.    First Source states that the allegations contained in Paragraph 197 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 197, and therefore denies the allegations.

198.    First Source states that the allegations contained in Paragraph 198 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 198, and therefore denies the allegations.

199.    First Source states that the allegations contained in Paragraph 199 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 199, and therefore denies the allegations.

200.    First Source states that the allegations contained in Paragraph 200 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 200, and therefore denies the allegations.

201.    First Source states that the allegations contained in Paragraph 201 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 201, and therefore denies the allegations.

202.    First Source states that the allegations contained in Paragraph 202 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 202, and therefore denies the allegations.

## SEVENTH CAUSE OF ACTION

### Strict Products Liability – Design Defect
### (Supplier Defendants)

203.    First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

204.    First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 204.  Responding further, First Source states that the allegations contained in Paragraph 204 are also legal conclusions, to which no response is required. To the extent that a response is required, First Source denies the allegations.

205.    First Source states that the allegations contained in Paragraph 205 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 205, and therefore denies the allegations.

206.    First Source states that the allegations contained in Paragraph 206 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 206, and therefore denies the allegations.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

207.    First Source states that the allegations contained in Paragraph 207 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 207, and therefore denies the allegations.

208.    First Source states that the allegations contained in Paragraph 208 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 208, and therefore denies the allegations.

209.    First Source states that the allegations contained in Paragraph 209, including the subparts contained therein, are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 209, and therefore denies the allegations.

210.    First Source states that the allegations contained in Paragraph 210 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 210, and therefore denies the allegations.

211.    First Source states that the allegations contained in Paragraph 211 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 211, and therefore denies the allegations.

212.    First Source states that the allegations contained in Paragraph 212 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 212, and therefore denies the allegations.

213. First Source states that the allegations contained in Paragraph 213 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 213, and therefore denies the allegations.

214. First Source states that the allegations contained in Paragraph 214 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 214, and therefore denies the allegations.

215. First Source states that the allegations contained in Paragraph 215 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 215, and therefore denies the allegations.

## EIGHTH CAUSE OF ACTION

### Breach of Implied Warranties
### (Supplier Defendants)

216. First Source incorporates its responses to all prior allegations by reference as if fully set forth herein.

217. First Source states that the allegations contained in Paragraph 217 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 217, and therefore denies the allegations.

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

218.     First Source states that the allegations contained in Paragraph 218 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 218, and therefore denies the allegations.

219.     First Source states that the allegations contained in Paragraph 219 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 219, and therefore denies the allegations.

220.     First Source states that the allegations contained in Paragraph 220 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 220, and therefore denies the allegations.

221.     First Source states that the allegations contained in Paragraph 221 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 221, and therefore denies the allegations.

222.     First Source states that the allegations contained in Paragraph 222 are not directed at First Source, and therefore do not require a response from First Source.  To the extent that a response is required, First Source lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 222, and therefore denies the allegations.

## **PRAYER FOR RELIEF**

In response to the unnumbered Paragraph appearing under the heading "PRAYER FOR RELIEF" below Paragraph 222 of the Complaint, and the subparts contained therein, First Source

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

denies that it has committed any wrongful act or violated any law, denies that Plaintiff is entitled to any judgment or decree in its favor, denies that Plaintiff is entitled to any legal, equitable, or other relief in regard to any conduct on the part of First Source, including injunctive, declaratory, or other relief, compensatory or punitive damages, attorneys' fees, costs, or other litigation expenses, or any other damages or other relief, and asks the Court to dismiss the Plaintiff's Complaint in its entirety.

## AFFIRMATIVE DEFENSES

For its affirmative and other defenses, First Source states as follows.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and First Source is not liable for the matters alleged therein.

## SECOND DEFENSE

Plaintiff lacks standing to initiate this action.

## THIRD DEFENSE

Plaintiff lacks authority and/or standing to bring any claim predicated upon alleged injury to the public at large.

## FOURTH DEFENSE

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, statutes of repose, or rules of repose, or violate the doctrine of laches, they are time barred.

## FIFTH DEFENSE

The claims asserted by Plaintiff against First Source may be barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a),

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands, and release. Moreover, as a result of such prior proceedings, Plaintiff may not be the real party in interest to bring the present claims and therefore lacks standing to pursue the claims.

## SIXTH DEFENSE

Plaintiff's claims against First Source are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, speculative or abstract dispute. Plaintiff alleges that it may be required to incur costs at some future date if the United States Environmental Protection Agency requires Plaintiff to upgrade its treatment systems to treat PFAS. However, until such costs are actually incurred, Plaintiff lacks any cognizable damages and cannot recover. Plaintiff's claims therefore are premature to the extent that neither the State nor the Environmental Protection Agency has set final and presently enforceable water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate in determining whether natural resources have been injured.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including *res judicata*, collateral estoppel, and judicial estoppel), preclusion, release, consent, ratification, acquiescence, novation, accord and satisfaction, and/or unclean hands.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the principles of equity.

## NINTH DEFENSE

Plaintiff's claims fail to the extent that they are preempted, either in whole or in part, by federal law.

40

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## TENTH DEFENSE

First Source pleads privilege, justification, and/or immunity, and further avers that First Source at all times acted in accordance with any and all applicable permits and/or licenses.

## ELEVENTH DEFENSE

First Source avers that this action should be dismissed to the extent that Plaintiff has failed to join necessary and/or indispensable parties.

## TWELFTH DEFENSE

Plaintiff is a governmental and/or special purpose entity, and therefore is barred from recovery in tort for any expenditures made in the performance of governmental functions such as the provision of potable water to county residents.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent barred by the municipal cost recovery rule and/or the free public services doctrine.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims are not amenable to judicial resolution to the extent barred by the primary jurisdiction doctrine.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent barred based on Plaintiff's failure to exhaust administrative remedies.

## SIXTEENTH DEFENSE

First Source pleads the defense of lack of causation, as there is an insufficient causal relation between its conduct and Plaintiff's alleged damages, if any, to establish liability against First Source with respect to any of Plaintiff's claims.

41

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**SEVENTEENTH DEFENSE**

Plaintiff's injuries, if any, were the result of an independent, intervening, or superseding cause, or the acts or omissions of other parties or third parties over which First Source had no responsibility or control, and/or who were acting beyond the scope or supervision of First Source, and for whom First Source is not responsible nor may be held liable.

**EIGHTEENTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which First Source denies, was due to the affirmative actions and/or omissions of Plaintiff and/or third parties for whom First Source is not responsible and thus does not give rise to any liability of First Source.

**NINETEENTH DEFENSE**

Plaintiff's alleged damages, if any, were caused by Plaintiff's actions when Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in the Complaint and, therefore, Plaintiff is not entitled to recover any damages or other relief from First Source. Plaintiff's claims are barred, in whole or in part, because of, among other things, the doctrines of assumption of risk, coming to the alleged nuisance, and/or the prior nuisance doctrine.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages and injuries, if any, were caused, in whole or in part, by Plaintiff's own negligence, carelessness, recklessness, willfulness, and/or wantonness. First Source therefore pleads the affirmative defense of contributory and/or comparative negligence.

**TWENTY-FIRST DEFENSE**

First Source denies any and all liability with respect to Plaintiff's claims. However, should First Source, or any other party, be found liable for any damages alleged in the Complaint, then

42

61594509 v1

any such liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq.*

## TWENTY-SECOND DEFENSE

First Source's actions have not been willful or wanton, let alone to the extent that they violate South Carolina or federal law. Rather, First Source has at all times acted in good faith, without knowledge of any of the possible dangers alleged by Plaintiff, which First Source denies, and without malice or intent to injure Plaintiff.

## TWENTY-THIRD DEFENSE

First Source has acted in conformity and full compliance with all applicable state and federal laws, regulations, rules, permits, orders, government and industry standards, statutes, and statutory interpretations. Plaintiff's claims are barred, in whole or in part, because First Source's conduct was in accord with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and because its activities in accordance with such standards were reasonable as a matter of law. First Source at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff failed to mitigate Plaintiff's damages, if any, and/or failed to act with reasonable diligence.

## TWENTY-FIFTH DEFENSE

Plaintiff's claimed damages are speculative, conjectural, remote, and not reasonably foreseeable.

43

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent barred, in whole or in part, by the doctrines of recoupment and/or set-off.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff has failed to satisfy the prerequisites for injunctive relief, and/or to the extent that Plaintiff has an adequate remedy at law.

### TWENTY-EIGHTH DEFENSE

Plaintiff has suffered no injury or damages from the alleged conduct and/or violations of law by First Source, which First Source denies, and therefore to the extent requested, Plaintiff is not entitled to any award of damages, attorneys' fees, costs, equitable relief, and/or any other expenses or relief of any kind against First Source.

### TWENTY-NINTH DEFENSE

First Source avers that none of Plaintiff's claims against it could justify an award of punitive damages in this case, and that an award of punitive damages would serve no purpose for which punitive damages may be awarded in South Carolina.

### THIRTIETH DEFENSE

Plaintiff's claims for punitive damages against First Source cannot be upheld to the extent that they are a violation of any law passed by the United States Congress or the South Carolina Legislature limiting awards of punitive damages or the amount of such damages, including, but not limited to, S.C. Code Ann. § 15-32-530.

44

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**THIRTY-FIRST DEFENSE**

Plaintiff's claims for punitive damages against First Source cannot be upheld because an award of punitive damages under South Carolina law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by South Carolina law would violate First Source's due process rights guaranteed by the United States Constitution and by the due process provisions of the South Carolina Constitution.

