**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>*City of Clinton, South Carolina v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-09486-RMG<br><br>*City of Florence, South Carolina v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-11725-RMG<br><br>*Gaffney Board of Public Works v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-10635-RMG<br><br>*Grand Strand Water & Sewer Authority v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-11180-RMG<br><br>*Greenwood Commissioners of Public Works v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-11669-RMG<br><br>*Laurens County Water & Sewer Commission v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-11655-RMG<br><br>*South Carolina Public Service Authority, a/k/a Santee Cooper, an agency of the State of South Carolina v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-10305-RMG<br><br>*City of Union, South Carolina v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-11014-RMG<br><br>*Woodruff-Roebuck Water District v. AFL Telecommunications, LLC, et al.*, No. 2:25-cv-11043-RMG |

## DEFENDANT DUPONT DE NEMOURS, INC. AND EIDP, INC.'S MOTION TO STAY RESPONSE DEADLINES PENDING REMAND DECISION IN RELATED CASES OR IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME

Defendants DuPont De Nemours, Inc. ("DuPont") and EIDP, Inc. ("EIDP") (collectively "Defendants") move for a stay of all remand deadlines in the above-captioned cases pending resolution of the fully briefed motions for remand in related 3M cases.[1] In the alternative, Defendants request an extension of 21-days after Plaintiffs' move to remand each of these cases to respond to Plaintiffs' motions for remand, including in *City of Clinton* and *South Carolina Public Service Authority, a/k/a Santee Cooper*. Alternatively, Defendants request an extension of 21-days to respond to Plaintiffs' motions for remand in *City of Clinton* and *Santee Cooper*. Defendants consulted with Plaintiffs' counsel for extensions of time to respond and the possible consolidation of briefing of remand motions in the above-referenced matters, but Plaintiffs' counsel denied Defendants *any extension* and refused to agree to any consolidated briefing. In support, Defendants state as follows:

These nine cases were filed by the same counsel on behalf of South Carolina water providers seeking to recover against Defendants and others for alleged PFAS contamination of their drinking water sources. The complaints in each of these actions contain substantively identical allegations with respect to Defendants' conduct and allege similar injuries. Defendants

---

[1] *City of Columbia v. 3M Co.,* Case No. 2:24-cv-03794-RMG; *Town of Cheraw v. 3M Co.,* Case No. 2:25-cv-00679-RMG; *City of Georgetown v. 3M Co.,* Case No. 2:25-cv-00680-RMG; *Georgetown Cnty. Water & Sewer Dist. v. 3M Co.,* Case No. 2:25-cv-00681-RMG; *Joint Municipal Water & Sewer Comm'n v. 3M Co.,* Case No. 2:25-cv-00711-RMG; *Saluda Cnty. Water & Sewer Auth. v. 3M Co.,* Case No. 2:25-cv-00810-RMG; *Town of Whitmire v. 3M Co.,* Case No. 2:25-cv-00811-RMG; *Town of Lexington v. 3M Co.,* Case No. 2:25-cv-00827-RMG; *Berkeley Cnty. v. 3M Co.,* Case No. 2:25-cv-00825-RMG (collectively, the "3M cases").

removed each of these cases from State Court on similar grounds—that DuPont and EIDP may plausibly invoke the federal government contractor defense.

Plaintiffs have begun filing motions to remand these cases back to State Court[2] and have indicated that they intend to move to remand each of the nine cases back to State Court. The arguments in Plaintiffs' motions to remand *City of Clinton* and *Santee Cooper* are practically identical. *Compare City of Clinton*, No. 2:18-mn-02873-RMG, ECF No. 7951, *with Santee Cooper*, No. 2:18:mn-02873-RMG, ECF No. 7986...

All remand deadlines for each of the above-captioned cases should be stayed pending a remand decision in the 3M cases. The 3M cases are nine actions Plaintiffs' filed against 3Mand others, each of which are practically identical to the complaints Plaintiffs have filed here. Defendants have made substantively identical arguments to those made by 3M in the 3M cases, i.e., that DuPont and EIDP are entitled to federal officer removal pursuant to the federal government contractor defense.. *See City of Columbia v. 3M Co.*, Case No. 2:18-mn-2873-RMG, ECF No. 7636.The Court's resolution of the 3M cases will necessarily impact the remand arguments in the above-captioned cases. To conserve the resources of the Court and the Parties, thhe Court should stay all remand deadlines for each of the above-captioned cases pending a remand decision in the 3M cases.

In the alternative, the Court should extend Defendants' response deadlines to Plaintiffs' motions to remand in *City of Clinton* and *Santee Cooper* until 21 days after Plaintiffs move to remand the last of these nine cases (which they have indicated they plan to do). As noted, the

---

[2] Plaintiff moved to remand *City of Clinton v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-09486-RMG, on September 2, 2025, and moved to remand *South Carolina Public Service Authority, a/k/a Santee Cooper, an agency of the State of South Carolina v. AGC Chemicals Americas, Inc., et al.*, No. 2:25-cv-10305-RMG, on September 8, 2025.

3

arguments for remand in *City of Clinton* and *Santee Cooper* are practically identical and it can be assumed that the arguments for remand in the remaining cases will be similarly identical. As such, to preserve resources and for judicial economy, the Court should stay Defendants' response deadlines to Plaintiffs' motions to remand in *City of Clinton* and *Santee Cooper* until 21 days after Plaintiffs move to remand the last of these nine cases. Alternatively, Defendants request a 21-day extension of time to respond to Plaintiffs' motions to remand in *City of Clinton* and *Santee Cooper*.

WHEREFORE, Defendants hereby request a stay of all remand deadlines in the above-captioned cases until 21-days after a remand decision is issued in the 3M cases; or in the alternative, request an extension to respond to Plaintiffs' motions to remand in *City of Clinton* and *Santee Cooper* until 21-days after Plaintiffs move to remand the last of the above-captioned cases; or request a 21-day extension to respond to Plaintiffs' motions to remand in *City of Clinton* and *Santee Cooper*.

Dated: September 15, 2025					Respectfully submitted,

              **The Hood Law Firm, LLC**

              */s/ Molly H. Craig*
              Molly H. Craig (6671)
              molly.craig@hoodlaw.com
              James. B. Hood (9130)
              james.hood@hoodlaw.com
              Virginia R. Floyd (12212)
              virginia.floyd@hoodlaw.com
              HOOD LAW FIRM, LLC
              172 Meeting Street
              PO Box 1508
              Charleston, SC 29402
              (843) 577-4435

                 *and*

              Brent Dwerlkotte (pro hac vice forthcoming)
              dbdwerlkotte@shb.com
              SHOOK HARDY AND BACON LLP
              2555 Grand Blvd.
              Kansas City, MO 64108

              *Counsel for Defendants DuPont de Nemours, Inc. and EIDP, Inc.*