**THIRTY-SECOND DEFENSE**

Plaintiff's claims for punitive damages against First Source cannot be upheld because any award of punitive damages under South Carolina law without bifurcating the trial of all punitive damages would violate First Source's due process rights guaranteed by the United States Constitution, the South Carolina Constitution, and S.C. Code Ann. § 15-32-520.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent that an award of any such punitive damages would violate or contravene the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), as well as any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

**THIRTY-FOURTH DEFENSE**

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff's claims for punitive damages are further barred, in whole or in part, to the extent that an award of any such

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:06 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

punitive damages would be violative of the United States Constitution and/or the South Carolina Constitution.

## THIRTY-FIFTH DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff is not entitled to recover punitive damages pursuant to South Carolina law.

## RESERVATION OF DEFENSES

First Source reserves the right to assert additional defenses as discovery progresses.  To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

*s/ Paul D. Harrill*
Paul Harrill (S.C. Bar No. 15268)
BURR & FORMAN LLP
1221 Main Street, Suite 1800 (29201)
P.O. Box 11390
Columbia, South Carolina 29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278
E-mail:  PHarrill@burr.com

Rik S. Tozzi (Admitted PHV)
Ryan J. Hebson (Admitted PHV)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
E-mail:  rtozzi@burr.com
E-mail:  rhebson@burr.com

Counsel for Defendant
FIRST SOURCE WORLDWIDE, LLC

July 14, 2025
Columbia, South Carolina

46

61594509 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) IN THE COURT OF COMMON PLEAS |
| | ) |
| **COUNTY OF LAURENS** | ) EIGHTH JUDICIAL CIRCUIT |
| | ) |
| **IN RE:** | ) |
| **PFAS LITIG. COORDINATED DOCKET** | ) C.A. No.:  2024-CP-30-00734 |
| | ) |
| | ) |
| **LAURENS COUNTY WATER AND SEWER COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **AGC CHEMICALS AMERICAS, INC.; ANDERSON REGIONAL LANDFILL, LLC; ARCHROMA U.S., INC.; ARKEMA, INC.; ATOTECH USA, LLC; CLARIANT CORPORATION; CONE MILLS RECEIVER, LLC; CORTEVA, INC.; CRYOVAC, INC.; CRYOVAC, LLC; DAIKIN AMERICA, INC.; DUPONT DE NEMOURS, INC.; EIDP, INC.; FIRST SOURCE WORLDWIDE, LLC; FITESA SIMPSONVILLE, INC.; HENKEL US OPERATIONS CORPORATION; HUNTSMAN INTERNATIONAL, LLC; MILLIKEN & COMPANY; OPPERMANN WEBBING, INC.; PALMETTO PLATING COMPANY, INC.; ROLL TECHNOLOGY CORPORATION; SOLVAY SPECIALTY POLYMERS USA, LLC; THE CHEMOURS COMPANY; T&S BRASS AND BRONZE WORKS, INC.; AND UNICHEM SPECIALTY CHEMICALS, LLC,** | ) **DEFENDANT OPPERMANN WEBBING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| | ) |
| **Defendants.** | ) |

Defendant Oppermann Webbing, Inc. ("Oppermann" or the "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Second Amended Complaint (the "Complaint") filed by the Plaintiff, Laurens County Water and Sewer Commission ("Laurens County" or the "Plaintiff"), respectfully stating as follows:

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## STATEMENT OF THE CASE

1.      Oppermann denies each and every allegation contained in Paragraph 1.

2.      Oppermann denies each and every allegation contained in Paragraph 2.

3.      Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 3.

4.      In response to Paragraph 4 of the Complaint, Oppermann admits that it owns and operates a webbing facility in Piedmont, South Carolina where it manufactures a variety of webbing and other products, and that it utilizes the Piedmont Regional Wastewater Treatment Plant to treat wastewater effluent.  Oppermann denies the remaining allegations in Paragraph 4 of the Complaint.  Except as expressly admitted herein, the allegations of Paragraph 4 are denied.

5.      Oppermann denies each and every allegation contained in Paragraph 5.

6.      Oppermann denies each and every allegation contained in Paragraph 6.

7.      In response to Paragraph 7, Oppermann admits that Plaintiff seeks to recover the alleged damages and other relief stated, but denies that Oppermann has committed any wrongful act or violated any law, denies that Plaintiff is entitled to any legal, equitable, or other relief in regard to any conduct on the part of Oppermann, including injunctive or other relief, compensatory or punitive damages, or any other damages or other relief, and asks the Court to dismiss the Plaintiff's Complaint in its entirety.

## DISCLAIMER

8.      Oppermann states that Paragraph 8 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the

2

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 8.

9.      Oppermann states that Paragraph 9 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 9.

## JURISDICTION AND VENUE

10.      Oppermann states that Paragraph 10 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 10.

11.      Oppermann states that Paragraph 11 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 11.

12.      Oppermann states that Paragraph 12 sets forth legal conclusions to which no response is required or made.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 12.

## PARTIES

**I.      Plaintiff**

13.      Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 13.  To the extent that a response is required, Oppermann denies the allegations.

3

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

14.    Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14.  To the extent that a response is required, Oppermann denies the allegations.

15.    Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 15.  To the extent that a response is required, Oppermann denies the allegations.

## II.    Discharger Defendants

16.    Oppermann states that the allegations contained in Paragraph 16 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 16, and therefore denies the allegations.

17.    Oppermann states that the allegations contained in Paragraph 17 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 17, and therefore denies the allegations.

18.    Oppermann states that the allegations contained in Paragraph 18 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 18, and therefore denies the allegations.

19.    Oppermann states that the allegations contained in Paragraph 19 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 19, and therefore denies the allegations.

4

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

20.     Oppermann states that the allegations contained in Paragraph 20 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 20, and therefore denies the allegations.

21.     Oppermann states that the allegations contained in Paragraph 21 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 21, and therefore denies the allegations.

22.     Oppermann states that the allegations contained in Paragraph 22 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 22, and therefore denies the allegations.

23.     In response to Paragraph 23 of the Complaint, Oppermann admits that it is a South Carolina Corporation that owns and operates a webbing facility in Piedmont, South Carolina where it manufactures a variety of webbing and other products, and that it utilizes the Piedmont Regional Wastewater Treatment Plant to treat wastewater effluent.  Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 23.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 23.

24.     Oppermann states that the allegations contained in Paragraph 24 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

5

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 24, and therefore denies the allegations.

25.     Oppermann states that the allegations contained in Paragraph 25 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 25, and therefore denies the allegations.

26.     Oppermann states that the allegations contained in Paragraph 26 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 26, and therefore denies the allegations.

27.     Oppermann states that the allegations contained in Paragraph 27 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 27, and therefore denies the allegations.

**III.     Discharger Defendants**

28.     Oppermann states that the allegations contained in Paragraph 28 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 28, and therefore denies the allegations.

29.     Oppermann states that the allegations contained in Paragraph 29 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 29, and therefore denies the allegations.

6

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

30.     Oppermann states that the allegations contained in Paragraph 30 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 30, and therefore denies the allegations.

31.     Oppermann states that the allegations contained in Paragraph 31 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 31, and therefore denies the allegations.

32.     Oppermann states that the allegations contained in Paragraph 32 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 32, and therefore denies the allegations.

33.     Oppermann states that the allegations contained in Paragraph 33 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 33, and therefore denies the allegations.

34.     Oppermann states that the allegations contained in Paragraph 34 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 34, and therefore denies the allegations.

35.     Oppermann states that the allegations contained in Paragraph 35 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

7

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 35, and therefore denies the allegations.

36.     Oppermann states that the allegations contained in Paragraph 36 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 36, and therefore denies the allegations.

37.     Oppermann states that the allegations contained in Paragraph 37 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 37, and therefore denies the allegations.

38.     Oppermann states that the allegations contained in Paragraph 38 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 38, and therefore denies the allegations.

39.     Oppermann states that the allegations contained in Paragraph 39 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 39, and therefore denies the allegations.

**FACTUAL ALLEGATIONS**

**I.     Background and Hazards of PFAS**

40.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 40.  To the extent that a response is required, Oppermann denies the allegations.

8

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

41.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 41.  To the extent that a response is required, Oppermann denies the allegations.

42.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 42.  To the extent that a response is required, Oppermann denies the allegations.

43.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 43.  To the extent that a response is required, Oppermann denies the allegations.

44.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 44.  To the extent that a response is required, Oppermann denies the allegations.

45.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 45.  To the extent that a response is required, Oppermann denies the allegations.

46.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 46.  To the extent that a response is required, Oppermann denies the allegations.

47.     Oppermann states that the materials referenced in Paragraph 47 speak for themselves and denies any mischaracterizations of the same.  Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 47.  To the extent that a response is required, Oppermann denies the

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 47.

48.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 48.  To the extent that a response is required, Oppermann denies the allegations.

49.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 49.  To the extent that a response is required, Oppermann denies the allegations.

50.     Oppermann states that the advisories referenced in Paragraph 50 speak for themselves and denies any mischaracterizations of the same.  Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 50.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 50.

51.     Oppermann states that the advisories referenced in Paragraph 51 speak for themselves and denies any mischaracterizations of the same.  Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 51.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 51.

52.     Oppermann states that the materials referenced in Paragraph 52 speak for themselves and denies any mischaracterizations of the same.  Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations

10

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

contained in Paragraph 52. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 52.

53.    Oppermann states that the advisories referenced in Paragraph 53 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 53. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 53.

54.    Oppermann states that the advisories referenced in Paragraph 54 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 54. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 54.

55.    Oppermann states that the materials referenced in Paragraph 55 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 55 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 55. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 55.

11

61594508 v1

56.     Oppermann states that the materials referenced in Paragraph 56 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 56. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 56.

57.     Oppermann states that the materials referenced in Paragraph 57 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 57 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 57. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 57.

58.     Oppermann states that the materials referenced in Paragraph 58 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 58. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 58.

59.     Oppermann states that the materials referenced in Paragraph 59 speak for themselves and denies any mischaracterizations of the same. Responding further, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

in Paragraph 59. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 59.

60.     Oppermann states that the materials referenced in Paragraph 60 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 60 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 60. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 60.

61.     Oppermann states that the materials referenced in Paragraph 61 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 61 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 61. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 61.

62.     Oppermann states that the materials referenced in Paragraph 62 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 62 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

the remaining allegations contained in Paragraph 62. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 62.

63. Oppermann states that the materials referenced in Paragraph 63 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 63 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 63. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 63.

64. Oppermann states that the materials referenced in Paragraph 64 speak for themselves and denies any mischaracterizations of the same. Oppermann states that the allegations contained in Paragraph 64 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 64. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 64.

## II.     Contamination of Lake Greenwood and Plaintiff's Water Supply with PFAS

65. Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 65. To the extent that a response is required, Oppermann denies the allegations.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

66.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 66. To the extent that a response is required, Oppermann denies the allegations.

67.     Oppermann denies the allegations contained in the last sentence of Paragraph 67. Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 67. To the extent that a response is required, Oppermann denies the allegations.

68.     In response to Paragraph 68 of the Complaint, Oppermann admits that it owns and operates a webbing facility in Piedmont, South Carolina where it manufactures a variety of webbing and other products, and that it utilizes the Piedmont Regional Wastewater Treatment Plant to treat wastewater effluent. Responding further, Oppermann states that it lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 68. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 68.

69.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 69. To the extent that a response is required, Oppermann denies the allegations.

70.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 70. To the extent that a response is required, Oppermann denies the allegations.

71.     Oppermann denies the allegations contained in the last sentence of Paragraph 71 as it pertains to Oppermann. Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 71. To the extent that a response

15

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations in Paragraph 71.

72.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 72. To the extent that a response is required, Oppermann denies the allegations.

73.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 73. To the extent that a response is required, Oppermann denies the allegations.

74.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 74. To the extent that a response is required, Oppermann denies the allegations.

75.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 75. To the extent that a response is required, Oppermann denies the allegations.

76.     Oppermann denies the allegations contained in Paragraph 76 as it pertains to Oppermann. Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 76. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations in Paragraph 76.

77.     Oppermann states that the allegations contained in Paragraph 77 are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 77, and therefore denies the allegations.

16

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

78.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 78.  To the extent that a response is required, Oppermann denies the allegations.

79.     Oppermann denies the allegations contained in Paragraph 79 as it pertains to Oppermann.  Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 79.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations in Paragraph 79.

**III.     Supplier Defendants Had Superior Knowledge of PFAS's Hazardous Properties.**

80.     Oppermann denies each and every allegation contained in Paragraph 80.

81.     Oppermann states that the allegations contained in Paragraph 81 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 81, and therefore denies the allegations.

82.     Oppermann states that the allegations contained in Paragraph 82 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 82, and therefore denies the allegations.

83.     Oppermann states that the allegations contained in Paragraph 83 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 83, and therefore denies the allegations.

84.     Oppermann states that the allegations contained in Paragraph 84 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 84, and therefore denies the allegations.

85.     Oppermann states that the allegations contained in Paragraph 85 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 85, and therefore denies the allegations.

86.     Oppermann states that the allegations contained in Paragraph 86 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 86, and therefore denies the allegations.

87.     Oppermann states that the allegations contained in Paragraph 87 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 87, and therefore denies the allegations.

88.     Oppermann states that the allegations contained in Paragraph 88 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 88, and therefore denies the allegations.

89.     Oppermann states that the allegations contained in Paragraph 89 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 89, and therefore denies the allegations.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

90.    Oppermann states that the allegations contained in Paragraph 90 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 90, and therefore denies the allegations.

91.    Oppermann states that the allegations contained in Paragraph 91 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 91, and therefore denies the allegations.

92.    Oppermann states that the allegations contained in Paragraph 92 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 92, and therefore denies the allegations.

93.    Oppermann states that the allegations contained in Paragraph 93 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 93, and therefore denies the allegations.

94.    Oppermann states that the allegations contained in Paragraph 94 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 94, and therefore denies the allegations.

95.    Oppermann states that the allegations contained in Paragraph 95 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

19

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 95, and therefore denies the allegations.

96.     Oppermann states that the allegations contained in Paragraph 96 are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 96, and therefore denies the allegations.

97.     Oppermann states that the allegations contained in Paragraph 97 are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 97, and therefore denies the allegations.

98.     Oppermann states that the allegations contained in Paragraph 98 are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 98, and therefore denies the allegations.

99.     Oppermann states that the allegations contained in Paragraph 99 are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 99, and therefore denies the allegations.

100.     Oppermann states that the allegations contained in Paragraph 100 are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 100, and therefore denies the allegations.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

101.    Oppermann states that the allegations contained in Paragraph 101 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 101, and therefore denies the allegations.

102.    Oppermann states that the allegations contained in Paragraph 102 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 102, and therefore denies the allegations.

103.    Oppermann states that the allegations contained in Paragraph 103 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 103, and therefore denies the allegations.

104.    Oppermann states that the allegations contained in Paragraph 104 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 104, and therefore denies the allegations.

105.    Oppermann states that the allegations contained in Paragraph 105 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 105, and therefore denies the allegations.

106.    Oppermann states that the allegations contained in Paragraph 106 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 106, and therefore denies the allegations.

107.    Oppermann states that the allegations contained in Paragraph 107 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 107, and therefore denies the allegations.

108.    Oppermann states that the allegations contained in Paragraph 108 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 108, and therefore denies the allegations.

109.    Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 109.  To the extent that a response is required, Oppermann denies the allegations.

110.    Oppermann states that the allegations contained in Paragraph 110, including the subparts contained therein, are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 110, and therefore denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 110.

**IV.    Supplier Defendants Were Directly Involved in Discharger Defendants' PFAS Use and Disposal.**

111.    Oppermann denies each and every allegation contained in Paragraph 111.

112.    Oppermann denies each and every allegation contained in Paragraph 112.

113.    Oppermann denies each and every allegation contained in Paragraph 113.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

114.    Oppermann denies each and every allegation contained in Paragraph 114.

115.    Oppermann denies each and every allegation contained in Paragraph 115.

116.    Oppermann states that the allegations contained in Paragraph 116 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 116, and therefore denies the allegations.

117.    Oppermann states that the allegations contained in Paragraph 117 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 117, and therefore denies the allegations.

118.    Oppermann states that the allegations contained in Paragraph 118 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 118, and therefore denies the allegations.

119.    Oppermann states that the allegations contained in Paragraph 119 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 119, and therefore denies the allegations.

120.    Oppermann states that the allegations contained in Paragraph 120 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 120, and therefore denies the allegations.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## V.    Supplier Defendants Delayed, Suppressed, and Interfered with the Advance of Scientific Understanding and Regulation of Their PFAS Products.

121.    Oppermann states that the allegations contained in Paragraph 121 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 121, and therefore denies the allegations.

122.    Oppermann states that the allegations contained in Paragraph 122 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 122, and therefore denies the allegations.

123.    Oppermann states that the allegations contained in Paragraph 123 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 123, and therefore denies the allegations.

## VI.    Old DuPont Orchestrated a Multi-Step Corporate Restructuring Designed to Shield Its Valuable Assets from Its PFAS Liabilities.

124.    Oppermann states that the allegations contained in Paragraph 124 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 124, and therefore denies the allegations.

125.    Oppermann states that the allegations contained in Paragraph 125 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 125, and therefore denies the allegations.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

126.     Oppermann states that the allegations contained in Paragraph 126 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 126, and therefore denies the allegations.

127.     Oppermann states that the allegations contained in Paragraph 127 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 127, and therefore denies the allegations.

128.     Oppermann states that the allegations contained in Paragraph 128 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 128, and therefore denies the allegations.

129.     Oppermann states that the allegations contained in Paragraph 129 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 129, and therefore denies the allegations.

130.     Oppermann states that the allegations contained in Paragraph 130 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 130, and therefore denies the allegations.

131.     Oppermann states that the allegations contained in Paragraph 131 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

25

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 131, and therefore denies the allegations.

132.    Oppermann states that the allegations contained in Paragraph 132 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 132, and therefore denies the allegations.

**VII.    Defendants Have Harmed Plaintiff and Plaintiff's Community.**

133.    Oppermann denies each and every allegation contained in Paragraph 133.

134.    Oppermann states that the allegations contained in Paragraph 134 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 134, and therefore denies the allegations.

135.    Oppermann denies each and every allegation contained in Paragraph 135.

136.    Oppermann denies each and every allegation contained in Paragraph 136.

137.    Oppermann denies each and every allegation contained in Paragraph 137, including the subparts contained therein.

**<u>FIRST CAUSE OF ACTION</u>**

**Private Nuisance**

138.    Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

139.    Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 139.  To the extent that a response is required, Oppermann denies the allegations.

26

140.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 140.  To the extent that a response is required, Oppermann denies the allegations.  Responding further, Oppermann states that the allegations contained in Paragraph 140 are also legal conclusions, to which no response is required.  To the extent that a response is required, Oppermann denies the allegations.  Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 140.

141.     Oppermann denies each and every allegation contained in Paragraph 141.

142.     Oppermann denies each and every allegation contained in Paragraph 142.

143.     Oppermann denies each and every allegation contained in Paragraph 143.

144.     Oppermann denies each and every allegation contained in Paragraph 144.

145.     Oppermann denies each and every allegation contained in Paragraph 145.

146.     Oppermann denies each and every allegation contained in Paragraph 146.

147.     Oppermann denies each and every allegation contained in Paragraph 147.

148.     Oppermann denies each and every allegation contained in Paragraph 148, including the subparts contained therein.

149.     Oppermann denies each and every allegation contained in Paragraph 149.

## SECOND CAUSE OF ACTION

### Public Nuisance

150.     Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

151.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 151.  To the extent that a response is required, Oppermann denies the allegations.

27

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

152.     Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 152. To the extent that a response is required, Oppermann denies the allegations.

153.     Oppermann denies the allegations contained in the second part of the first sentence of Paragraph 153 and the second sentence of Paragraph 153 as it pertains to Oppermann. Oppermann lacks knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 153. Responding further, Oppermann states that the remaining allegations contained in Paragraph 153 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 153.

154.     Oppermann denies each and every allegation contained in Paragraph 154.

155.     Oppermann denies each and every allegation contained in Paragraph 155.

156.     Oppermann denies each and every allegation contained in Paragraph 156.

157.     Oppermann denies each and every allegation contained in Paragraph 157.

158.     Oppermann denies each and every allegation contained in Paragraph 158.

159.     Oppermann denies each and every allegation contained in Paragraph 159.

160.     Oppermann denies each and every allegation contained in Paragraph 160.

161.     Oppermann denies each and every allegation contained in Paragraph 161.

## THIRD CAUSE OF ACTION

### Trespass

162.     Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

28

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

163. Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 163. Responding further, Oppermann states that the allegations contained in Paragraph 163 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations.

164. Oppermann denies each and every allegation contained in Paragraph 164, including the subparts contained therein.

165. Oppermann states that the allegations contained in Paragraph 165, including the subparts contained therein, are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 165, and therefore denies the allegations.

166. Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 166. Responding further, Oppermann states that the allegations contained in Paragraph 166 are also legal conclusions, to which no response is required. To the extent that a response is required, Oppermann denies the allegations. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 166.

167. Oppermann denies each and every allegation contained in Paragraph 167.

168. Oppermann denies each and every allegation contained in Paragraph 168.

169. Oppermann states that the allegations contained in Paragraph 169 are not directed at Oppermann, and therefore do not require a response from Oppermann. To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 169, and therefore denies the allegations.

170. Oppermann denies each and every allegation contained in Paragraph 170.

61594508 v1

171.    Oppermann denies each and every allegation contained in Paragraph 171.

172.    Oppermann denies each and every allegation contained in Paragraph 172.

**FOURTH CAUSE OF ACTION**

**Negligence, Gross Negligence, and/or Recklessness**

173.    Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

174.    In response to Paragraph 174, Oppermann admits to only those duties imposed under the law and states that it complied with all such duties as they may have applied to the Plaintiff.  Oppermann denies each and every remaining allegation contained in Paragraph 174. Except as expressly admitted herein, Oppermann denies the allegations contained in Paragraph 174 of the Complaint.

175.    Oppermann denies each and every allegation contained in Paragraph 175.

176.    Oppermann denies each and every allegation contained in Paragraph 176.

177.    Oppermann states that the allegations contained in Paragraph 177 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 177, and therefore denies the allegations.

178.    Oppermann states that the allegations contained in Paragraph 178 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 178, and therefore denies the allegations.

179.    Oppermann states that the allegations contained in Paragraph 179 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

30

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 179, and therefore denies the allegations.

180.    Oppermann denies each and every allegation contained in Paragraph 180.

181.    Oppermann denies each and every allegation contained in Paragraph 181.

## FIFTH CAUSE OF ACTION

### Strict Products Liability – Failure to Warn
### (Supplier Defendants)

182.    Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

183.    Oppermann states that the allegations contained in Paragraph 183 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 183, and therefore denies the allegations.

184.    Oppermann states that the allegations contained in Paragraph 184 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 184, and therefore denies the allegations.

185.    Oppermann states that the allegations contained in Paragraph 185 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 185, and therefore denies the allegations.

186.    Oppermann states that the allegations contained in Paragraph 186 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 186, and therefore denies the allegations.

187.    Oppermann states that the allegations contained in Paragraph 187 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 187, and therefore denies the allegations.

188.    Oppermann states that the allegations contained in Paragraph 188 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 188, and therefore denies the allegations.

189.    Oppermann states that the allegations contained in Paragraph 189 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 189, and therefore denies the allegations.

190.    Oppermann states that the allegations contained in Paragraph 190 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 190, and therefore denies the allegations.

191.    Oppermann states that the allegations contained in Paragraph 191 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 191, and therefore denies the allegations.

32

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## SIXTH CAUSE OF ACTION

### Strict Products Liability – Ultrahazardous Activity
### (Supplier Defendants)

192.   Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

193.   Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 193.  Responding further, Oppermann states that the allegations contained in Paragraph 193 are also legal conclusions, to which no response is required.  To the extent that a response is required, Oppermann denies the allegations.

194.   Oppermann states that the allegations contained in Paragraph 194 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 194, and therefore denies the allegations.

195.   Oppermann states that the allegations contained in Paragraph 195 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 195, and therefore denies the allegations.

196.   Oppermann states that the allegations contained in Paragraph 196 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 196, and therefore denies the allegations.

197.   Oppermann states that the allegations contained in Paragraph 197 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

33

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 197, and therefore denies the allegations.

198.    Oppermann states that the allegations contained in Paragraph 198 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 198, and therefore denies the allegations.

199.    Oppermann states that the allegations contained in Paragraph 199 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 199, and therefore denies the allegations.

200.    Oppermann states that the allegations contained in Paragraph 200 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 200, and therefore denies the allegations.

201.    Oppermann states that the allegations contained in Paragraph 201 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 201, and therefore denies the allegations.

202.    Oppermann states that the allegations contained in Paragraph 202 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 202, and therefore denies the allegations.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## SEVENTH CAUSE OF ACTION

### Strict Products Liability – Design Defect
### (Supplier Defendants)

203.    Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

204.    Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 204.  Responding further, Oppermann states that the allegations contained in Paragraph 204 are also legal conclusions, to which no response is required.  To the extent that a response is required, Oppermann denies the allegations.

205.    Oppermann states that the allegations contained in Paragraph 205 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 205, and therefore denies the allegations.

206.    Oppermann states that the allegations contained in Paragraph 206 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 206, and therefore denies the allegations.

207.    Oppermann states that the allegations contained in Paragraph 207 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 207, and therefore denies the allegations.

208.    Oppermann states that the allegations contained in Paragraph 208 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

35

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 208, and therefore denies the allegations.

209.    Oppermann states that the allegations contained in Paragraph 209, including the subparts contained therein, are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 209, and therefore denies the allegations.

210.    Oppermann states that the allegations contained in Paragraph 210 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 210, and therefore denies the allegations.

211.    Oppermann states that the allegations contained in Paragraph 211 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 211, and therefore denies the allegations.

212.    Oppermann states that the allegations contained in Paragraph 212 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 212, and therefore denies the allegations.

213.    Oppermann states that the allegations contained in Paragraph 213 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 213, and therefore denies the allegations.

36

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

214.     Oppermann states that the allegations contained in Paragraph 214 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 214, and therefore denies the allegations.

215.     Oppermann states that the allegations contained in Paragraph 215 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 215, and therefore denies the allegations.

## EIGHTH CAUSE OF ACTION

### Breach of Implied Warranties
### (Supplier Defendants)

216.     Oppermann incorporates its responses to all prior allegations by reference as if fully set forth herein.

217.     Oppermann states that the allegations contained in Paragraph 217 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 217, and therefore denies the allegations.

218.     Oppermann states that the allegations contained in Paragraph 218 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 218, and therefore denies the allegations.

219.     Oppermann states that the allegations contained in Paragraph 219 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a

37

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 219, and therefore denies the allegations.

220.    Oppermann states that the allegations contained in Paragraph 220 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 220, and therefore denies the allegations.

221.    Oppermann states that the allegations contained in Paragraph 221 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 221, and therefore denies the allegations.

222.    Oppermann states that the allegations contained in Paragraph 222 are not directed at Oppermann, and therefore do not require a response from Oppermann.  To the extent that a response is required, Oppermann lacks knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 222, and therefore denies the allegations.

<u>**PRAYER FOR RELIEF**</u>

In response to the unnumbered Paragraph appearing under the heading "PRAYER FOR RELIEF" below Paragraph 222 of the Complaint, and the subparts contained therein, Oppermann denies that it has committed any wrongful act or violated any law, denies that Plaintiff is entitled to any judgment or decree in its favor, denies that Plaintiff is entitled to any legal, equitable, or other relief in regard to any conduct on the part of Oppermann, including injunctive, declaratory, or other relief, compensatory or punitive damages, attorneys' fees, costs, or other litigation expenses, or any other damages or other relief, and asks the Court to dismiss the Plaintiff's Complaint in its entirety.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP300734

## AFFIRMATIVE DEFENSES

For its affirmative and other defenses, Oppermann states as follows.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Oppermann is not liable for the matters alleged therein.

## SECOND DEFENSE

Plaintiff lacks standing to initiate this action.

## THIRD DEFENSE

Plaintiff lacks authority and/or standing to bring any claim predicated upon alleged injury to the public at large.

## FOURTH DEFENSE

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, statutes of repose, or rules of repose, or violate the doctrine of laches, they are time barred.

## FIFTH DEFENSE

The claims asserted by Plaintiff against Oppermann may be barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands, and release. Moreover, as a result of such prior proceedings, Plaintiff may not be the real party in interest to bring the present claims and therefore lacks standing to pursue the claims.

## SIXTH DEFENSE

Plaintiff's claims against Oppermann are not ripe for adjudication and should be dismissed for presenting a contingent, hypothetical, speculative or abstract dispute. Plaintiff alleges that it

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

may be required to incur costs at some future date if the United States Environmental Protection Agency requires Plaintiff to upgrade its treatment systems to treat PFAS. However, until such costs are actually incurred, Plaintiff lacks any cognizable damages and cannot recover. Plaintiff's claims therefore are premature to the extent that neither the State nor the Environmental Protection Agency has set final and presently enforceable water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are necessary to evaluate in determining whether natural resources have been injured.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including *res judicata*, collateral estoppel, and judicial estoppel), preclusion, release, consent, ratification, acquiescence, novation, accord and satisfaction, and/or unclean hands.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the principles of equity.

## NINTH DEFENSE

Plaintiff's claims fail to the extent that they are preempted, either in whole or in part, by federal law.

## TENTH DEFENSE

Oppermann pleads privilege, justification, and/or immunity, and further avers that Oppermann at all times acted in accordance with any and all applicable permits and/or licenses.

## ELEVENTH DEFENSE

Oppermann avers that this action should be dismissed to the extent that Plaintiff has failed to join necessary and/or indispensable parties.

61594508 v1

## TWELFTH DEFENSE

Plaintiff is a governmental and/or special purpose entity, and therefore is barred from recovery in tort for any expenditures made in the performance of governmental functions such as the provision of potable water to county residents.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent barred by the municipal cost recovery rule and/or the free public services doctrine.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims are not amenable to judicial resolution to the extent barred by the primary jurisdiction doctrine.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent barred based on Plaintiff's failure to exhaust administrative remedies.

## SIXTEENTH DEFENSE

Oppermann pleads the defense of lack of causation, as there is an insufficient causal relation between its conduct and Plaintiff's alleged damages, if any, to establish liability against Oppermann with respect to any of Plaintiff's claims.

## SEVENTEENTH DEFENSE

Plaintiff's injuries, if any, were the result of an independent, intervening, or superseding cause, or the acts or omissions of other parties or third parties over which Oppermann had no responsibility or control, and/or who were acting beyond the scope or supervision of Oppermann, and for whom Oppermann is not responsible nor may be held liable.

41

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**EIGHTEENTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which Oppermann denies, was due to the affirmative actions and/or omissions of Plaintiff and/or third parties for whom Oppermann is not responsible and thus does not give rise to any liability of Oppermann.

**NINETEENTH DEFENSE**

Plaintiff's alleged damages, if any, were caused by Plaintiff's actions when Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in the Complaint and, therefore, Plaintiff is not entitled to recover any damages or other relief from Oppermann.  Plaintiff's claims are barred, in whole or in part, because of, among other things, the doctrines of assumption of risk, coming to the alleged nuisance, and/or the prior nuisance doctrine.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages and injuries, if any, were caused, in whole or in part, by Plaintiff's own negligence, carelessness, recklessness, willfulness, and/or wantonness.  Oppermann therefore pleads the affirmative defense of contributory and/or comparative negligence.

**TWENTY-FIRST DEFENSE**

Oppermann denies any and all liability with respect to Plaintiff's claims.  However, should Oppermann, or any other party, be found liable for any damages alleged in the Complaint, then any such liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq.*

**TWENTY-SECOND DEFENSE**

Oppermann's actions have not been willful or wanton, let alone to the extent that they violate South Carolina or federal law.  Rather, Oppermann has at all times acted in good faith,

42

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

without knowledge of any of the possible dangers alleged by Plaintiff, which Oppermann denies, and without malice or intent to injure Plaintiff.

## TWENTY-THIRD DEFENSE

Oppermann has acted in conformity and full compliance with all applicable state and federal laws, regulations, rules, permits, orders, government and industry standards, statutes, and statutory interpretations. Plaintiff's claims are barred, in whole or in part, because Oppermann's conduct was in accord with the applicable standards of care under all laws, regulations, industry practice, and state-of-the-art knowledge, and because its activities in accordance with such standards were reasonable as a matter of law. Oppermann at all times acted reasonably, in good faith, and with the skill, prudence, and diligence of others in the industry at the time.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff failed to mitigate Plaintiff's damages, if any, and/or failed to act with reasonable diligence.

## TWENTY-FIFTH DEFENSE

Plaintiff's claimed damages are speculative, conjectural, remote, and not reasonably foreseeable.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent barred, in whole or in part, by the doctrines of recoupment and/or set-off.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff has failed to satisfy the prerequisites for injunctive relief, and/or to the extent that Plaintiff has an adequate remedy at law.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### TWENTY-EIGHTH DEFENSE

Plaintiff has suffered no injury or damages from the alleged conduct and/or violations of law by Oppermann, which Oppermann denies, and therefore to the extent requested, Plaintiff is not entitled to any award of damages, attorneys' fees, costs, equitable relief, and/or any other expenses or relief of any kind against Oppermann.

### TWENTY-NINTH DEFENSE

Oppermann avers that none of Plaintiff's claims against it could justify an award of punitive damages in this case, and that an award of punitive damages would serve no purpose for which punitive damages may be awarded in South Carolina.

### THIRTIETH DEFENSE

Plaintiff's claims for punitive damages against Oppermann cannot be upheld to the extent that they are a violation of any law passed by the United States Congress or the South Carolina Legislature limiting awards of punitive damages or the amount of such damages, including, but not limited to, S.C. Code Ann. § 15-32-530.

### THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages against Oppermann cannot be upheld because an award of punitive damages under South Carolina law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by South Carolina law would violate Oppermann's due process rights guaranteed by the United States Constitution and by the due process provisions of the South Carolina Constitution.

### THIRTY-SECOND DEFENSE

Plaintiff's claims for punitive damages against Oppermann cannot be upheld because any award of punitive damages under South Carolina law without bifurcating the trial of all punitive

44

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

damages would violate Oppermann's due process rights guaranteed by the United States Constitution, the South Carolina Constitution, and S.C. Code Ann. § 15-32-520.

### THIRTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent that an award of any such punitive damages would violate or contravene the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), as well as any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

### THIRTY-FOURTH DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff's claims for punitive damages are further barred, in whole or in part, to the extent that an award of any such punitive damages would be violative of the United States Constitution and/or the South Carolina Constitution.

### THIRTY-FIFTH DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff is not entitled to recover punitive damages pursuant to South Carolina law.

### RESERVATION OF DEFENSES

Oppermann reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 14 10:08 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

Respectfully submitted,

_s/ Paul D. Harrill_
Paul Harrill (S.C. Bar No. 15268)
BURR & FORMAN LLP
1221 Main Street, Suite 1800 (29201)
P.O. Box 11390
Columbia, South Carolina 29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278
E-mail:   PHarrill@burr.com

Rik S. Tozzi (Admitted PHV)
Ryan J. Hebson (Admitted PHV)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
E-mail:   rtozzi@burr.com
E-mail:   rhebson@burr.com

Counsel for Defendant
OPPERMANN WEBBING, INC.

July 14, 2025
Columbia, South Carolina

46

61594508 v1

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LAURENS<br><br>IN RE:<br>PFAS LITIGATION COORDINATED DOCKET | IN THE COURT OF COMMON PLEAS<br>EIGHTH JUDICIAL CIRCUIT<br><br>C.A. No. 2024-CP-30-00734 |
| Laurens County Water and Sewer Commission,<br><br>*Plaintiff,*<br><br>v.<br><br>AGC Chemicals Americas, Inc.; Anderson Regional Landfill, LLC; Archroma U.S., Inc.; Arkema, Inc.; Atotech USA, LLC; Clariant Corporation; Cone Mills Receiver, LLC; Corteva, Inc.; Cryovac, Inc.; Cryovac, LLC; Daikin America, Inc.; DuPont de Nemours, Inc.; EIDP, Inc.; Firstsource Worldwide, LLC; Fitesa Simpsonville, Inc.; Henkel US Operations Corporation; Huntsman International, LLC; Milliken & Company; Opperman Webbing, Inc.; Palmetto Plating Company, Inc.; Roll Technology Corporation; Solvay Specialty Polymers USA, LLC; The Chemours Company; T&S Brass and Bronze Works, Inc.; Unichem Specialty Chemicals, LLC,<br><br>*Defendants*. | **UNICHEM SPECIALTY CHEMICALS, LLC'S <u>AMENDED</u> ANSWER TO THE SECOND AMENDED COMPLAINT** |

Defendant Unichem Specialty Chemicals, LLC ("Unichem"), by and through its undersigned attorneys, hereby answers the Second Amended Complaint of Plaintiff Laurens County Water and Sewer Commission ("Plaintiff") as follows:

## <u>FOR A FIRST DEFENSE</u>
### (General Denial)

Except as specifically admitted, qualified, or explained herein, Unichem denies the allegations of the Second Amended Complaint (the "Complaint"). Unichem lacks information or knowledge sufficient to form a belief as to the truth of allegations asserted against other defendants

Page **1** of **42**

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

and, therefore, denies the same. Thus, where Plaintiff's allegations are directed to all Defendants, Unichem answers only on behalf of itself.

### (Specific Denials)

1.      Answering Paragraph 1, Unichem admits that Plaintiff asserts claims in this action but denies any claims asserted against it have merit. Unichem denies all remaining allegations directed to it.

2.      Answering Paragraph 2, Unichem admits that Plaintiff seeks certain relief in this action but denies that Plaintiff is entitled to any relief. Unichem denies all remaining allegations directed to it.

3.      Upon Plaintiff's representations and upon information and belief, Unichem admits the allegations of Paragraph 3.

4.      Answering Paragraph 4, Unichem admits only that it currently[1] operates a facility located at 8 N. Kings Road, Greenville, South Carolina 29605, and that it disposes of its wastewater, pursuant to a permit, to the Mauldin Road wastewater treatment plant ("WWTP"). Unichem denies all remaining allegations in Paragraph 4.

5.      Answering the first sentence of Paragraph 5, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same. The second sentence of Paragraph 5 sets forth legal conclusions to which no response is required; to the extent a response is required, Unichem denies any allegations against it. Unichem denies any remaining allegations of Paragraph 5 directed to it.

---

[1] The referenced facility was owned and operated by entities unrelated to Unichem until August 2021. Accordingly, Unichem can only respond to allegations relating to operation of the facility after August 2021.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

6.    Unichem denies the allegations contained in the first sentence of Paragraph 6 and demands strict proof thereof. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and, therefore, denies the same.

7.    Paragraph 7 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations in Paragraph 7 and denies that Plaintiff is entitled to its requested relief.

## AS TO PLAINTIFF'S DISCLAIMER

8.    Paragraph 8 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies the allegations.

9.    Paragraph 9 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies the allegations.

## AS TO JURISDICTION AND VENUE

10.    Paragraph 10 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem does not contest the Court's subject matter jurisdiction over this action.

11.    Paragraph 11 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem does not contest this Court's exercise of personal jurisdiction over it.

12.    Paragraph 12 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem defers to the Orders of the South Carolina Supreme Court governing the appropriate venue for disputes related to PFAS asserted in this state and denies any allegations inconsistent therewith. Unichem denies any remaining allegations directed to it.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## AS TO THE PARTIES

13.     Upon information and belief, Unichem admits the allegations in Paragraph 13.

14.     Upon information and belief, Unichem admits the allegations in Paragraph 14.

15.     Unichem lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 15 and, therefore, denies the same.

16.     The allegations of Paragraph 16 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

17.     The allegations of Paragraph 17 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

18.     The allegations of Paragraph 18 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

19.     The allegations of Paragraph 19 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

20.     The allegations of Paragraph 20 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

21.     The allegations of Paragraph 21 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

22.     The allegations of Paragraph 22 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

23.     The allegations of Paragraph 23 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

24.     The allegations of Paragraph 24 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

25.     The allegations of Paragraph 25 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

26.     The allegations of Paragraph 26 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

27.     Answering Paragraph 27, Unichem admits only that it is a Delaware limited liability company authorized to do business in South Carolina, that it, beginning on or about August 2021, maintains an industrial facility located at 8 N. Kings Road, Greenville, South Carolina 29605, and that it disposes of its industrial wastewater to the Mauldin Road WWTP. Unichem lacks information or knowledge sufficient to form a belief as to the allegations regarding the Mauldin Road WWTP's capabilities and, therefore, denies the same. Unichem denies all remaining allegations of Paragraph 27.

28.     The allegations of Paragraph 28 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

29.     The allegations of Paragraph 29 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

30.     The allegations of Paragraph 30 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

31.     The allegations of Paragraph 31 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

32.     The allegations of Paragraph 32 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

33.     The allegations of Paragraph 33 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

34.     The allegations of Paragraph 34 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

35.     The allegations of Paragraph 35 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

36.     The allegations of Paragraph 36 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

37.     The allegations of Paragraph 37 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

38.     The allegations of Paragraph 38 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

39.     The allegations of Paragraph 39 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## AS TO THE FACTUAL ALLEGATIONS

40.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, denies the same.

41.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 41 and, therefore, denies the same.

42.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 and, therefore, denies the same.

43.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

44.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, denies the same.

45.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, denies the same.

46.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 46 and, therefore, denies the same.

47.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, denies the same.

48.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48 and, therefore, denies the same.

49.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49 and, therefore, denies the same.

50.     Answering Paragraph 50, Unichem craves reference to the health advisories referenced therein and denies any allegations inconsistent therewith. Unichem denies any allegations of Paragraph 50 directed to it.

51.     Answering Paragraph 51, Unichem craves reference to the health advisories referenced therein and denies any allegations inconsistent therewith.

52.     Answering Paragraph 52, Unichem craves reference to the health advisories and studies referenced therein and denies any allegations inconsistent therewith.

53.     Answering Paragraph 53, Unichem craves reference to the health advisories referenced therein and denies any allegations inconsistent therewith.

54.     Answering Paragraph 54, Unichem craves reference to the health advisories referenced therein and denies any allegations inconsistent therewith.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

55.    Answering Paragraph 55, Unichem craves reference to the EPA's proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

56.    Answering Paragraph 56, Unichem craves reference to the EPA's proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

57.    Answering Paragraph 57, Unichem craves reference to the EPA's proposed MCLs and MCLGs referenced therein and denies any allegations inconsistent therewith.

58.    Answering Paragraph 58, Unichem craves reference to the EPA's press release referenced therein and denies any allegations inconsistent therewith.

59.    Answering Paragraph 59, Unichem craves reference to the EPA's proposed regulations and press release referenced therein and denies any allegations inconsistent therewith.

60.    Answering Paragraph 60, Unichem craves reference to the EPA's proposed regulation referenced therein and denies any allegations inconsistent therewith.

61.    Answering Paragraph 61, Unichem craves reference to the EPA's proposed regulation referenced therein and denies any allegations inconsistent therewith.

62.    Answering Paragraph 62, Unichem craves reference to the EPA's proposed regulation referenced therein and denies any allegations inconsistent therewith.

63.    Answering Paragraph 63, Unichem craves reference to the EPA's announcements referenced therein and denies any allegations inconsistent therewith.

64.    Answering Paragraph 64, Unichem craves reference to the EPA's announcements referenced therein and denies any allegations inconsistent therewith.

65.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies the same.

66.    Upon information and belief, Unichem admits the allegations of Paragraph 66.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

67. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies the same.

68. Answering Paragraph 68, Unichem admits only that it currently operates a facility located in Greenville South Carolina and that it disposes of its industrial wastewater to the Mauldin Road WWTP. Unichem denies any remaining allegations directed to it.

69. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies the same.

70. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies the same.

71. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies the same.

72. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies the same.

73. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies the same.

74. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies the same.

75. Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies the same.

76. Unichem denies the allegations of Paragraph 76 directed to it.

77. The allegations of Paragraph 77 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. Unichem denies any allegations of Paragraph 77 directed to it.

78.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies the same.

79.     Unichem denies the allegations of Paragraph 79 directed to it.

80.     Unichem denies the allegations of Paragraph 80 directed to it.

81.     The allegations of Paragraph 81 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

82.     The allegations of Paragraph 82 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

83.     The allegations of Paragraph 83 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

84.     The allegations of Paragraph 84 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

85.     The allegations of Paragraph 85 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

86.     The allegations of Paragraph 86 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

87.     The allegations of Paragraph 87 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

88.     The allegations of Paragraph 88 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

89.     The allegations of Paragraph 89 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

90.     The allegations of Paragraph 90 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

91.    The allegations of Paragraph 91 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

92.    The allegations of Paragraph 92 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

93.    The allegations of Paragraph 93 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

94.    The allegations of Paragraph 94 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

95.    The allegations of Paragraph 95 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

96.    The allegations of Paragraph 96 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

97.    The allegations of Paragraph 97 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

98.    The allegations of Paragraph 98 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

99.    The allegations of Paragraph 99 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

100.    The allegations of Paragraph 100 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

101.    The allegations of Paragraph 101 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

102.    The allegations of Paragraph 102 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

103.    The allegations of Paragraph 103 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

104.    The allegations of Paragraph 104 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

105.    The allegations of Paragraph 105 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

106.    The allegations of Paragraph 106 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

107.    The allegations of Paragraph 107 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

108.    The allegations of Paragraph 108 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

109.    The allegations of Paragraph 109 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

110.    The allegations of Paragraph 110, including all subparts, are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. Unichem denies any allegations of Paragraph 110 directed to it.

111.    The allegations of Paragraph 111 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

112.    The allegations of Paragraph 112 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

113.    The allegations of Paragraph 113 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

114.    The allegations of Paragraph 114 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

115.    The allegations of Paragraph 115 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

116.    The allegations of Paragraph 116 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

117.    The allegations of Paragraph 117 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

118. The allegations of Paragraph 118 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

119. The allegations of Paragraph 119 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

120. The allegations of Paragraph 120 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

121. The allegations of Paragraph 121 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

122. The allegations of Paragraph 122 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

123. The allegations of Paragraph 123 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

124.    The allegations of Paragraph 124 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

125.    The allegations of Paragraph 125 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

126.    The allegations of Paragraph 126 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

127.    The allegations of Paragraph 127 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

128.    The allegations of Paragraph 128 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

129.  The allegations of Paragraph 129 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

130.  The allegations of Paragraph 130 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

131.  The allegations of Paragraph 131 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

132.  The allegations of Paragraph 132 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

133.  Unichem denies the allegations in the first sentence of Paragraph 133. As to the remaining allegations, Unichem lacks information or knowledge sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

134.  The allegations of Paragraph 134 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

135.    Paragraph 135 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies the allegations of Paragraph 135 directed to it.

136.    Paragraph 136 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies the allegations of Paragraph 136 directed to it.

137.    Unichem denies the allegations of Paragraph 137, including all subparts, directed to it.

## AS TO THE FIRST CAUSE OF ACTION
### (Private Nuisance)

138.    Answering Paragraph 138, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

139.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 139 and, therefore, denies the same.

140.    Paragraph 140 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 and, therefore, denies the same.

141.    Paragraph 141 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

142.    Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 142 and, therefore, denies the same.

143.    Paragraph 143 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

144.    Paragraph 144 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

145.     Paragraph 145 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

146.     Paragraph 146 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

147.     Paragraph 147 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

148.     Paragraph 148 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

149.     Paragraph 149 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

## AS TO THE SECOND CAUSE OF ACTION
### (Public Nuisance)

150.     Answering Paragraph 150, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

151.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and, therefore, denies the same.

152.     Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and, therefore, denies the same.

153.     Paragraph 153 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

154.     Paragraph 154 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

155.     Paragraph 155 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

156.     Paragraph 156 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

157.     Paragraph 157 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

158.     Paragraph 158 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

159.     Paragraph 159 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

160.     Paragraph 160 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

161.     Paragraph 161 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

### AS TO THE THIRD CAUSE OF ACTION
**(Trespass)**

162.     Answering Paragraph 162, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

163.    Paragraph 163 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163 and, therefore, denies the same.

164.    Unichem denies any allegations of Paragraph 164, including all subparts, directed to it.

165.    The allegations of Paragraph 165 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

166.    Paragraph 166 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

167.    Paragraph 167 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

168.    Unichem denies any allegations of Paragraph 168 directed to it.

169.    The allegations of Paragraph 169 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

170.    Paragraph 170 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

171.    Paragraph 171 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

172.    Paragraph 172 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

## AS TO THE FOURTH CAUSE OF ACTION
### (Negligence, Gross Negligence, and/or Recklessness)

173.    Answering Paragraph 173, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

174.    Paragraph 174 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

175.    Paragraph 175 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

176.    Paragraph 176 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it.

177.    The allegations of Paragraph 177 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

178.    The allegations of Paragraph 178 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

179.    The allegations of Paragraph 179 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

180.    Paragraph 180 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

181.    Paragraph 181 sets forth legal conclusions to which no response is required. To the extent a response is required, Unichem denies any allegations directed to it and denies that Plaintiff is entitled to the requested relief.

## AS TO THE FIFTH CAUSE OF ACTION
### (Strict Products Liability – Failure to Warn as to the Supplier Defendants)

182.    Answering Paragraph 182, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

183.    The allegations of Paragraph 183 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

184.    The allegations of Paragraph 184 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

185.    The allegations of Paragraph 185 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

186.    The allegations of Paragraph 186 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

187.    The allegations of Paragraph 187 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

188.    The allegations of Paragraph 188 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

189.    The allegations of Paragraph 189 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

190.    The allegations of Paragraph 190 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

191.    The allegations of Paragraph 191 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## AS TO THE SIXTH CAUSE OF ACTION
### (Strict Products Liability – Ultrahazardous Activity as to the Supplier Defendants)

192.    Answering Paragraph 192, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

193.    The allegations of Paragraph 193 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

194.    The allegations of Paragraph 194 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

195.    The allegations of Paragraph 195 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

196.    The allegations of Paragraph 196 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

197.    The allegations of Paragraph 197 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

198.     The allegations of Paragraph 198 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

199.     The allegations of Paragraph 199 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

200.     The allegations of Paragraph 200 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

201.     The allegations of Paragraph 201 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

202.     The allegations of Paragraph 202 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**AS TO THE SEVENTH CAUSE OF ACTION**
**(Strict Products Liability – Design Defect as to the Supplier Defendants)**

203.     Answering Paragraph 203, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

204.     The allegations of Paragraph 204 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

205.     The allegations of Paragraph 205 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

206.     The allegations of Paragraph 206 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

207.     The allegations of Paragraph 207 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

208.     The allegations of Paragraph 208 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

209. The allegations of Paragraph 209, including all subparts, are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

210. The allegations of Paragraph 210 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

211. The allegations of Paragraph 211 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

212. The allegations of Paragraph 212 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

213. The allegations of Paragraph 213 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

214. The allegations of Paragraph 214 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

215.    The allegations of Paragraph 215 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

<b><u>AS TO THE EIGHTH CAUSE OF ACTION</u></b><br><b>(Breach of Implied Warranties – as to the Supplier Defendants)</b>

216.    Answering Paragraph 216, Unichem hereby restates and incorporates by reference its responses in all preceding paragraphs as if set forth fully herein.

217.    The allegations of Paragraph 217 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

218.    The allegations of Paragraph 218 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

219.    The allegations of Paragraph 219 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

220.    The allegations of Paragraph 220 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

221.    The allegations of Paragraph 221 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

222.    The allegations of Paragraph 222 are directed to defendants other than Unichem and do not require a response from it. To the extent a response is required, Unichem lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## AS TO THE PRAYER FOR RELIEF

Unichem denies that Plaintiff is entitled to the relief sought in its prayer for relief set forth in the unnumbered paragraph beginning "WHEREFORE," including all subparts. Having fully answered the allegations against it, Unichem prays:

a. For judgment in Unichem's favor on each and every Count contained in Plaintiff's Second Amended Complaint;

b. That all costs of this action, including reasonable attorney's fees, be taxed upon Plaintiff; and

c. That this Court grant Unichem such other and further relief as the Court deems just, equitable, and proper.

Unichem asserts the following additional and affirmative defenses in response to the allegations in Plaintiff's Second Amended Complaint:

## FOR A SECOND DEFENSE
### (Rule 12(b)(6), SCRCP)

The Complaint and allegations contained therein fail to state a valid cause of action against Unichem.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

### FOR A THIRD DEFENSE
#### (Lack of Control)

Plaintiff's claims are barred, in whole or in part, because Unichem did not own, operate, or otherwise control the facilities or activities described in the Complaint at the time that PFAS is alleged to have migrated out of those facilities.

### FOR A FOURTH DEFENSE
#### (Justiciability)

Plaintiff's claims as stated in the Complaint are not ripe and Plaintiff lacks standing.

### FOR A FIFTH DEFENSE
#### (Compliance with Applicable Law & Standards of Care)

At all relevant times, Unichem complied with all applicable federal, state, or other laws and regulations and with any applicable standards of care.

### FOR A SIXTH DEFENSE
#### (Permit and License)

At all relevant times, Unichem acted in accordance with its duly issued permits and/or licenses.

### FOR A SEVENTH DEFENSE
#### (State of the Art)

Plaintiff's claims are barred, in whole or in part, because Unichem neither knew, nor should have known, that any of the substances to which Plaintiff or Plaintiff's property was allegedly exposed were hazardous or constituted a reasonable foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Unichem at all times relevant to the claims or causes of action asserted by Plaintiff.

Plaintiff's claims are barred, in whole or in part, because the alleged acts or omissions by Unichem, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Unichem exercised due care and acted in accordance with and/or complied with

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

**FOR AN EIGHTH DEFENSE**
**(Retroactive Application of Law/Ex Post Facto Doctrine)**

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose retroactive liability. Unichem may not be held liable under retroactive theories not requiring proof of fault or causation.

**FOR A NINTH DEFENSE**
**(No Duty)**

At all relevant times, Unichem owed no duty of care toward Plaintiff.

**FOR A TENTH DEFENSE**
**(Intervening Acts or Omissions)**

Plaintiff's claim is barred, in whole or in part, because the damages complained of were caused, in whole or in part, by the acts or omissions of others for whose conduct Unichem is not responsible.

**FOR AN ELEVENTH DEFENSE**
**(Comparative Negligence)**

Plaintiff's claims are barred, in whole or in part, because the damages and injuries allegedly incurred were caused, in whole or in part, by Plaintiff's own negligence, carelessness, recklessness, willfulness, and/or wantonness. Any recovery by Plaintiff should be reduced or barred accordingly.

**FOR A TWELFTH DEFENSE**
**(Assumption of Risk)**

Plaintiff's damages, if any, were caused by Plaintiff's actions when Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in the Complaint, and, therefore, Plaintiff is not entitled to recover from Unichem.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## FOR A THIRTEENTH DEFENSE
### (Mitigation of Damages)

Plaintiff's claims against Unichem are barred, in whole or in part, because Plaintiff failed to exercise reasonable diligence in mitigating any alleged damages.

## FOR A FOURTEENTH DEFENSE
### (Lack of Traceability)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish its alleged injuries were caused by exposure to PFAS from any conduct attributable to Unichem.

## FOR A FIFTHEENTH DEFENSE
### (Open and Obvious Conditions)

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of open and obvious conditions.

## FOR A SIXTEENTH DEFENSE
### (Necessity)

The Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

## FOR A SEVENTEENTH DEFENSE
### (Coming to the Alleged Nuisance)

The claims and/or damages alleged in the Complaint are barred, in whole or in part, under the doctrine of coming to the alleged nuisance.

## FOR AN EIGHTEENTH DEFENSE
### (No Interference)

Plaintiff's nuisance claims are barred, in whole or in part, because Unichem did not cause an unreasonable and substantial interference with their enjoyment of their property or with a right common to the general public.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**FOR A NINETEENTH DEFENSE**
**(Lack of Authority or Standing)**

Plaintiff lacks authority and/or standing to bring a claim predicated upon alleged injury to the public at large.

**FOR A TWENTIETH DEFENSE**
**(Failure to Join)**

Plaintiff has failed to join the necessary parties for complete relief and adjudication and the parties necessary for the convenient administration of justice, including prior owners of Unichem's facility.

**FOR A TWENTY-FIRST DEFENSE**
**(Municipal Cost Recovery Rule)**

As a governmental and/or special purpose entity, Plaintiff is barred from recovery in tort for expenditures made in the performance of governmental functions such as provision of potable water to county residents.

**FOR A TWENTY-SECOND DEFENSE**
**(Lack of Scientific Evidence)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established through scientific means, to be capable of causing Plaintiff's alleged injuries.

**FOR A TWENTY-THIRD DEFENSE**
**. (Primary Jurisdiction/Separation of Powers)**

Some or all of Plaintiff's claims are not amenable to judicial resolution to the extent barred by the primary jurisdiction doctrine.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**FOR A TWENTY-FOURTH DEFENSE**
**(40 C.F.R. § 403.5(a)(2))**

Plaintiff's claims are barred, in whole or in part, because Unichem did not know or have reason to know that its wastewater discharge, alone or in conjunction with a discharge or discharges from other sources, would cause pass through or interference, as contemplated by 40 C.F.R. § 403.5(a)(2).

**FOR A TWENTY-FIFTH DEFENSE**
**(Contribution)**

Although Unichem denies any liability, should Unichem, or any other party, be found liable for the damages alleged in the Complaint, then the liability and damage should be apportioned among all responsible parties and non-parties pursuant to S.C. Code Ann. § 15-38-10 *et seq.*

**FOR A TWENTY-SIXTH DEFENSE**
**(Set Off)**

Should Unichem be found responsible for any of the damages alleged in the Complaint, which is expressly denied, Unichem is entitled to a set-off for payments paid or payable to Plaintiff for such damages.

**FOR A TWENTY-SEVENTH DEFENSE**
**(Double Recovery)**

The damages sought by Plaintiff, if awarded, should be reduced by any amounts it recovers from any other sources and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

**FOR A TWENTY-EIGHTH DEFENSE**
**(Speculative Damages)**

Plaintiff's claims for injuries and damages are barred, in whole or in part, because the claims for damages are speculative and conjectural.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

## FOR A TWENTY-NINTH DEFENSE
### (Unjust Enrichment)

Plaintiff's claims against Unichem are barred by the doctrines of unjust enrichment in that Plaintiff seeks to recover costs or damages for construction, operation, and maintenance of public water supply systems after Plaintiff sought and obtained a permit to secure, treat, and distribute public water supplies and for which it received funding from its customers, State, Local, and Federal sources.

## FOR A THIRTIETH DEFENSE
### (Injunctive Relief)

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff has failed to satisfy the prerequisites for injunctive relief, and/or to the extent that Plaintiff has an adequate remedy at law.

## FOR A THIRTY-FIRST DEFENSE
### (Election of Remedies)

Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

## FOR A THIRTY-SECOND DEFENSE
### (Failure to State a Claim for Punitive Damages)

The Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

## FOR A THIRTY-THIRD DEFENSE
### (Unconstitutional Punitive Damages)

Unichem affirmatively pleads the following in regard to Plaintiff's request of punitive damages:

(a)     An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the South Carolina Constitution;

Page **40** of **42**

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

(b)    An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(c)    The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the South Carolina Constitution;

(d)    An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment of the United States Constitution and the corresponding provisions of the South Carolina Constitution; and

(e)    Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment.

### FOR A THIRTY-FOURTH DEFENSE
**(Bifurcated Trial and Punitive Damages Cap)**

To the extent Plaintiff pursues punitive damages, Unichem demands a bifurcated trial pursuant to South Carolina Code Annotated § 15-32-520, and demands that said damages, if any, be limited to three (3) times of any compensatory damages or the sum of $500,000.00, whichever is greater.

### FOR A THIRTY-FIFTH DEFENSE
**(Statute of Limitations and Repose)**

Plaintiff's claims are barred, in whole or in part, by the appliable statutes of limitations or repose.

### FOR A THIRTY-SIXTH DEFENSE
**(Accord and Satisfaction and Release)**

Plaintiff's claims may be barred, in whole or in part, by the doctrines of accord and satisfaction and by prior release.

ELECTRONICALLY FILED - 2025 Jul 30 5:05 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

**FOR A THIRTY-SEVENTH DEFENSE**
**(Waiver, Estoppel, Unclean Hands, Laches)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

**FOR A THIRTY-EIGHTH DEFENSE**
**(Res Judicata/Collateral Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of claim and issue preclusion.

**INCORPORATION OF OTHER DEFENSES**

Unichem incorporates herein any defense pled by other defendants in this case, to the extent they do not conflict with the defenses set forth above.

**RESERVATION AND NON-WAIVER**

Unichem reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by information acquired during discovery or otherwise.

WOMBLE BOND DICKINSON (US) LLP

 s/ Andrea L. McDonald
James E. Weatherholtz, S.C. Bar No. 16872
Andrea L. McDonald, S.C. Bar No. 105308
5 Exchange St.
P.O. Box 999 [29402]
Charleston, SC 29401
843-722-3400
James.Weatherholtz@wbd-us.com
Andi.McDonald@wbd-us.com

*Attorneys for Defendant Unichem Specialty Chemicals, LLC*

July 30, 2025
Charleston, South Carolina

ELECTRONICALLY FILED - 2025 Aug 14 2:19 PM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA

COUNTY OF LAURENS

IN THE COURT OF COMMON PLEAS

FOR THE EIGHTH JUDICIAL CIRCUIT

In Re:
PFAS Litigation Coordinated Docket

Laurens County Water and Sewer Commission,

*Plaintiff*,

v.

ACG Chemicals Americas, Inc., et al.

*Defendants*.

C.A. No. 2024-CP-30-00734

**ACCEPTANCE OF SERVICE
ON BEHALF OF
ATOTECH USA, LLC**

Pursuant to Rule 4(j), SCRCP, I hereby accept and acknowledge service and my receipt via email of the Second Amended Summons and Second Amended Complaint in the above captioned matter on behalf of Defendant Atotech USA, LLC ("Atotech"), effective this 14th day of August, 2025, with no further service on Atotech being necessary.

Michael J. Bisceglia
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
(804) 344-8830
mbisceglia@hunton.com

*Counsel for Atotech USA, LLC*

ELECTRONICALLY FILED - 2025 Aug 21 9:37 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA

COUNTY OF LAURENS

IN THE COURT OF COMMON PLEAS

EIGHTH JUDICIAL CIRCUIT

IN RE:

PFAS LITIGATION COORDINATED DOCKET

---

Laurens County Water and Sewer Commission,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc. *et al.*,

*Defendants*.

C.A. No. 2024-CP-30-00734

**PROOF OF SERVICE**

Plaintiff Laurens County Water and Sewer Commission ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant AGC Chemicals Americas, Inc. ("AGC Chemicals") via certified mail, restricted delivery, mailed on August 15, 2025, from Spartanburg, SC to AGC Chemicals' registered agent, CT Corporation System, 2 Office Park Court, Ste. 103, Columbia, SC 29223. The date of delivery was August 18, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 21, 2025

ELECTRONICALLY FILED - 2025 Aug 21 9:37 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Aug 21 9:37 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AGC Chemicals Americas, Inc.
c/o Registered Agent,
CT Corporation System
2 Office Park Court, Ste. 103
Columbia. SC 29223

9590 9402 9529 5121 4713 03

2. Article Number *(Transfer from service label)*

9589 0710 5270 2830 3196 63

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X    Pam Johnson    ☑ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
Pam Johnson    8/18

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

**RESTRICTED DELIVERY**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☑ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-    Domestic Return Receipt

ELECTRONICALLY FILED - 2025 Aug 21 9:37 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA

COUNTY OF LAURENS

IN RE:

PFAS LITIGATION COORDINATED DOCKET

IN THE COURT OF COMMON PLEAS

EIGHTH JUDICIAL CIRCUIT

Laurens County Water and Sewer Commission,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc. *et al.*,

*Defendants*.

C.A. No. 2024-CP-30-00734

**PROOF OF SERVICE**

Plaintiff Laurens County Water and Sewer Commission ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant EIDP, Inc. ("EIDP") via certified mail, restricted delivery, mailed on August 15, 2025, from Spartanburg, SC to EIDP's registered agent, CT Corporation System, 2 Office Park Court, Ste. 103, Columbia, SC 29223. The date of delivery was August 18, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street
Spartanburg, SC 29302
(864) 594-5988

jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 21, 2025

ELECTRONICALLY FILED - 2025 Aug 21 9:37 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734



ELECTRONICALLY FILED - 2025 Aug 21 9:37 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Aug 21 9:37 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

STATE OF SOUTH CAROLINA

COUNTY OF LAURENS

IN THE COURT OF COMMON PLEAS

EIGHTH JUDICIAL CIRCUIT

IN RE:

PFAS LITIGATION COORDINATED DOCKET

---

Laurens County Water and Sewer Commission,

*Plaintiff*,

v.

AGC Chemicals Americas, Inc. *et al.*,

*Defendants*.

C.A. No. 2024-CP-30-00734

**PROOF OF SERVICE**

Plaintiff Laurens County Water and Sewer Commission ("Plaintiff") served Plaintiff's Second Amended Summons and Second Amended Complaint on Defendant The Chemours Company ("Chemours") via certified mail, restricted delivery, mailed on August 15, 2025, from Spartanburg, SC to Chemours' registered agent, CT Corporation System, 2 Office Park Court, Ste. 103, Columbia, SC 29223. The date of delivery was August 18, 2025, as shown on the attached signed USPS Return Receipt Card.

*/s/ John B. White, Jr.*
John B. White, Jr. (SC Bar No. 05996)
Marghretta H. Shisko (SC Bar No. 100106)
Christopher R. Jones (SC Bar No. 101265)
Griffin L. Lynch (SC Bar No. 72518)
JOHN B. WHITE, JR., PA
PO Box 2465 (29304)
291 S. Pine Street

Spartanburg, SC 29302
(864) 594-5988
jwhite@johnbwhitelaw.com
mshisko@johnbwhitelaw.com
cjones@johnbwhitelaw.com
glynch@johnbwhitelaw.com

*Attorneys for Plaintiff*

Spartanburg, SC
August 21, 2025

ELECTRONICALLY FILED - 2025 Aug 21 9:37 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734

ELECTRONICALLY FILED - 2025 Aug 21 9:37 AM - LAURENS - COMMON PLEAS - CASE#2024CP3000734



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Chemours Company
c/o Registered Agent,
CT Corporation System
2 Office Park Court, Ste. 103
Columbia, SC 29223

9590 9402 9529 5121 4715 25

2. Article Number (Transfer from service label)

9589 0710 5270 1724 3012 72

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X   Pam Johnson        ☑ Agent
                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Pam Johnson                      8/18

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RESTRICTED DELIVERY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ ...il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☑ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt